**GEORGE K. CHEBAT (034232)**
George@EnaraLaw.com
**JOSEPH J. TOBONI (031385)**
Joseph@EnaraLaw.com
**DANIEL DE JULIO (035854)**
Danny@Enaralaw.com
**Enara Law PLLC**
7631 East Greenway Road, Suite B-2
Scottsdale, Arizona 85260
Filings@EnaraLaw.com
Telephone: (602) 687-2010
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>Stavatti Aerospace, Ltd, a Minnesota corporation; Stavatti Aerospace, Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobiliare Ltd, a Wyoming corporation; Stavatti Industries, Ltd, a Wyoming corporation; Stavatti Niagara, Ltd., a New York corporation Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainian business entity; Stavatti Heavy Industries Ltd, a Hawaii corporation; Christopher Beskar and Maja Beskar, husband and wife; Brian Colvin and Corrina Colvin, husband and wife; John Simon and Jean Simon, husband and wife; William Mcewn and Patricia Mcewen, husband wife; Rudy Chacon and Jane Doe Chacon, husband and wife; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:23-CV-00226-DJH<br><br>**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS STAVATTI AEROSPACE, LTD, A WYOMING CORPORATION; STAVATTI IMMOBILIARE, LTD, A WYOMING CORPORATION; STAVATTI INDUSTRIES, LTD, A WYOMING CORPORATION; STAVATTI SUPER FULCRUM LTD, A WYOMING CORPORATION; STAVATTI HEAVY INDUSTRIES LTD, A HAWAII CORPORATION; STAVATTI NIAGARA LTD, A NEW YORK CORPORATION; AND JOHN SIMON** |

Pursuant to the Federal Rules of Civil Procedure 55, Valentino Dimitrov ("Plaintiff") requests that this honorable Court enter judgment by default against Defendants Stavatti Aerospace Ltd, a Wyoming corporation; Stavatti Immobiliare LTD, a Wyoming corporation; Stavatti Industries, LTD, a Wyoming corporation; Stavatti Super Fulcrum LTD, a Wyoming corporation; Stavatti Heavy Industries Ltd, A Hawaii corporation; Stavatti Niagara LTD, a New York corporation, and John Simon (collectively, "Defendants").

## I. Procedural History

Plaintiff filed this Complaint seeking recovery of a $1,000,000 loan (the "Loan"). Additionally, Plaintiff seeks $5,000,000 in profits he expected to receive from the Loan. (Doc 1-2). Upon information and belief, Defendants are all either individual executives at Defendant Stavatti Aerospace Ltd or "subsidiary" entities of Defendant Stavatti Aerospace Ltd. As the factual allegations in the Complaint are taken as true at this stage[1], and Plaintiff sincerely believes they are true, all of the Defendants listed in this action worked in concert to defraud Plaintiff. Further, all of the listed Defendants are actively engaging in and promoting a Ponzi scheme.

Defendants defrauded Plaintiff out of the Loan and $5,000,000 in expected profits. Defendants intentionally, significantly, and fraudulently misrepresented material facts to Plaintiff. Plaintiff justifiably relied on Defendants' misrepresentations and Plaintiff consequently suffered damages. Defendants have not returned any of Plaintiff's money to him. (Doc. 1).

Defendant John Simon was served on February 23, 2023. (Doc. 7).

Defendant Stavatti Niagara, LTD was served on February 24, 2023. (Doc. 7).

Defendant Stavatti Aerospace, LTD -WY was served on March 1, 2023. (Doc. 7).

---

[1] *See Televideo Sys. Inc. V. Heidenthal,* 826 F.2d 915, 917 (9th Cir. 1987).

2

Defendant Stavatti Heavy Industries, LTD was served on March 1, 2023. (Doc. 7).

Defendant Stavatti Immobiliare Ltd was served on March 1, 2023. (Doc. 7).

Defendant Stavatti Industries, LTD -WY was served on March 1, 2023. (Doc. 7).

Defendant Stavatti Super Fulcrum LTD was served on March 1, 2023. (Doc. 7).

