# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, | No. CV-23-00226-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Stavatti Aerospace Limited, et al., | |
| Defendants. | |

There are twenty named Defendants[1] in this case and the deadline for service was May 3, 2023. Fed. R. Civ. P. 4(m) (a plaintiff must serve the defendant within ninety days after the complaint is filed). On May 4, 2023, Plaintiff Valentino Dimitrov ("Plaintiff") filed a Motion to Extend Time for Service of Process (Doc. 14). The record shows Plaintiff has successfully served the following seven Defendants:

- John Simon;
- Stavatti Niagara, Ltd, a New York corporation;
- Stavatti Aerospace, Ltd, a Wyoming corporation;
- Stavatti Heavy Industries Ltd, a Hawaii corporation;
- Stavatti Immobiliare, Ltd, a Wyoming corporation;
- Stavatti Industries, Ltd, a Wyoming corporation;
- Stavatti Super Fulcrum, Ltd, a Wyoming corporation.

---

[1] One named Defendant encompasses Unknown Parties named as Does 1-10, inclusive.

(Doc. 7). Plaintiff now seeks an extension "for service upon all Defendants that have yet to be served in this matter." (Doc. 14 at 2).

Federal Rule of Civil Procedure 4 provides if a plaintiff shows good cause for failing to serve a defendant within the time limit, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Plaintiff here says he seeks an extension to serve the remaining Defendants because they are "evading service" by "moving away from their commonly known locations." (Doc. 14 at 2–3). Plaintiff further claims that some of the unserved Defendants "have reached out to Plaintiff's counsel asking they be dismissed from the lawsuit—they have not offered to file an answer." (*Id.* at 2). He contends that this communication indicates the Defendants have actual notice of this lawsuit. Plaintiff thus seeks a ninety-day extension of the service deadline. (*Id.*)

There are multiple deficiencies in Plaintiff's Motion. First, Plaintiff does not explain how an extension, if granted, would help accomplish service. Plaintiff does not identify how he seeks to effectuate service or propose an alternative method of service (e.g., by email, certified mail, publication). Second, Plaintiff makes no mention as to Defendants Stavatti Corporation, a Minnesota corporation; Stavatti Ukraine, a Ukrainian business entity; Christopher Beskar; William Mcewen and Patricia Mcewen, husband and wife; and Unknown Parties named DOES 1 through 10, inclusive. Plaintiff only identifies Defendants "Stavatti Aerospace, Ltd., [a Minnesota corporation], Brian Colvin, Corrina Colvin, Jean Simon, Maja Baker, Rudy Chacon, and Jane Doe Chacon" as the unserved Defendants for which he seeks an extension. (Doc. 14 at 2).

Last, of the unserved Defendants, Plaintiff has submitted evidence of attempted service efforts only with respect to Stavatti Aerospace, Ltd., a Minnesota corporation, Brian Colvin, and Rudy Chacon. (Docs. 14-1; 14-2; 14-3).[2] Even so, a notice of a change in location upon a single attempt at service hardly rises to the level of "evading

---

[2] Plaintiff represents he made one attempt to serve Stavatti Aerospace, Ltd., a Minnesota corporation, on February 23, 2023; one attempt to serve Brian Colvin on February 25, 2023; and one attempt to serve Rudy Chacon on February 27, 2023.

| | |
|---|---|
| 1 | service" as argued by Plaintiff. |
| 2 | Given that Plaintiff has shown his good faith efforts to serve Defendants Stavatti |
| 3 | Aerospace, Ltd., a Minnesota corporation; Brian Colvin; and Rudy Chacon with no avail, |
| 4 | the Court finds cause to grant Plaintiff a forty-five day extension for service as to those |
| 5 | Defendants. However, the Court is inclined to dismiss, without prejudice: (1) the |
| 6 | Defendants whom Plaintiff has not otherwise identified in his Motion; and (2) the |
| 7 | Defendants whom Plaintiff has not submitted evidence showing his previous attempts of |
| 8 | unsuccessful service. |
| 9 | Accordingly, |
| 10 | **IT IS HEREBY ORDERED** that Plaintiff Valentino Dimitrov's Motion to |
| 11 | Extend Time for Service of Process (Doc. 14) is **GRANTED in part**. Plaintiff may have |
| 12 | through July 6, 2023, to serve Defendants Stavatti Aerospace, Ltd., a Minnesota |
| 13 | corporation; Brian Colvin; and Rudy Chacon. Any Defendant that has not been timely |
| 14 | served on July 6, 2023, will be dismissed without prejudice from this action without |
| 15 | further order pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. |
| 16 | **IT IS FURTHER ORDERED** that **within seven (7) days** of the issuance of this |
| 17 | Order, Plaintiff Valentino Dimitrov shall show cause as to why the Court should not |
| 18 | dismiss the following Defendants from this matter for failure to effect service under |
| 19 | Federal Rule of Civil Procedure 4: Stavatti Corporation, a Minnesota corporation; |
| 20 | Stavatti Ukraine, a Ukrainian business entity; Jean Simon; Christopher Beskar and Maja |
| 21 | Beskar, husband and wife; Corrina Colvin; William Mcewen and Patricia Mcewen, |
| 22 | husband and wife; Jane Doe Chacon, wife; and Unknown Parties named DOES 1 through |
| 23 | 10, inclusive. |
| 24 | Dated this 22nd day of May, 2023. |

_(signature)_

Honorable Diane J. Humetewa
United States District Judge