**TaGEORGE K. CHEBAT (034232)**
George@EnaraLaw.com
**JOSEPH J. TOBONI (031385)**
Joseph@EnaraLaw.com
**DANIEL DE JULIO (035854)**
Danny@Enaralaw.com
**Enara Law PLLC**
7631 East Greenway Road, Suite B-2
Scottsdale, Arizona 85260
Telephone: (602) 687-2010
Filings@EnaraLaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>Stavatti Aerospace, Ltd, a Minnesota corporation; Stavatti Aerospace, Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobiliare, Ltd, a Wyoming corporation; Stavatti Industries, Ltd, a Wyoming corporation; Stavatti Niagara, Ltd, a New York corporation Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainian business entity; Stavatti Heavy Industries Ltd, a Hawaii corporation; Christopher Beskar and Maja Beskar, husband and wife; John Simon and Jean Simon, husband and wife; William Mcewn and Patricia Mcewen, husband wife; Rudy Chacon and Jane Doe Chacon, husband and wife; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:23-CV-00226-PHX-DJH<br><br>**VALENTINO DIMITROV'S RESPONSE TO ORDER TO SHOW CAUSE** |

///

1

On May 23, 2023 the Court ordered Plaintiff Valentino Dimitrov to show cause as to why it should not dismiss the following Defendants from this matter for failure to effect service under Federal Rule of Civil Procedure 4(m): Stavatti Corporation, a Minnesota corporation; Stavatti Ukraine, a Ukrainian business entity; Jean Simon; Christopher Beskar and Maja Beskar, husband and wife; Corrina Colvin; William Mcewen and Patricia Mcewen, husband and wife; Jane Doe Chacon, wife; and Unknown Parties named Does through 10, inclusive. The Court should not dismiss the listed Defendants as cause exists for the Court to refrain from dismissing them.

## I.  Properly Served Defendants

Plaintiff requests this honorable Court refrain from dismissing all Defendants who have been properly served in this action. All Defendants who have been properly served in this action are (in chronological order of service): John Simon; Stavatti Niagara, LTD; Stavatti Aerospace, LTD, a Wyoming company; Stavatti Heavy Industries, LTD; Stavatti Immobiliare, LTD; Stavatti Industries, LTD, a Wyoming company, Stavatti Super Fulcrum, LTD; Stavatti Corporation, a Minnesota corporation; Christopher Beskar; Patricia Mcewen; William Mcewen; and Jean Simon. (Docs. 7; 16). Ergo, Plaintiff requests this honorable Court to refrain from dismissing the Defendants who have been properly served in this action.

## II.  Attempts at Effectuating Service Upon Unserved Defendants

If a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But, if the Plaintiff shows good cause for the failure, the court must extend the time to service for an appropriate period. *See* Fed. R. Civ. P. 4(m). Good cause requires, at a minimum, a showing of excusable neglect and may also require the Plaintiff to show the presence of the three *Boudette* factors. *See Almost Ambulatory*

2

*Surgery Ctr., LLC v. UnitedHealth Group, Inc.*, 99 F. Supp. 3d 1110, 1186 (C.D. Cal. 2015).

Here, good cause exists to extend the time for the remaining Defendants to be served as the Plaintiff has diligently been working to serve all the Defendants. Further, good cause exists to extend the time for the remaining Defendants to be served because the unserved Defendants are evading service. Regarding the Defendants that have not been served and have not been granted an extension to be served (Stavatti Ukraine; Jane Chacon; Brian Colvin and Corrina Colvin; and Maja Beskar) service has been attempted on all of them, except Stavatti Ukraine, multiple times.

Regarding Brian Colvin, Plaintiff has attempted to serve him six different times. *See* Proof of Service for Brian Colvin, attached hereto as **Exhibit A**. Regarding Corrina Colvin, service has been attempted on her five different times. *See* Proof of Service for Corrina Colvin, attached hereto as **Exhibit B**. Regarding Maja Beskar, service has been attempted on her eight different times. *See* Proof of Service for Maja Beskar, attached hereto as **Exhibit C**. Regarding Stavatti Ukraine, Plaintiffs attempted but have not been able to find a process server to serve the appropriate Ukrainian governmental agency with service of process as required by the Hague Convention during the ongoing Russian-Ukrainian War. Half-hearted attempts at service do not qualify as good cause. *In re Waldner*, 183 B.R. 879, 882 (Bankr. App. 9th Cir. 1995). Respectfully, wholehearted attempts at service do qualify as good cause and Plaintiff has made many such attempts. Ergo, Plaintiff is diligently attempting to serve all of the Defendants and thus cause exists to refrain from dismissing the unserved Defendants.

Additionally, cause exists to refrain from dismissing the Defendants and good cause exists to grant Plaintiff's Motion to Extend Time for Service because the Defendants are evading service. Upon information and belief, Plaintiff has valid addresses for the

3

Defendants, but the Defendants have seemingly moved away to avoid service or have failed to answer the door for Plaintiff's process server. Evasion of service can constitute good cause for extending the time to serve. *See Wei v. Hawaii*, 763 F.2d 370, 371. The multiple attempts at service to addresses which, upon information and belief, are valid addresses for the Defendants, are evidence that the Defendants are evading service. Ergo, good cause exists to grant the Plaintiff's Motion to Extend Time for Service because the Defendants are evading service.

### III.     Plaintiff's Intentions to Effectuate Service on Unserved Defendant's

Moving forward, to effectuate service on the unserved Defendants, Plaintiff intends to continue attempting to service the Defendants by process server. Additionally, Plaintiff intends to either engage the services of a private investigator, or to purchase SKIP trace related services from a third-party website such as Transunion.com, in order to locate the remaining unserved Defendants and have them properly served. Granting Plaintiff's Motion to Extend Time for Service Defendants will allow Plaintiff to attempt to serve the Defendants again and provides Plaintiff the opportunity to engage the services of a private investigator or other third party who offers SKIP tracing related services. Ergo, Plaintiff has shown cause why the Defendants should not be dismissed from this action.

### IV.     Conclusion

THEREFORE, for the reasons stated herein, Plaintiff respectfully requests the honorable Court finds that cause exist to refrain from dismissing the unserved Defendants.

**RESPECTFULLY SUBMITTED** this 30th day of May 2023.

                                          **ENARA LAW, PLLC**

                                      By: /s/ *George K. Chebat*
                                            George K. Chebat
                                            Daniel de Julio
                                            *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of May 2023, copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all parties and counsel of record via the CM/ECF system.

By: *Shelly N. Witgen, ACP*