**GEORGE K. CHEBAT (034232)**
George@EnaraLaw.com
**JOSEPH J. TOBONI (031385)**
Joseph@EnaraLaw.com
**DANIEL DE JULIO (035854)**
Danny@Enaralaw.com
**Enara Law PLLC**
7631 East Greenway Road, Suite B-2
Scottsdale, Arizona 85260
Telephone: (602) 687-2010
Filings@EnaraLaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br>vs.<br><br>Stavatti Aerospace, Ltd, a Minnesota corporation; Stavatti Aerospace, Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobiliare Ltd, a Wyoming corporation; Stavatti Industries, Ltd, a Wyoming corporation; Stavatti Niagara, Ltd., a New York corporation Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainian business entity; Stavatti Heavy Industries Ltd, a Hawaii corporation; Christopher Beskar and Maja Beskar, husband and wife; Brian Colvin and Corrina Colvin, husband and wife; John Simon and Jean Simon, husband and wife; William Mcewn and Patricia Mcewen, husband wife; Rudy Chacon and Jane Doe Chacon, husband and wife; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:23-CV-00226-PHX-DJH<br><br>**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS STAVATTI CORPORATION, CHRISTOPHER BESKAR, PATRICIA MCEWEN, WILLIAM MCEWEN, AND JEAN SIMON** |

Pursuant to the Federal Rules of Civil Procedure 55, Valentino Dimitrov ("Plaintiff") requests this honorable Court enter judgment by default against Defendants Stavatti Corporation, a Minnesota Corporation; Christopher Beskar; Patricia Mcewen, William Mcewen, husband and wife; and Jean Simon (collectively, "Defendants").

## I. Procedural History

Plaintiff filed this Complaint seeking recovery of a $1,000,000 loan (the "Loan"). Additionally, Plaintiff seeks $5,000,000 in profits he expected to receive from the Loan. (Doc 1-2). Upon information and belief, Defendants are all either individual "executives" at Defendant Stavatti Aerospace, Ltd or "subsidiary" entities of Defendant Stavatti Aerospace, Ltd. As the factual allegations in the Complaint are taken as true at this stage[1], and Plaintiff sincerely believes they are true, all the Defendants listed in this action worked in concert to defraud Plaintiff. *See* Doc. 1 at ¶ 172-173. Further, all the listed Defendants are racketeering and operating a Ponzi scheme. *Id*.

Defendants defrauded Plaintiff out of the Loan and $5,000,000 in expected profits. Defendants used fake marketing materials and projections in order to deceive and convince Plaintiff to sign the Loan. Defendant Christopher Beskar made Plaintiff believe that Stavatti and its subsidiaries were engaged in legitimate business. However, Mr. Beskar asserted misrepresented material facts to Plaintiff such as the material representation that Defendants were working together for a legitimate business purpose. However, Defendants are not involved in any legitimate business – other than scamming and defrauding the unsuspecting. Defendants have not returned any of Plaintiff's money to him. (Doc. 1).

Defendant Stavatti Corporation, a Minnesota corporation, was served on April 16, 2023. (Doc. 16).

---

[1] *See Televideo Sys. Inc. V. Heidenthal,* 826 F.2d 915, 917 (9th Cir. 1987).

2

Defendant Christopher Beskar was served on April 16, 2023. *Id*.

Defendant Patricia Mcewen -WY was served on April 14, 2023. *Id*.

Defendant William Mcewen was served on April 16, 2023. *Id*.

Defendant Jean Simon was served on April 26, 2023. *Id*.

Defendants' answers were due by March 26, 2023. Defendants have failed to plead or otherwise defend and are now in default. The Clerk of Court entered default against Defendants on June 12, 2023. (Doc. 19). Plaintiff now seeks default judgment against Defendants. In support of this request, Plaintiff relies on the record in this case and his declaration submitted (attached hereto as "**Exhibit A**").

## II.     Legal Standard

Federal Rule of Civil Procedure 55(a) provides default must be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once a party has defaulted, a court may enter a default judgment. *Id*. In determining whether to grant a default judgment, "[T]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *See Geddes v. United Financial Group*, 559 F.2d 557 (9th Cir. 1977).

