Terrance D. Dunmire, Esq. (9964)
Law Offices of Terrance D Dunmire
8701 E. Vista Bonita Drive, Suite 220
Scottsdale, Arizona 85255
Phone (602) 264-1300
tdunmire@parkwestpartners.com
Attorney for Defendants (except Brian and Corrina Colvin)

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>Stavatti Aerospace. Ltd, a Minnesota corporation; Stavatti Aerospace Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobileare. Ltd. A Wyoming corporation; Stavatti Niagara, Ltd. A New York corporation; Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainien business entity; Stavatti Heavy Industries Ltd. a Hawaii corporation; Christopher Beskar and Maja Beskar, husband and wife; Brian Colvin and Corrina Colvin, husband and wife; John Simon and Jean Simon husband and wife ; William Mcewen and Patricia Mcewen, Husband and wife; Rudy Chacon and Jane Doe Chacon. Husband and wife; and DOES 1-10, inclusive<br><br>Defendants. | Case No. 2:23-CV-00226-DJH<br><br>**Defendants Response to Plaintiff's Motion for Entry of Default Judgment Against Stavatti Corporation. Christopher Beskar, Patricia Mcewen. William Mcewen, and Jean Simon** |

Defendants Stavatti, Beskar, Simons and Mcewen (hereinafter sometimes the "Represented Defendants") hereby respond to Plaintiff's Motion For Entry of Default Judgment Against Stavatti Corporation, Christopher Beskar, Patricia Mcewen. William Mcewen and Jean Simon filed on July 13, 2023, as follows:

I.   **Additional Factual Background**

The Represented Defendants recently filed their motion to set aside the defaults previously entered by this Court. The facts, law and arguments set forth in that motion are essentially the same as would be asserted in response to Plaintiff's recent motion for entry of default judgment.

The Court is directed to that Motion which is incorporated herein by this reference. (Doc. 21) It would appear that motion supersedes Plaintiff's motion for judgment.

Plaintiff's motion for default judgment highlights some factual allegations scrutiny of which undermine Plaintiffs damage claims and help establish Defendants' meritorious defense. In particular, Plaintiff's motion specifies that "Defendant Christopher Beskar made Plaintiff believe that Stavatti and its subsidiaries were engaged in legitimate business…. and misrepresented facts to Plaintiff …" (p2 line 16). By contrast Mr. Beskar was not called out individually in the complaint as having made any misrepresentations to Dimitrov. That's no surprise because Mr. Dimitrov and Mr. Beskar had never, and still have not, met or spoken with each other.

The complaint specifies that "Dimitrov was presented with a Business Capitalization Structure with Stavartti Super Fulcrum…" We know from the complaint and its exhibits that Mr. Dimitrov was dealing with Defendant Brian Colvin who represented himself to be the President of Stavatti Aerospace Ltd, which he was not. It was apparently Mr. Colvin who presented the Super Fulcrum investment to Mr. Dimitrov, not Mr. Beskar.

The Private Placement Memorandum (PPM, Exh. C of the Complaint) was designed to be used by the company's prospective investment banker, DelMorgan, to offer the equity investment into the Super Fulcrum project to qualified and accredited investors. DelMorgan and the company however decided against the Super Fulcrum PPM offering and it was officially retired in January 2022, subsequent to the engagement of DelMorgan and before Plaintiff and Defendant Colvin negotiated Plaintiff's investment. Mr. Colvin knew this; he also knew that he was not the President of Stavatti Aerospace Ltd. Mr. Beskar was President and always had been.

Defendant Colvin negotiated the terms of a promissory note that had not and would not have been approved by Mr. Beskar or the Stavatti board. Mr. Beskar did not know of or sign this promissory note. Mr. Colvin created the note and contrived to have it signed by lifting and transferring Mr. Beskar's signature from another document to the promissory note. See Exhibit A to Plaintiff's complaint (Doc 1). Exhibit A attached hereto is a much more legible copy of the note. A cursory review of the signature block and the placement of the signature makes evident that the note was not signed by the company in an ordinary above board manner.

Furthermore, Mr. Dimitrov certainly knew before he invested in the company that he was not dealing with the company president. The fact that Mr. Beskar was President of the company was/is set forth on the very first page of the PPM that he claims to have relied upon. Defendant Colvin concealed the identity of Mr. Dimitrov and the terms of this loan from Mr. Beskar and others

on the management team; otherwise Mr. Beskar would have made efforts to communicated with him. Regardless, Mr. Dimitrov acknowledges receipt of documents showing that Mr. Beskar was President of the company and he could and should have reached out to speak with him. His lack of due diligence efforts certainly contributed to this problem he is a part of.

The risk factors involved with the investment into Stavatti were laid out clearly in the PPM starting on page 84 including that it was speculative and with a high degree of financial risk and that you may lose all your money associated with the investment for any number of reasons including the absence of immediate revenue, alternatives in the market for military and civilian aircraft all of which could significantly impact Stavatti's ability to provide a return on investment to any investor or lender. Mr. Dimitrov should not be surprised about a delay in repayment of his one-million-dollar loan let alone push back on a five-million-dollar windfall that he most certainly should have known was too good to be true.

The above notwithstanding, Defendants Stavatti and Mr. Beskar have made clear their intent to treat Mr. Dimitrov's investment as a legitimate company debt to be repaid as circumstances permit under commercially reasonable terms. There is however no legitimate basis upon which to justify the $6,000,000 judgment in in his favor he is asking the Court for.

**WHEREFORE, for good cause as set forth above and in Defendants' previously filed Motion to Set Aside Entry of Default**, Defendants request that the Court Grant Defendants' Motion to Set Aside Entry of Default and deny the motion for default judgment and allow Defendants to proceed to try the case on its merits and achieve an equitable result.

**RESPECTFULLY SUBMITTED** THIS 26th day of July, 2023.

BY_____
Terrance D. Dunmire

ORIGINAL of the foregoing E-filed
this 26th day of July, 2023 with:

United States District Court, District of Arizona

Copy of the forgoing mailed
This 26th day of July 2023 to:

HONORABLE DIANE J. HUMETEWA
United States District Court Sandra Day O'Connor US Courthouse. Suite 625
401 West Washington Street, SPC 81
Phoenix, Arizona 85003