**GEORGE K. CHEBAT (034232)**
George@EnaraLaw.com
**JOSEPH J. TOBONI (031385)**
Joseph@EnaraLaw.com
**DANIEL DE JULIO (035854)**
Danny@Enaralaw.com
**Enara Law PLLC**
7631 East Greenway Road, Suite B-2
Scottsdale, Arizona 85260
Telephone: (602) 687-2010
Filings@EnaraLaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated;<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>Stavatti Aerospace, Ltd, a Minnesota corporation; Stavatti Aerospace, Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobiliare, Ltd, a Wyoming corporation; Stavatti Industries, Ltd, a Wyoming corporation; Stavatti Niagara, Ltd, a New York corporation Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainian business entity; Stavatti Heavy Industries Ltd, a Hawaii corporation; Christopher Beskar and Maja Beskar, husband and wife; John Simon and Jean Simon, husband and wife; William Mcewen and Patricia Mcewen, husband wife; Rudy Chacon and Jane Doe Chacon, husband and wife; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:23-CV-00226-PHX-DJH<br><br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS TO SET ASIDE DEFAULT**<br><br><br>**(ORAL ARGUMENT REQUESTED)** |

/ / /

1

Plaintiff Valentino Dimitrov ("Plaintiff" or "Dimitrov") hereby Responds to Defendants' Motion to Set Aside Default.  The Motion should be denied because the Defendant has engaged in willful obstruction, not excusable neglect.

## I.   Served Defendants and Timely Filing / Attempts at Effectuating Service Upon Unserved Defendants

Plaintiff requests this Court deny Defendants' Motion to Set Aside Default (Doc. 21) ("Motion") and disregard Defendants' Response in Opposition to Motion for Default Judgment (Doc. 22) because the moving party evaded service and otherwise refused to file a timely responsive pleading.  Plaintiff Dimitrov filed this Complaint nearly six months ago on February 3, 2023, against the fraudulent 'investment' scheme of the Stavatti corporation and its affiliated entities, and individuals.  The parties were properly served as noticed to this Court on March 1, 2023 (Doc. 7).  When no responsive pleading was filed by the Defendants, on March 28, 2023, Plaintiff Applied for Default against Defendants: John Simon, Stavatti Niagara, Ltd., Stavatti Aerospace, Ltd. (Wyoming), Stavatti Heavy Industries, Ltd., Stavatti Immobiliare, Ltd,, Stavatti Industries, Ltd. (Wyoming), and Stavatti Super Fulcrum, Ltd. ("First Set of Defendants") pursuant to Fed. R. Civ. P. 55(a) (Doc. 8).  The Default was entered by the Clerk of Court against the First Set of Defendants (Doc. 9).  On April 3, 2023, Plaintiff Applied for Default against the other Stavatti entities (Doc. 11) which the Court entered one day later (Doc. 12).  On April 6, 2023, Plaintiff moved for a default judgment against the defaulted parties with an attached declaration by the Plaintiff, filed under penalty of perjury. The Minnesota Stavatti Corporation and individuals Christopher Beskar, William McEwen, Patricia McEwen, and Jean Simon ("Second Set of Defendants") were served later at various dates throughout April 2023 (Doc. 16) and Plaintiff applied for default against those defendants on June 9, 2023 (Doc. 18), which was granted by the Court on June 12, 2023 (Doc. 19).  There is no record anywhere on the Orders that Plaintiffs' Application for Entry of Default was

unclear or defective.  Plaintiff filed a motion for a default judgment against those four defendants on July 13, 2023, again supported by sworn declaration (Doc. 20).  It was not until July 14, 2023 that any Defendant stopped ignoring the Court and took any action at all by filing a Motion to Set Aside Entry of Default (Doc. 21) three to four months after they had been served with this case.  Several of the defendants had evaded multiple attempts at service (Doc. 17) and a few have not been found despite diligent efforts from the process server, namely Brian Colvin, Corrina Colvin, and Rudy Chacon. Plaintiff continues to attempt service of process on the unserved defendants and intends to file a motion for alternative service on the remaining unserved defendants if unsuccessful. None of the Defendants filed an Answer to the Complaint even though it was due 21 days after service under FRCP 12.

## II.    Standard for Setting Aside Default After Entry.

A party in default may move to set aside the entry of default.  The movant, "bears the burden of proving the existence of a justification" to set aside the default, *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988).

Rule 55(c) provides that a court may set aside an entry of default for "good cause." In deciding whether good cause exists, courts in the Ninth Circuit consider: (1) whether the plaintiff will be prejudiced if the default is set aside, (2) whether the defaulted defendant has a meritorious defense, or (3) whether culpable conduct of the defendant led to the default. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) followed in *Champion v. Sethi* No. CV-22-01355-PHX-DGC (D. Ariz. 2023).   These are known as the 'Falk factors.' "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d

1085, 1091 (9th Cir. 2010).

