1 **GEORGE K. CHEBAT (034232)**
George@EnaraLaw.com
2 **JOSEPH J. TOBONI (031385)**
Joseph@EnaraLaw.com
3 **DANIEL DE JULIO (035854)**
4 Danny@Enaralaw.com
**Enara Law PLLC**
5 7631 East Greenway Road, Suite B-2
Scottsdale, Arizona 85260
6 Telephone: (602) 687-2010
7 Filings@EnaraLaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>Stavatti Aerospace, Ltd, a Minnesota corporation; Stavatti Aerospace, Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobiliare Ltd, a Wyoming corporation; Stavatti Industries, Ltd, a Wyoming corporation; Stavatti Niagara, Ltd., a New York corporation Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainian business entity; Stavatti Heavy Industries Ltd, a Hawaii corporation; Christopher Beskar and Maja Beskar, husband and wife; Brian Colvin and Corrina Colvin, husband and wife; John Simon and Jean Simon, husband and wife; William Mcewen and Patricia Mcewen, husband wife; Rudy Chacon and Jane Doe Chacon, husband and wife; and Does 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:23-CV-00226-PHX-DJH<br><br>**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF DEFENDANTS MAJA BESKAR, BRIAN COLVIN, CORRINA COLVIN, AND RUDY CHACON** |

1

Pursuant to Rules 4(e)(1)(A), Federal Rules of Civil Procedure ("Fed.R.Civ.P."), and Rule 4.1(k), Arizona Rules of Civil Procedure ("Ariz.R.Civ.P."), Valentino Dimitrov ("Plaintiff") hereby moves this Court for an Order authorizing alternative service of the Summons, Complaint, and related documents in this action directed to Defendants Maja Beskar, Brian Colvin, Corrina Colvin, and Rudy Chacon (collectively "Defendants") to be served via (1) First Class U.S. mail, and (2) affixing a copy of the Summons, Complaint, and the Order Authorizing Alternative Service to the front door of each Defendant.

This Motion is supported by the following Memorandum of Points and Authorities and the record in this case incorporated hereto by reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.     ANALYSIS

Plaintiff filed this Complaint on February 3, 2023 seeking recovery of a $1,000,000.00 loan (the "Loan"). Additionally, Plaintiff seeks $5,000,000.00 in profits he expected to receive from the Loan. (Doc 1-2). Upon information and belief, Defendants are all either individual "executives" at Defendant Stavatti Aerospace, Ltd., or "subsidiary" entities of Defendant Stavatti Aerospace, Ltd.

Beginning in April 2023, the service of Defendant Maja Beskar has been attempted on eight (8) separate occasions, April 26, 2023, April 29, 2023, May 1, 2023, May 2, 2023, May 6, 2023, May 11, 2023, May 15, 2023, and May 17, 2023. Additionally, on May 1, 2023, Lynn Mason, process server with ABC Legal, contacted Ms. Beskar via telephone at her telephone number ending in 8453, however Ms. Beskar refused to cooperate with Ms. Mason regarding this service. *See* Declaration of Non-Service for Maja Beskar provided by ABC Legal attached hereto as **Exhibit A**.

/ / /

Beginning in April 2023, the service of Defendant Brian Colvin has been attempted on six (6) separate occasions, April 27, 2023, May 3, 2023, May 9, 2023, May 19, 2023, May 21, 2023, and again on May 21, 2023.  Additionally, during both attempts made on May 21, 2023, Jessica Lissette DeLeon-Salinas, process server with ABC Legal, made contact with an individual who identified themselves as the resident, however stated that Mr. Colvin had moved.  *See* Declaration of Non-Service for Brian Colvin provided by ABC Legal attached hereto as **Exhibit B**.

Beginning in April 2023, the service of Defendant Corrina Colvin has been attempted on five (5) separate occasions, April 27, 2023, May 3, 2023, May 9, 2023, May 19, 2023, and May 21, 2023.  Additionally, during the attempt made on May 21, 2023, Jessica Lissette DeLeon-Salinas, process server with ABC Legal, made contact with an individual who identified themselves as the resident, however stated that Mrs. Colvin had moved.  *See* Declaration of Non-Service for Corrina Colvin provided by ABC Legal attached hereto as **Exhibit C**.

