**GEORGE K. CHEBAT (034232)**
George@EnaraLaw.com
**JOSEPH J. TOBONI (031385)**
Joseph@EnaraLaw.com
**DANIEL DE JULIO (035854)**
Danny@Enaralaw.com
**Enara Law PLLC**
7631 East Greenway Road, Suite B-2
Scottsdale, Arizona 85260
Telephone: (602) 687-2010
Filings@EnaraLaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>Stavatti Aerospace, Ltd, a Minnesota corporation; Stavatti Aerospace, Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobiliare, Ltd, a Wyoming corporation; Stavatti Industries, Ltd, a Wyoming corporation; Stavatti Niagara, Ltd, a New York corporation Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainian business entity; Stavatti Heavy Industries Ltd, a Hawaii corporation; Christopher Beskar and Maja Beskar, husband and wife; John Simon and Jean Simon, husband and wife; William Mcewen and Patricia Mcewen, husband wife; Rudy Chacon and Jane Doe Chacon, husband and wife; and Does 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:23-CV-00226-PHX-DJH<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**<br><br>**(Oral Argument Requested)** |

///

1

Plaintiff Valentino Dimitrov ("Plaintiff" or "Dimitrov") hereby replies to 'Defendants' Response to Plaintiffs Motion for Entry of Default Judgment Against Stavatti Corporation. Christopher Beskar, Patricia N Mcewen, William Mcewen, and Jean Simon' (Doc. 22) ("Response"). The default judgment should be entered because the Defendant did not act in good faith or a timely manner.

## I.   Legal Standard Same as for Entry of Default.

Courts use the same standard in adjudicating a Rule 55(c) motion to set aside a default as for a Rule 60(b) motion to set aside a default judgment. Courts consider the socalled *Falk* factors for both, "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). See *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, "This standard, [Rule 55(c)] which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." 615 F.3d 1085, 1091 (9th Cir. 2010). Therefore, the analysis in this reply is substantially the same as that in Plaintiff's Response to Defendants' Motion to Set Aside Default (Doc. 23) and Plaintiff will only address points raised in Defendants' response.

## II.   Defendants' Delay was Intentional and Culpable.

Plaintiff requests this Court deny Defendants' Motion to Set Aside Default (Doc. 21) ("Motion") and disregard Defendants' Response in Opposition to Motion for Default Judgment (Doc. 22) because the moving party evaded service and otherwise refused to file a timely responsive pleading.

Concerning the third *Falk* factor, a defendant will be deemed culpable if he intentionally did not respond to the complaint of the Plaintiff. ""[a] defendant's conduct

2

is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Mesle*, 615 F.3d at 1092, followed in *Norris v. Shenzhen IVPS Tech. Co*. No. CV-20-01212-PHX-DWL (D. Ariz. 2022). Here intentional means more than negligent. A "movant cannot be treated as culpable simply for choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." (Id).   Courts infer the intentionality from the conduct of the non-answering party.  "Thus, the Court "retains the discretion (but not the obligation) to infer intentionality from the actions of a legally sophisticated party and to thereby find culpability." *Idaho Golf Partners, Inc. v. Timberstone Mgmt. LLC*, 2015 WL 1481396, *4 (D. Idaho 2015) (qtd in *Norris*).

Stavatti itself claims to have been founded in 2014 and bids on government contracts.  Thus, Stavatti and personnel are 'sophisticated' for this purpose. Furthermore, CEO Beskar was aware of this matter even before the lawsuit was filed. (Doc. 23, 7:4-15). There is simply no plausible explanation as to why it took Defendants who were well aware of the Complaint filed on February 3, 2023, even before service, until July 14, 2023 to find an attorney to enter a pleading.

**III.    Defendants' Response Does Not State a Reasonable Explanation for Delay.**

The response of the Defendants does not address the *Falk* factors or really say why the motion should not be granted.  However, it does indicate that Stavatti is a sophisticated company, or at least enough so that defendants were capable of responding to a Complaint. "The Private Placement Memorandum (PPM, Exh. C of the Complaint) was designed to be used by the company's prospective investment banker, DelMorgan, to offer the equity investment into the Super Fulcrum project to qualified and accredited investors" (Response, 2:13). "The above notwithstanding, Defendants Stavatti and Mr. Beskar have

3

made clear their intent to treat Mr. Dimitrov's investment as a legitimate company debt to be repaid as circumstances permit under commercially reasonable terms" (3:11-13). These are actions of a business experienced enough to retain counsel and answer a lawsuit.

## IV.     Conclusion

The entry of a default judgment in this case is appropriate due to the intentional, willful neglect and inaction of the Defendants. The evidence and arguments show that Defendants acted intentionally and culpably to ignore Plaintiff's Complaint until the eleventh hour. With no real substantive arguments, and absolutely no evidence to substantiate any of the claims or the narrative discussed in their motion, the Defendants fail to meet their burden of proof to satisfy that a justification exists for their actions on which to base a motion to set aside entry of default, pursuant to Rule 55.

THEREFORE, for the reasons stated herein, Plaintiff respectfully requests the honorable Court grant his Motion for Entry of Default Judgment.

**RESPECTFULLY SUBMITTED** this 2nd day of August 2023.

          **ENARA LAW, PLLC**

          By: /s/ *George K. Chebat*
               George K. Chebat
               Joseph J. Toboni
               Daniel de Julio
               *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 2nd day of August 2023, copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all parties and counsel of record via the CM/ECF system and regular U.S. mail.

By: *Shelly N. Witgen, ACP*