Nino Abate, Esq. (SBN 017098)
**THE LAW OFFICE OF NINO ABATE, PLC**
300 W. Clarendon, Suite 130
Phoenix, Arizona 85013
(480) 314-3304
*nino@abatelaw.com*
 Attorney for Defendants Brian and Corrina Colvin

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>Stavatti Aerospace, Ltd, a Minnesota corporation; Stavatti Aerospace, Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobiliare, Ltd, a Wyoming corporation; Stavatti Industries, Ltd, a Wyoming corporation; Stavatti Niagara, Ltd, a New York corporation; Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainian business entity; Stavatti Heavy Industries Ltd, a Hawaii corporation; Christopher Beskar and Maja Beskar, husband and wife; Brian Colvin and Corrina Colvin, husband and wife; John Simon and Jean Simon, husband and wife; William Mcewen and Patricia Mcewen, husband and wife; Rudy Chacon and Jane Doe Chacon, husband and wife; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.: 2:23-CV-00226-DJH<br><br>**ANSWER RE DEFENDANTS BRIAN AND CORRINA COLVIN**<br><br> (Assigned to the Honorable<br>  G. Murray Snow) |

Defendants Brian ("Colvin") and Corrina Colvin, for their Answer to the Complaint, hereby state as follows: This Answer follows the same paragraph numbers used in the Complaint:

1.      Colvin affirmatively alleges that he never negligently or fraudulently induced Plaintiff to make any investment with Stavatti. Colvin lacks sufficient knowledge, information or belief regarding the remaining allegations and therefore denies the same.

2.      Upon information and belief, Colvin admits that Stavatti an aerospace company that Plaintiff invested $1,000,000 in Stavatti Aerospace, LTD, as evidenced by a certain promissory note between Plaintiff and Stavatti Aerospace, LTD, and that the investment was to be repaid by May 1, 2022, and Stavatti Aerospace, LTD failed to timely repay Plaintiff.  Colvin denies the remaining allegations.

3.      Admitted.

4.      Admitted.

5.      Colvin admits that at all relevant time that he acted within the scope of his employment with Stavatti. Colvin lacks sufficient knowledge, information or belief regarding the remaining allegations and therefore denies the same.

6.      Admitted.

7.      Upon information and belief, admitted.

8.      Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

9.      Upon information and belief, admitted,

10.      Upon information and belief, admitted.

11.      Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

12.      Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

13.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

14.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

15.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

16.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

17.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

18.     Colvin admits that at all relevant time that he acted within the scope of his employment with Stavatti. Colvin lacks sufficient knowledge, information or belief regarding the remaining and therefore denies the same.

19.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

20.     Upon information and belief, admitted.

21.     Admitted.

22.     Denied.

23.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

24.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

25.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

26.     Admitted.

27.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

28.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

29.     Colvin admits that at all relevant time that he acted within the scope of his employment with Stavatti. Colvin lacks sufficient knowledge, information or belief regarding the remaining allegations and therefore denies the same.

## FACTUAL ALLEGATIONS

30.     Colvin admits that Stavatti Aerospace, LTD is an aerospace company that regularly solicits investors.  Colvin also admits that Plaintiff made a $1 million loan to Stavatti Aerospace, LTD, which became due and payable on or before May 1, 2022, as evidence by that certain Promissory Note attached as Exhibit A to the Complaint. Colvin denies the remaining allegations.

31.     Colvin affirmatively alleges that the quote relates to presales of the Hovercraft.

32.     Colvin affirmatively alleges that was provided with a copy of the Stavatti SM-29E Super Fulcrum Confidential Private Placement Memorandum.  Colvin lacks sufficient knowledge, information or belief regarding the remaining allegations and therefore denies the same.

33.     Upon information and belief, Colvin admits that Stavatti never paid Plaintiff according to the Promissory Note.  Colvin also admits that Exhibit C is a copy of the Stavatti SM-29E Super Fulcrum Confidential Private Placement Memorandum. Colvin lacks sufficient knowledge, information or belief regarding the remaining allegations and therefore denies the same.

