**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov,<br><br>        Plaintiff,<br><br>v.<br><br>Stavatti Aerospace Limited, et al.,<br><br>        Defendants. | No. CV-23-00226-PHX-DJH<br><br>**ORDER** |

There are twenty named Defendants in this action.[1] Plaintiff Valentino Dimitrov ("Plaintiff") has filed a Motion for Alternative Service (Doc. 24) regarding Defendants Maja Beskar, Brian Colvin, Corrina Colvin, and Rudy Chacon. Invoking Federal Rule of Civil Procedure 4(e)(1) and Arizona Rule of Civil Procedure 4.1(k), Plaintiff seeks to serve these Defendants via (1) First Class U.S. mail, and (2) affixing a copy of the Summons, Complaint, and the order authorizing alternative service to the front door of each Defendant. (*Id*. at 2). For the following reasons, the Court grants Plaintiff's Motion as to Defendant Rudy Chacon only.

**I.    Background**

Upon review of the docket, Plaintiff has accomplished service on the following Defendants:

- John Simon (Doc. 7);
- Stavatti Niagara, Ltd, a New York corporation (*Id*.);

---

[1] One named Defendant encompasses Unknown Parties named as Does 1-10, inclusive.

- Stavatti Aerospace, Ltd, a Wyoming corporation (*Id.*);
- Stavatti Heavy Industries Ltd, a Hawaii corporation (*Id.*);
- Stavatti Immobiliare, Ltd, a Wyoming corporation (*Id.*);
- Stavatti Industries, Ltd, a Wyoming corporation (*Id.*);
- Stavatti Super Fulcrum, Ltd, a Wyoming corporation (*Id.*);
- Stavatti Corporation, a Minnesota corporation (Doc. 16);
- Christopher Beskar (*Id.*);
- Patricia Mcewen (*Id.*);
- William Mcewen (*Id.*);
- Jean Simon (*Id.*);
- Brian Colvin (Doc. 27); and
- Corrina Colvin (Doc. 28).

(Docs. 7; 16; 27; 28). On July 14, 2023, all Defendants—with the exception of Brian and Corrina Colvin and Rudy and Jane Doe Chacon—filed a Motion to Set Aside Entry of Default (Doc. 21 at 1).[2] On September 22, 2023, Defendants Brian Colvin and Corrina Colvin filed an Answer (Doc. 29).

**II. Discussion**

Though Plaintiff seeks permission to serve Defendants Brian Colvin, Corrina Colvin, Maja Beskar, and Rudy Chacon by alternate means, since the filing of the Motion, the docket shows that Defendants Brian Colvin, Corrina Colvin, and Maja Beskar have been served or have otherwise appeared in this case (Docs. 27; 28; 29; 21). Therefore, Plaintiff's request is moot as to these Defendants. The remaining issue is whether alternative service is warranted on Defendant Rudy Chacon under Federal Rule 4©(1)[3] and Arizona Rule 4.1(k).[4]

---

[2] The Court notes that although there is nothing on the record indicating whether Defendants Maja Beskar, Stavatti Aerospace, Ltd, a Wyoming corporation, and Stavatti Ukraine have been served, it appears they jointly filed the Motion to Set Aside Entry of Default. (Doc. 21).

[3] Unless where otherwise noted, all Federal Rule references are to the Federal Rules of Civil Procedure.

[4] Unless where otherwise noted, all Arizona Rule references are to the Arizona Rules of

- 2 -

Federal Rule 4(c)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(c)(1). In turn, Arizona Rule 4.1(k) authorizes alternative means of service "within Arizona" and provides the following procedure:

> (1) [] If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are *impracticable*, the court may-on motion and without notice to the person to be served-order that service may be accomplished in another manner.
>
> (2) Notice and Mailing. If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement. In any event, the serving party must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served.

Ariz. R. Civ. P. 4.1(k)(1)–(2) (emphasis added). The impracticable standard "does not mean impossible, but rather that service would be extremely difficult or inconvenient. This standard requires something less than the 'due diligence' showing required before service by publication may be utilized." *Bank of N.Y. Mellon v. Dodev*, 433 P.3d 549, 558 (Ariz. Ct. App. 2018) (internal citation and quotations omitted).

Here, plaintiff has attempted service on Defendant Rudy Chacon at a California address on two separate occasions, both on March 3, 2023. (*See* Docs. 24 at 3; 14-3). During the second instance, the process server contacted Defendant Rudy Chacon via telephone, where Defendant Rudy Chacon indicated he recently moved to Arizona. (*Id*.) Service upon Defendant Rudy Chacon was ultimately unsuccessful because Defendant Rudy Chacon declined to provide his new address to the process server. (*Id*.)

Arizona Rule 4.1 applies because it appears Defendant Rudy Chacon resides within this jurisdiction. (Doc. 14-3). Defendant Rudy Chacon's uncooperative manner

Civil Procedure.

supports a finding that service would be "extremely . . . inconvenient" and merits alternative service under Arizona Rule 4.1. *See Dodev*, 433 P.3d at 558; Ariz. R. Civ. P. 4.1(k)(1). Furthermore, Plaintiff's proposal to (1) send a copy of the Summons, Complaint, and this Order via First Class U.S. mail to the last-known business or residential address of Defendant Rudy Chacon;[5] and (2) affix a copy of the Summons, Complaint, and this Order to the front door of Defendant Rudy Chacon complies with the mailing requirements under Arizona Rule 4.1(k)(2) and constitutes reasonable efforts to provide Defendant Rudy Chacon with actual notice of this action.[6] *See* Ariz. R. Civ. P. 4.1(k)(2).

Accordingly,

**IT IS ORDERED** that Plaintiff Valentino Dimitrov's Motion for Alternative Service (Doc. 24) is **denied as moot** as to Defendants Maja Beskar, Brian Colvin, and Corrina Colvin, and **granted** as to Defendant Rudy Chacon.

**IT IS FINALLY ORDERED** that to serve Defendant Rudy Chacon under Arizona Rule of Civil Procedure 4.1(k), Plaintiff Valentino Dimitrov shall (1) send a copy of the Summons, Complaint, and this Order via First Class U.S. mail to the last-known business or residential address of Defendant Rudy Chacon; and (2) affix a copy of the Summons, Complaint, and this Order to the front door of Defendant Rudy Chacon. **Plaintiff shall effectuate service and file a notice of service with the Court no later than October 6, 2023.**

Dated this 28th day of September, 2023.

Honorable Diane J. Humetewa
United States District Judge

---

[5] This last known address must be Defendant Rudy Chacon's Arizona address, not his California address.

[6] To comport with constitutional notions of due process "service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).