Defendants' answers were due by March 31, 2023. Defendants have failed to plead or otherwise defend and are now in default. The Clerk of Court entered default against Defendants Stavatti Niagara, Ltd. and John Simon on March 30, 2023. (Doc. 9). The Clerk of Court entered default judgment against Defendants Stavatti Aerospace, Ltd., Stavatti Immobiliare, Ltd., Stavatti Industries, Ltd., Stavatti Super Fulcrum, Ltd., and Stavatti Heavy Industries, Ltd. on April 4, 2023. (Doc. 12). Plaintiff now seeks default judgment against Defendants Stavatti Niagara, Ltd., John Simon, Stavatti Aerospace, Ltd., Stavatti Immobiliare, Ltd., Stavatti Industries, Ltd., Stavatti Super Fulcrum, Ltd., and Stavatti Heavy Industries, Ltd.  In support of this request, Plaintiff relies on the record in this case and his declaration, attached hereto as **"Exhibit A"**.

II.     **Legal Standard**

Federal Rule of Civil Procedure 55(a) provides default must be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once a party has defaulted, a court may enter a default judgment. *Id*. In determining whether to grant a default judgment, "[T]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *See Geddes v. United Financial Group*, 559 F.2d 557 (9th Cir. 1977).

/ / /

/ / /

**III.   Argument**

  **A.  Plaintiff Has Met the *Eitel* Factors. Ergo, Default Judgment Should Be Entered Against Defendants**

The *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) court established seven factors to follow when determining whether to grant a default judgment. These factors are: 1) the possibility of prejudice to the plaintiff, 2) the merits of plaintiff's substantive claim, 3) the sufficiency of the complaint, 4) the sum of money at stake in the action, 5) the possibility of a dispute concerning material facts, 6) whether the default was due to excusable neglect, and 7) the strong policy underling the Federal Rules of Civil Procedure favoring decisions on the merits. *Id*.

  **1.  Possibility of Prejudice to the Plaintiff.**

The first *Eitel* factor assesses the possibility of prejudice to the Plaintiff if default is not entered. Here, Plaintiff would be greatly prejudiced if default is not entered against Defendants. Plaintiff has no other recourse available to him other than a default judgment. Defendants have completely cut off Plaintiff from all means of communication. Further, Defendants are choosing to not participate in this litigation. Default judgment is Plaintiff's only available recourse in this matter. There is a large possibility of prejudice to the Plaintiff if default is not entered. Ergo, the first *Eitel* factor is in favor of Plaintiff.

  **2.  The Merits of the Claim and the Sufficiency of the Complaint.**

The second and third *Eitel* factors require a review of the merits of the claim and the sufficiency of the Complaint. Here, Plaintiff asserts meritorious claims against Defendants and supports the same with multiple exhibits. The Promissory Note shows the contract the parties entered into and includes an expected profit. (Doc. 1-2). Fabricated investment handouts provided to Plaintiff are attached to the Complaint. (Doc. 1-6). An extensive fabricated investment brochure is attached. (Doc. 1-4). The fabricated Investment Brochure names Defendant John Simon as CEO of Stavatti Niagara. *Id*. at 46. Further, the Complaint follows all relevant procedural rules.

4

The allegations in the Complaint are now true since default has been entered. The merits of Plaintiff's claim are valid and accurately plead. The Complaint follows all relevant procedural rules. Ergo, second and third *Eitel* factors are in Plaintiff's favor.

**3. Amount of Money at Stake.**

The fourth *Eitel* factor forces the Court to consider the amount of money at stake in relation to the seriousness of Defendants' conduct. *Pepsico*, 238 F. Supp.2d at 1176. Here, Plaintiff suffered at least $6,000,000 in damages and Defendants defrauded Plaintiff. Defendants' fraud should be considered as an equalizing factor to be weighed against the money at stake in this case. Ergo, the Defendants' egregious and serious conduct coupled with the amount of money at stake in this action means the fourth *Eitel* factor is neutral and not in favor of either party.

**4. The Possibility of Dispute Concerning Material Facts.**

The fifth *Eitel* factor has the Court weighing a possible dispute pertaining to the material facts of the Complaint. Respectfully, the Defendants' failure to answer should be treated as Defendants' admissions to the material facts in the Complaint. Further, there is no dispute concerning material facts as the facts in the complaint are taken as true, once default is entered, regardless of their materiality. *TeleVideo Sys., Inc.,* 826 F.2d at 915. Here, the clerk entered default. Lastly, Plaintiff asserts that there is only a small possibility of a dispute of material facts as the promissory note is unequivocal. (Doc. 1-2). Ergo, the fifth *Eitel* factor weighs in Plaintiff's favor.