## III.    Argument

### A. Plaintiff Has Met the *Eitel* Factors and Default Judgment Should Be Entered Against Defendants

The *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) court established seven factors for courts to use when ruling on motions for entry of default. These factors are: 1) the possibility of prejudice to the plaintiff, 2) the merits of plaintiff's substantive claim, 3) the sufficiency of the complaint, 4) the sum of money at stake in the action, 5) the possibility

of a dispute concerning material facts, 6) whether the default was due to excusable neglect, and 7) the strong policy underling the Federal Rules of Civil Procedure favoring decisions on the merits. *Id*.

**1. Possibility of Prejudice to the Plaintiff.**

The first *Eitel* factor assesses the possibility of prejudice to Plaintiff if default is not entered against the Defendants. Here, Plaintiff would be exceedingly prejudiced if default is not entered against Defendants. The Plaintiff has no reasonable expectation of receiving his money back without judicial intervention. Multiple times Defendants have promised Plaintiff his money back. However, to date, Defendants have not returned a cent of Plaintiff's one-million-dollar investment. Additionally, upon information and belief, Defendants are professional fraudsters. Consequently, default judgment is Plaintiff's only available recourse in this matter. There is a large possibility of prejudice to the Plaintiff if default is not entered. So, the first *Eitel* factor is in favor of Plaintiff.

**2. The Merits of the Claim and the Sufficiency of the Complaint**

The second and third *Eitel* factors require a review of the merits of the claim and the sufficiency of the Complaint. Here, Plaintiff asserts meritorious claims against Defendants and supports the same with detailed allegations and multiple exhibits. The complaint contains detailed allegations of the fraud committed by Defendants. *See* Doc. 1 at ¶ 170-173. The Promissory Note underlying the Plaintiff's case is attached to the Complaint as an exhibit. (Doc. 1-2). Fabricated investment handouts Defendants provided to Plaintiff are attached to the Complaint. (Doc. 1-6). An extensive, fabricated investment brochure is attached to the Complaint. (Doc. 1-4). The Plaintiff's affidavit filed herewith confirms the facts in the Complaint. Further, the Complaint follows all relevant procedural rules. Ergo, the second and third *Eitel* factors weigh heavily in Plaintiff's favor.

Defendants worked together to defraud Plaintiff. Christopher Beskar is running a Ponzi scheme which all Defendant entities and Defendant individuals are actively involved in. All of the Defendant entities and Defendant individuals are liable for their

4

defrauding plaintiff under the alter ego theory. *See Neilson v. Union Bank of California*, N.A., 290 F.Supp.2d 1101 (C.D. Cal. 2023) (The alter ego doctrine arises when a plaintiff comes into court claiming that an opposing party is using the corporate form unjustly and in derogation of the plaintiff's interest.). There are two general requirements for the alter ego theory. There needs to be a unity of interest and ownership that reflects an inequity if treated as separate from the shareholder. *See Id.* at 1115. Only a difference in wording is used in stating the concept where the entity sought to be held liable is another corporation instead of an individual. *See Id.* at 1116.

Here, both elements are found. Defendants, specifically Christopher Beskar, treated all of Stavatti Aerospace, Ltd. and its subsidiary corporations, named Defendant entities, as part of one unified investment unit that Plaintiff invested in. An inequity would result if the Defendant entities are treated as separate and distinct entities from Christopher Beskar. Defendant entities are merely fronts for Defendants Ponzi scheme Further, Defendants' conduct is undoubtedly nefarious. Ergo, the elements of piercing the corporate veil are met and all of the Defendant entities are liable for Defendant Stavatti Aerospace, Ltd.'s conduct and Defendant individuals are personally liable for the fraud they encouraged.

   **3. Amount of Money at Stake**

The fourth *Eitel* factor forces the Court to consider the amount of money at stake in relation to the seriousness of Defendants' conduct. *Pepsico*, 238 F. Supp.2d at 1176. Here, Plaintiff suffered at least $6,000,000 in damages and Defendants inter alia defrauded and breached their contract with Plaintiff. Defendants' egregious and criminal conduct should be considered as a mitigating factor in this factor's analysis. So, the Defendants' egregious conduct coupled with the amount of money at stake in this action means the fourth *Eitel* factor weighs in Plaintiff's favor.

/ / /

/ / /

5

### 4. The Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor forces the Court to weigh a possible dispute pertaining to the material facts of the Complaint. There is no dispute that Plaintiff and Defendants engaged in discussions and entered into the Loan amongst each other. There is further no dispute that Defendants have not returned a cent of Plaintiff's money to him. Further, there is no dispute that Defendants intentionally or negligently mislead Plaintiff when they lead Plaintiff to believe, on numerous occasions, his money would be coming to him posthaste. Respectfully, the Defendants cannot dispute the material facts of the Complaint and the fifth *Eitel* factor weighs heavily in Plaintiff's favor.