### a. Plaintiff will be Prejudiced if the Default is Set Aside

Throughout Defendant's counsel's Motions to Set Aside, when claiming that Plaintiff would not be prejudiced by setting aside default, not a single argument is asserted to satisfy the needs of the *Falk* factors. Rather, Defendants made various inapplicable statements that bear no relevance to the subject of the prejudice to the Plaintiff, but the Plaintiff will nonetheless address herein.

For example, Defendants baselessly make a claim that, "Any delay that Plaintiff now might complain of is present in all litigation, and thus is a fair and reasonable delay under the law." However, Plaintiff contends that willful neglect by the Defendants, their continued efforts to evade service, and blatantly ignoring the summons issued by this Court, is neither fair nor reasonable means of delay under the law. For the Court to grant such a baseless Motions to Set Aside, would merely reward nefarious Defendants' behavior, at the expense of a Plaintiff who has acted in good faith and with clean hands since inception of this case.

Furthermore, Defendants once again provide no evidence to support the unfounded assertion that "Plaintiff neglected to capitalize on that opportunity to begin reasonable work out arrangements with Stavatti." Rather, Defendants fail to acknowledge the demand letter sent to Stavatti and their legal counsel in October 2022, nearly four months before ever initiating this lawsuit. *See* Plaintiff's demand letter attached hereto as **Exhibit A**.

Finally, when discussing the prejudice to the Plaintiff, in yet another statement that bears no relevance to the underlying premise of prejudice to the Plaintiff, Defendants randomly state, "The best thing for Plaintiff will be to get the defaults set aside so the negative implications of the lawsuit can be minimized and so that Stavatti can continue with its efforts to fulfill its orders that are so close to fruition." While this has no basis in

an argument as to whether the Plaintiff would be prejudiced by the default being set aside or not, it is a notion that the Plaintiff would like to address. As with most of the statements from the Defendants, it is a fallacy, if not a complete fantasy that, "Stavatti can continue with its efforts to fulfill its orders" as Stavatti has not now, nor ever, produced a single commercial aircraft, with even press articles alluding to Stavatti as, "A Company That's Never Made a Plane." *See* press article attached hereto as **Exhibit B.**

Plaintiff has expended his resources in the pursuit of justice before this Court for months; expending excess funds and efforts in attempting to serve the Defendants who have attempted to evade service of process. Despite having knowledge of the legal proceedings and being properly served, the Defendants have sought to delay willfully, in an effort to intentionally extend the proceedings and cause the Plaintiff to expend additional funds and resources in pursuit of his case, only to now seek recourse from this very Court whose orders they have subverted and disobeyed in an effort to deplete the Plaintiff.

In conclusion, the Defendants fail to meet the burden of establishing that the Plaintiff would not be prejudiced by setting aside the default and further fail to establish any legal or factual basis as to why the Plaintiff would not be prejudiced by setting aside the default. Rather than actually speaking to the merits of the prejudice to the Plaintiff, Defendants seek to make ancillary, unrelated assertions which bear no relevance to the issue at hand and have presented nothing to establish their burden that setting aside the defaults would not prejudice the Plaintiff.

**b. The Defaulted Defendants Have No Meritorious Defense**

Establishing the second of the *Falk* factors, the Defendants have no meritorious defense to the claims asserted by Plaintiff. Both the Defendants and their counsel seemingly cannot get their timeline or story straight as indicated by the Motion to Set

Aside filed by Defendants' counsel, which unsurprisingly does not contain a single exhibit or piece of evidence to substantiate any of the statements made within. Also unsurprising of any nefarious scheme, the Defendants' Motion to Set Aside seeks to defer fault and skew liability on the only remaining unserved Defendants, namely the Colvins and Chacon.

The Defendants acknowledge the debt owed to the Plaintiff. In a letter from Defendant Christopher Beskar to Plaintiff's counsel, Defendant Beskar in his capacity as President and CEO of Stavatti states:

> *"Stavatti Aerospace Ltd ("Stavatti") is committed to the repayment of the loan of $1 Million ($1,000,000.00) provided to Stavatti by Velentino Dimitrov…"*

> *"The $1 Million loan provided by Mr. Dimitrov as an Angel Investor/Lender was received on 1 March 2022 by Stavatti to serve as "seed capital"…"*

> *"Since receiving the investment from Mr. Dimitrov on March 1st it has been Stavatti's sincere desire and intent to repay Mr. Dimitrov in-full and provide his return on investment as rapidly as possible."*

*See* letter from Christopher R. Beskar on Stavatti letterhead dated October 24, 2022 attached hereto as **Exhibit C.**

As such, Defendants acknowledge that they received funds from the Plaintiff, they have an outstanding obligation to pay the Plaintiff, they have yet to repay the Plaintiff, and absolutely nothing stated in their motion to set aside default presents a meritorious argument or defense against the very statements of fact provided by the Defendants in the letter quoted above.