Beginning in March 2023, the service of Defendant Rudy Chacon has been attempted on two (2) separate occasions, both attempted on March 3, 2023.  Additionally, during the attempt made on March 3, 2023, Karla Ayala, process server with ABC Legal, contacted Mr. Chacon via telephone at his telephone number ending in 1252, however Mr. Chacon informed Ms. Ayala he no longer resided at the address for which she was attempting to serve him and had moved to Arizona, however refused to cooperate with Ms. Ayala to provide his current address for this service.  *See* Declaration of Non-Service for Rudy Chacon provided by ABC Legal attached hereto as **Exhibit D**.

**B.    ALTERNATIVE SERVICE**

Pursuant to Ariz. R. Civ. P. 4.1, where service by regular means is impracticable, the Court may authorize alternative means of service:

3

Under Arizona law, when personal service has become impracticable, Rule 4.1(k), Ariz.R.Civ.P., authorizes service by alternative means as follows:

> Alternative or Substituted Service.  If service by one of the means set forth in the preceding paragraphs of this Rule 4.1 proves impracticable, then service may be accomplished in such manner, other than by publication, as the court, upon motion and without notice, may direct. Whenever the court allows an alternate or substitute form of service pursuant to this subpart, reasonable efforts shall be undertaken by the party making service to assure that actual notice of the commencement of the action is provided to the person to be served and, in any event, the summons and the pleading to be served, as well as any order of the court authorizing an alternative method of service, shall be mailed to the last known business or residence address of the person to be served . . . .

Rule 4.1(k), Ariz.R.Civ.P. (emphasis added).

Arizona law does not expressly define the standard for impracticability, but in 2010, the Arizona Court of Appeals in *Blair v. Burgener*, 226 Ariz. 213, 218-19, 245 P.3d 898, 903-04 (Az. Ct. App. 2010), approvingly cited the language from a New York case on a similar service issue. "[T]he standard of impracticability [i]s "different from the more stringent one of 'due diligence'. . . That is, to meet the standard on impracticability does not require satisfying due diligence, or even showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken[.]" 226 Ariz. at 218, 245 P.3d at 903 (quoting *Kelly v. Lewis*, 220 A.D.2d 485, 486, 632 N.Y.S.2d 186, 186 (App.Div.1995)).

The New York court concluded that three attempts at service on three different days constituted sufficient efforts to warrant alternative means of service.  The *Blair* court further found that Blair's efforts at unsuccessful service met the definition of impracticability, therefore justifying alternative service. Blair's process server attempted service at both defendants' place of business and the individual defendant's residence at various times on five different days.  In addition to these physical attempts, the process server attempted to determine over an additional seven days whether the individual defendant was present in the office in order to effectuate the service.  During each attempt,

4

the process server was told the defendant was not in the office. The Arizona court concluded that these facts and circumstances, "demonstrate that service of process through the usual means would have been 'extremely difficult or inconvenient' " and was impractical, justifying the trial court's authorization of alternative service under Arizona law. Since the trial court did not abuse its discretion in permitting alternative service by the means employed, it had jurisdiction over the defendants.

Additionally, it is clear these defendants, all believed to have had prior knowledge of the existence of this lawsuit prior to service of the Complaint and Summonses, are purposefully avoiding service of process. Each service attempt was either met with a "resident" stating the party being served no longer resided at the attempted address, or a telephone conversation with an individual believed by the process servers to be the intended parties for whom service was to be effectuated, stating they would not cooperate with the process server in their efforts to get them served.

## CONCLUSION

Plaintiff hereby respectfully requests that the Court enter an Order authorizing alternative service as requested herein above upon Defendants Maja Beskar, Brian Colvin, Corrina Colvin, and Rudy Chacon.

**RESPECTFULLY SUBMITTED** this 28th day of July 2023.

               **ENARA LAW, PLLC**

               By: /s/ *George K. Chebat*
                 George K. Chebat
                 Joseph J. Toboni
                 Daniel de Julio
                 *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of July 2023, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record, if any, and any *Pro Se* Parties, if any, via the CM/ECF system and by First Class U.S. mail.

By: /s/ Shelly N. Witgen, ACP