34.     Upon information and belief, admitted.

35.     Admitted.  Colvin affirmatively alleges that the information in the letter was prepared based on information provided by DelMorgan and Co. and CEO Chris Beskar.

36.     Admitted.

37.     Admitted.

38.     Admitted.

39.     Upon information and belief, admitted.

40.     Upon information and belief, admitted.

41.     Admitted.

42.     Colvin admits that he sent numerous text messages to Plaintiff.   Colvin affirmatively alleges that at the time that time he believed and expected that Stavatti would receive additional funding that could be used to pay Plaintiff.  Colvin denies the remaining allegations.

43.     Colvin admits that he and others at Stavatti sent written communications to Plaintiff stating that Stavatti anticipated receiving additional funding that could be used to pay Plaintiff.  Colvin denies the remaining allegations.

44.     Colvin admits that Plaintiff requested documents regarding Stavatti's liquidity.  Colvin denies the remaining allegations.

45.     Denied.

46.     Colvin affirmatively alleges that Stavatti is an aerospace company that designs and develops aircraft and aerospace products. Colvin admits that Stavatti has not built any aircrafts to date.  Colvin denies the remaining allegations.

47.     Denied.

48.     Denied.

49.     Colvin admits that Stavatti has not built any aircrafts.   Colvin lacks sufficient knowledge, information or belief regarding the remaining allegations and therefore denies the same.

50.     Colvin admits that Stavatti has not built any aircrafts.   Colvin lacks sufficient knowledge, information or belief regarding the remaining allegations and therefore denies the same.

51.     Denied.

52.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

53.     Admitted.

54.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

55.     Colvin affirmatively alleges that Plaintiff was told that he would be paid back as soon as they obtained new funding, whether from equity investments or loans. Colvin denies the remaining allegations.

56.     Colvin affirmatively alleges that DelMorgan and Co., were engaged to raise capital for Stavatti and to secure a bridge loan. Colvin denies the remaining allegations.

57.     Denied.

58.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

## COUNT ONE

### RICO VIOLATIONS

68.     Colvin repeats the answers provided above.

69.     Upon information and belief, admitted.

70.     Colvin lacks sufficient knowledge, information or belief to admit or deny

the allegations and therefore denies the same.

71.    Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

72.    Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

73.    Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

74.    Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

75.    Denied.

76.    Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

## COUNT TWO

### BREACH OF CONTRACT

83.    Colvin repeats the answers provided above.

84.    Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

85.    Colvin admits that Plaintiff and Stavatti entered into the Promissory Note to loan Stavatti $1,000,000.00 and that and Stavatti agreed to pay back the loan to Plaintiff on the terms and conditions provided in the Promissory Note. Colvin denies the remaining allegations.

86.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

87.     Colvin affirmatively alleges that the loan was made to Stavatti and that Stavatti acknowledged receipt of the funds.  Colvin denies the remaining allegations.

88.     Admitted.

89.     Colvin admits that Plaintiff made a loan to Stavatti and that Stavatti agreed to pay back the loan to Plaintiff on the terms and conditions provided in the Promissory Note. Colvin denies the remaining allegations.

90.     Admitted.

91.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

92.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

## COUNT THREE

### FRAUD

93.     Colvin repeats the answers provided above.

94.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

101.     Denied.

## COUNT FOUR

FRAUD IN THE INDUCEMENT

102.     Colvin repeats the answers provided above.

103.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

104.     Denied.

105.     Denied.

106.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

107.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

108.     Denied.

109.     Denied.

## COUNT FIVE

CONVERSION

110.     Colvin repeats the answers provided above.

111.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

112.     Denied.

113.     Denied.

114.     Denied.

115.     Denied.

116.     Denied.

## COUNT SIX

BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

117.     Colvin repeats the answers provided above.

118.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

119.     Colvin admits that Stavatti entered into a written Promissory Note with Plaintiff that required it to repay of Plaintiff's investment on or before May 1, 2022. Colvin denies the remaining allegations.