**5. Whether Default Was Due to Excusable Neglect.**

The sixth *Eitel* factor ensures the Court considers whether Defendants default resulted from excusable neglect. A defendant's conduct is culpable if he receives actual or constructive notice of the complaint and fails to answer the same. *See Meadows v. Dominican Republic*, 817 F.2d 517 (9th Cir. 1985). Here, Defendants received actual notice of the Complaint and failed to answer it. Plaintiff properly served the Defendants. (Doc. 7). A mailing of the Complaint accompanied this personal service. *Id*. Plaintiff

served Defendant Stavatti Niagara, LTD through its registered agent, Defendant John Simon. (Doc. 7-2). Defendants have knowledge of this action and have failed to answer. Ergo, there is no excusable neglect and the sixth *Eitel* factor is in favor of Plaintiff.

### 6. The Policy Favoring a Decision on the Merits.

The seventh *Eitel* factors has the court considering the federal circuit's preference for deciding cases on their merits. Defendants have intentionally not responded to the lawsuit despite notice, and they should not receive any beneficial treatment for their apathy. Respectfully, the Court should view this *Eitel* factor as neutral and not leaning in any party's favor.

Ergo, the *Eitel* factors are in favor of Plaintiff and default should be entered against Defendants.

### B. Plaintiff is Entitled to Recover Attorneys' Fees and Costs.

Plaintiff is entitled to recover its attorneys' fees and costs as the successful party. *See* A.R.S. § 12-341; 12-341.01. Plaintiff is the prevailing party as default has been entered against Defendant and Plaintiff has achieved ultimate success in the litigation making it the net winner. *See also Berry v. 352 E. Virginia*, LLC, 228 Ariz. 9 (App. 2011). Pursuant to LRCiv 54.2, Plaintiff will file a motion for attorneys' fees following any award of a default judgment.

### C. Plaintiff is Entitled to Recover Its Damages Against Defendant Because He Supports His Damage Claim with Evidence.

Damages must be supported by evidence. *See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 23 (2d Cir. 2012). Here, Plaintiff expected to receive both his $1,000,000 loan to be paid back and $5,000,000 in profits. Plaintiff suffered a total of $6,000,000 in damages. This claim for $6,000,000 is supported by inter alia a promissory note and a related fabricated investment brochure attached to the Complaint. (Doc 1-2); (Doc. 1-4). Plaintiff respectfully asserts there is sufficient evidence to enter a default judgment of $6,000,000 against Defendants. The

factfinder has considerable discretion in fixing damages. *See Professional Seminar Consultants, Inc. v. Sino America Technology Exchange Council, Inc.*, 727 F.2d 1470 (9th Cir. 1984). Ergo, Plaintiff respectfully requests judgment be entered against Defendants in the amount of $6,000,000 in addition to interest and attorneys' fees.

### IV.   Conclusion.

Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants John Simon; Stavatti Niagara, Ltd..; Stavatti Aerospace, Ltd.; Stavatti Heavy Industries, Ltd.; Stavatti Immobiliare, Ltd.; Stavatti Industries, Ltd.; and Stavatti Super Fulcrum, Ltd.;

Against John Simon; Stavatti Niagara, Ltd.; Stavatti Aerospace, Ltd.; Stavatti Heavy Industries, Ltd.; Stavatti Immobiliare, Ltd.; Stavatti Industries Ltd.; and Stavatti Super Fulcrum, Ltd, in the amount of $6,000,000;

Of that $6,000,000, against Defendants John Simon; Stavatti Niagara, Ltd.; Stavatti Aerospace, Ltd.; Stavatti Heavy Industries, Ltd.; Stavatti Immobiliare, Ltd.; Stavatti Industries, Ltd.; and Stavatti Super Fulcrum, Ltd. $6,000,000 jointly and severally.

Plaintiff further requests that the Court allow him to file a motion for attorneys' fees and costs following the award of a default judgment.

Plaintiff further requests that these amounts be supplemented by post-judgment interest pursuant to 28 U.S.C. § 1961 and cost and attorneys' fees incurred by Plaintiff in the collection of the amounts awarded here.

**RESPECTFULLY SUBMITTED** this 6th day of April, 2023.

**ENARA LAW, PLLC**

By: /s/ *George Chebat*
   George Chebat
   Joseph J. Toboni
   Daniel de Julio
   *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of April, 2023, copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system.

By: */s/ Shelly N. Witgen, ACP*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of April, 2023, copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system.

By: */s/ Shelly N. Witgen, ACP*