### 5. Whether Default Was Due to Excusable Neglect

The sixth *Eitel* factor assesses whether Defendants default resulted from excusable neglect. A defendant's conduct is culpable if he receives actual or constructive notice of the complaint and fails to answer the same. *See Meadows v. Dominican Republic*, 817 F.2d 517 (9th Cir. 1985). Here, Defendants received actual notice of the Complaint and failed to answer it. Plaintiff properly served the Defendants. (Doc. 16). A mailing of the Complaint accompanied this personal service. *Id*. Plaintiff served the Defendants at issue in this motion personally, except for Defendant William Mcewen who was nonetheless served properly under the Federal Rules of Civil Procedure. (Doc. 7-2). Defendants have knowledge of this action and have failed to answer. Further, *multiple* attorneys have reached out to Plaintiff's counsel to state that they would likely be retained by Defendants and would likely file an Answer on behalf of the same. *None* of these attorneys have filed an Answer, and none have followed up with Plaintiff's counsel. Defendants have knowledge of this lawsuit. Ergo, there is no excusable neglect and the sixth *Eitel* factor is in favor of Plaintiff.

### 6. The Policy Favoring a Decision on the Merits

The seventh *Eitel* factors considers the federal circuit's preference for deciding cases on their merits. Here, this case cannot be decided through trial as Defendants have

chosen not to appear. Additionally, Plaintiff implores this honorable Court to take into consideration the egregiousness of the Defendants' conduct as a mitigating factor in this action. Further, Defendants have intentionally evaded this lawsuit despite notice, and they should not receive any beneficial treatment for their evasiveness. Respectfully, the Court should view this *Eitel* factor as neutral and not leaning in any party's favor.

Ergo, the *Eitel* factors are heavily in favor of Plaintiff and default should be entered against Defendants.

### B.  Plaintiff is Entitled to Recover Attorneys' Fees and Costs

Plaintiff is entitled to recover his attorneys' fees and costs as the successful party. *See* A.R.S. § 12-341; 12-341.01. Plaintiff is the prevailing party as default has been entered against Defendant and Plaintiff has achieved ultimate success in the litigation making it the net winner. *See also Berry v. 352 E. Virginia*, LLC, 228 Ariz. 9 (App. 2011). Pursuant to LRCiv 54.2, Plaintiff will file a motion for attorneys' fees following any award of a default judgment.

### C.  Plaintiff is Entitled to Recover Its Damages Against Defendant Because He Supports His Damage Claim with Evidence

Damages must be supported by evidence. *See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc*., 699 F.3d 23 (2d Cir. 2012). Here, Plaintiff expected to receive both his $1,000,000 loan to be paid back and $5,000,000 in profits. Plaintiff suffered a total of $6,000,000 in damages. This claim for $6,000,000 is supported by inter alia a promissory note and related, fabricated investment brochure attached to the Complaint. (Doc 1-2); (Doc. 1-4). Plaintiff respectfully asserts there is sufficient evidence to enter a default judgment of $6,000,000 against Defendants. The factfinder has considerable discretion in fixing damages. *See Professional Seminar Consultants, Inc. v. Sino America Technology Exchange Council, Inc*., 727 F.2d 1470 (9th Cir. 1984). Ergo, Plaintiff respectfully requests judgment be entered against Defendants in the amount of $6,000,000 in addition to interest and attorneys' fees.

### IV. Conclusion

Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants Stavatti Corporation, a Minnesota Corporation; Christopher Beskar; Patricia Mcewen and William Mcewen, husband and wife; and Jean Simon in the amount of $6,000,000 jointly and severally.

Plaintiff further requests that the Court allow Plaintiff to file a motion for attorneys' fees and costs following the award of a default judgment.

Plaintiff further requests that these amounts be supplemented by post-judgment interest pursuant to 28 U.S.C. § 1961 and cost and attorneys' fees incurred by Plaintiff in the collection of the amounts awarded here.

**RESPECTFULLY SUBMITTED** this 13th day of July 2023.

**ENARA LAW, PLLC**

By: /s/ *George K. Chebat*
　　George K. Chebat
　　Joseph J. Toboni
　　Daniel de Julio
　　*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July 2023, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record, if any, and any *Pro Se* Parties, if any, via the CM/ECF system.

By: */s/ Shelly N. Witgen, ACP*