Throughout Defendants' Motion to Set Aside, as well as their subsequent response, the Defendants seek to create the diversion and false narrative that Defendant Brian Colvin

operated outside the scope of his authority and without the knowledge of the other Defendants; this is unfounded and debunked by the very statements made by Defendant Beskar to Plaintiff's counsel.  In an email from Defendant Beskar to Plaintiff's counsel, on November 9, 2022, prior to this action being filed, Mr. Beskar states *inter alia,* "Both Brian Colvin and I will be addressing this issue and will get back to you as quickly as possible." It is also noteworthy that Defendant Beskar also carbon copied on the email, Mr. Colvin at his Stavatti email address and Mr. Simon at his Stavatti email address.  *See* Christopher Beskar's email dated November 9, 2022 attached hereto as **Exhibit D.**  Also, in an email from Defendant Colvin to Plaintiff's counsel, in which he carbon copied Defendant Beskar as well as Defendants' prior counsel, Defendant Colvin's email signature reads:

> "Brian D. Colvin
>
> DEPUTY PRESIDENT of STAVATTI AEROSPACE, LTD.
>
> CHAIRMAN & CEO of STAVATTI UAVS, LTD."

*See* Brian Colvin's email to Plaintiff's counsel dated September 2, 2022, attached hereto as **Exhibit E.**

Defendants are now asserting that Colvin acted without their knowledge all while Defendant Beskar was apprised of his actions and correspondences on behalf of the alleged enterprise as the CEO. Defendant Beskar was included on the emails. Furthermore, in a recorded phone call conversation between Defendant Colvin and Plaintiff, Colvin explicitly stated and referenced by name Defendant Beskar and their impending meetings with DelMorgan investment bank together. Even the prior letter dated October 24, 2022 previously quoted, has Defendant Beskar referencing that, "…Brian Colvin and myself were in Washington D.C. engaged in meetings…" *See* Exhibit C (Pg. 2, @ ¶ 2). It is also noteworthy that prior to this litigation, Stavatti's own website listed

Defendant Colvin as a member of the leadership team of Stavatti, with him holding the title "Deputy President" (as listed in his email signature as well). *See* Screenshot of Brian D. Colvin's Biography from the Stavatti website attached hereto as **Exhibit F**.  All of these statements and facts demonstrate an orchestrated effort amongst Colvin and the Defendants, wherein they worked closely in concert with one another, and negate the assertion that Colvin operated unilaterally without knowledge of the company. If Defendants feel as though they have been aggrieved by the actions of Defendant Colvin, nothing in this case would have precluded them from pursuing judicial recourse against Colvin for their damages; something that Defendants have not done, which should not prejudice the Plaintiff's case.

From the preceding analysis of the Defendants' own admissions in writing, it is clear that the Defendants have no meritorious defenses to the Plaintiff's claims.

### c.  The Defendants' Own Culpable Conduct Has Led to the Default

The third *Falk* factor favors the default because Defendants' conduct is the reason for the lengthy delay. A "defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Mesle* at 1092.  Defendants had actual notice when they were served and also had constructive notice long before a lawsuit would be filed.

The Defendants were served at various times and the latest deadline for a responsive pleading would have been in mid-June 2023.  The Stavatti entities and their persons are sophisticated parties, many of whom hold themselves out to be executives of an enterprise who can be presumed to read and understand the Summons and the Federal Rules.  They either did not or decided not to do so.   This gives rise to the strong inference that they simply ignored the summons. "[T]he Court retains the discretion (but not the obligation) to infer intentionality from the actions of a legally sophisticated party and to

thereby find culpability." *Norris v. Shenzhen IVPS Tech. Co*., No. CV-20-01212-PHX-DWL (D. Ariz. 2022) (cites omitted).  Therefore, Defendants avoided participation in the legal process right up to the point where a default judgment became imminent.