120.     Denied.

121.     Denied.

122.     Denied.

<strong><u>COUNT SEVEN</u></strong>

BREACH OF FIDUCIARY DUTY

123.     Colvin repeats the answers provided above.

124.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

125.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

126.     Denied.

127.     Denied.

128.     Denied.

129.     Denied.

130.     Denied.

<strong><u>COUNT EIGHT</u></strong>

NEGLIGENCE

131.     Colvin repeats the answers provided above.

132.     Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

133.     Denied.

134.     Denied.

135.     Denied.

136.     Denied.

137.    Denied.

138.    Denied.

139.    Denied.

## COUNT NINE

### INTENTIONAL MISREPRESENTATION

140.    Colvin repeats the answers provided above.

141.    Colvin lacks sufficient knowledge, information or belief to admit or deny the allegations and therefore denies the same.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

## COUNT TEN

### NEGLIGENT MISREPRESENTATION

148.    Colvin repeats the answers provided above.

149.    Colvin lacks sufficient knowledge, information or belief regarding the allegations and therefore denies the same.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

## COUNT ELEVEN

### UNJUST ENRICHMENT

154.    Colvin repeats the answers provided above.

155.    Colvin lacks sufficient knowledge, information or belief regarding the

allegations and therefore denies the same.

156.    Denied

157.    Denied.

158.    Denied.

159.    Denied.

## COUNT TWELVE

### TORTIOUS INTERFERNCE WITH CONTRACT

160.    Colvin repeats the answers provided above.

161.    Colvin lacks sufficient knowledge, information or belief regarding the allegations and therefore denies the same.

162.    Colvin lacks sufficient knowledge, information or belief regarding the allegations and therefore denies the same.

163.    Colvin lacks sufficient knowledge, information or belief regarding the allegations and therefore denies the same.

164.    Denied.

165.    Denied.

166.    Denied.

## COUNT THIRTEEN

### CIVIL CONSPIRACY

167.    Colvin repeats the answers provided above.

168.    Colvin lacks sufficient knowledge, information or belief regarding the allegations and therefore denies the same.

169.    Colvin lacks sufficient knowledge, information or belief regarding the allegations and therefore denies the same.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

## GENERAL DENIAL

175.    All allegations not specifically admitted herein are hereby denied in their entirety.

## AFFIRMATIVE DEFENSES

1.    As and for a separate defense, all acts were performed in the course and scope of employment.

2.    As and for a separate defense, no intent to defraud.

3.    As and for a separate defense, assumption of risk.

4.    As and for a separate defense, contributory or comparative negligence.

5.    As and for a separate defense, economic loss rule.

6.    Defendants place Plaintiff on notice that it may raise the possible affirmative defenses set forth in Rule 8(d), Ariz.R.Civ.P. which, through subsequent discovery, may be supported by the facts.

WHEREFORE, having answered Plaintiff's Complaint, Defendants pray for judgment of the Court as follows:

A.    That Plaintiff's Complaint be dismissed, and that Plaintiff take nothing thereby;

B.    That Defendants be awarded her reasonable attorneys' fees and cost, and;

C.    For such other and further relief the Court deems proper and just.

DATED this 22nd day of September 2023.

### LAW OFFICE OF NINO ABATE, PLC

By: /s/ Nino Abate
  Nino Abate, Esq.
      Attorney for Defendants Brian and Corrina Colvin

1
2

**CERTIFICATE OF SERVICE**

3

    I hereby certify that on this <u>22nd</u> day of September 2023, I electronically

4

transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with transmittal of a Notice of Electronic Filing to the following CM/ECF

5

registrants:

6

                By: <u> /s/             </u>

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28