For example, despite understanding the requirements of the Summons and Complaint which was properly served upon him on April 6, 2023, on April 20, 2023, Defendant John Simon emailed Plaintiff's counsel with Defendant Christopher Beskar and supposed legal counsel carbon copied, (who is not a licensed attorney in this jurisdiction, or any US jurisdiction) Mr. Abdihamid Mao. *See* email from John Simon dated Arpil 20, 2023 attached hereto as **Exhibit G.**  In his email message, Mr. Simon states,  "*I was served, with my wife, on February 23, 2023…*" despite the fact that Defendant Jean Simon, had yet to be served by process server and wasn't successfully served until nearly two months later. (Doc. 16).  In response to Defendant John Simon's email, which again included Defendant Jean Simon's signature acknowledging service of the complaint and knowledge of this suit, Plaintiff's counsel replied stating, "*I strongly advise you to engage counsel in this matter and seek any recourse you request by way of the court*." *See* response from Plaintiff's counsel dated April 25, 2023, attached hereto as **Exhibit H**  Finally, despite Mr. Simon's claims to Plaintiff's counsel that he is not involved in the Stavatti enterprise, Mr. Simon continues to intend to deceive the public and unassuming creditors and investors, like Plaintiff, by representing to the public via his online presence that he is the President and Chief Executive Officer of Stavatti Niagara, Ltd. on his LinkedIn account. *See* screenshot of Mr. Simon's LinkedIn profile attached hereto as **Exhibit I**. Additionally, an article in the Niagara Gazette on Stavatti names him and credits his image as President/CEO.  *See* article from the Niagara Gazette attached hereto as **Exhibit J.** Additionally, Mr. Simion is also named on Stavatti's own website as "D&C Strategic Development & Asset Officer".  *See* screenshot of John R. Simon's Biography on the

Stavatti website attached hereto as **Exhibit K**.

Another example of Defendants' neglect comes directly from the Defendants' Motion to Set Aside Default which states, "On April 25, 2023, nine days after being served, Mr. Beskar hired Robert Andrew who he had been referred to by a trusted source and who represented himself to be an Arizona licensed attorney…and soon learned that Mr. Andrew was not an attorney licensed in Arizona." Even if such narrative were to be believed, Defendants had adequate time to find alternative counsel. Furthermore, if Defendants' current counsel has reason to believe the truth of the unauthorized practice of law performed by Mr. Andrew, opposing counsel would have the professional ethical obligation of reporting such unauthorized practice of law to the State Bar of Arizona, which there has been no indication opposing counsel has done.

The Defendants' own intentional actions and inactions in operating with a blatant disregard for the summonses issued by this Court is what has led to the entry of default against them.

### III.    Defendants Motion is Baseless and Unavailing

Defendants in their motion make several outlandish claims.  Defendants claim, "Stavatti has purchase contracts with the Ukrainian government for $192 million and is in the process of obtaining export licenses and obtaining funding for the project from the United States Defense Department. All of this is above board and well documented; nothing like the imagined Ponzi scheme alleged by Plaintiff" (Motion 3:10-14).  However, no documents are attached to support this claim or any of the other stories of rogue officers and forged notes. Defendants have long attempted to rely on the premise that their work is "confidential", and thus details and evidence cannot be shared; however, nothing would have precluded Defendants from filing some form of documentary evidence substantiating their claims made in their motion to set aside, under seal with this Court.

Likewise, Defendants claim they could not find defense counsel. "At that point Mr. Beskar began efforts to locate legal counsel in Arizona but had difficulty finding a lawyer or firm willing to take on the defense of this matter given the inflammatory allegations in the complaint about an imagined Ponzi scheme and the number of named party defendants" (Motion, 4:25-28).  Defendants provide no information as to which attorneys were consulted and would not represent them in the face of 'inflammatory allegations.' Nor does that explain how counsel somehow immediately found willing Arizona representation within one week after Plaintiff moved for a default judgment against the corporation and its major officials (Doc. 20 – July 13, 2023, Doc. 21 – July 14, 2023).  As stated above, if there is any truth to the imposter attorney "Robert Andrew", (Motion, 5:1-9) then Defendants have an ethical duty to report the unauthorized practice of law to the State Bar of Arizona under Ethical Rule 8.3 and Rule 42 of the Supreme Court of Arizona. None of these stories indicate that the Defendants should be excused from their decision to willfully ignore the lawsuit.

## IV.    Conclusion

The Defendants are now seeking relief from this Court; the same Court whose orders and summonses they have disrespected and ignored for months while having been properly noticed and served. The attachment of the default in this case is due to nothing more than the intentional, willful neglect and inaction of the Defendants. With no real substantive arguments, and absolutely no evidence to substantiate any of the claims or the narrative discussed in their motion, the Defendants fail to meet their burden of proof to satisfy that a justification exists for their actions on which to base a motion to set aside entry of default, pursuant to Rule 55.

/ / /

/ / /

THEREFORE, for the reasons stated herein, Plaintiff respectfully requests the honorable Court finds that cause exists to deny the Defendants' Motion to Set Aside Default.

**RESPECTFULLY SUBMITTED** this 28th day of July 2023.

**ENARA LAW, PLLC**

By: /s/ *George K. Chebat*
    George K. Chebat
    Joseph J. Toboni
    Daniel de Julio
    *Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 28th day of July 2023, copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all parties and counsel of record via the CM/ECF system.

By:  *Shelly N. Witgen, ACP*