**GEORGE K. CHEBAT (034232)**
George@EnaraLaw.com
**JOSEPH J. TOBONI (031385)**
Joseph@EnaraLaw.com
**DANIEL DE JULIO (035854)**
Danny@Enaralaw.com
**Enara Law PLLC**
7631 East Greenway Road, Suite B-2
Scottsdale, Arizona 85260
Telephone: (602) 687-2010
Filings@EnaraLaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>Stavatti Aerospace, Ltd, a Minnesota corporation; Stavatti Aerospace, Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobiliare, Ltd, a Wyoming corporation; Stavatti Industries, Ltd, a Wyoming corporation; Stavatti Niagara, Ltd, a New York corporation Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainian business entity; Stavatti Heavy Industries Ltd, a Hawaii corporation; Christopher Beskar and Maja Beskar, husband and wife; John Simon and Jean Simon, husband and wife; William Mcewen and Patricia Mcewen, husband wife; Rudy Chacon and Jane Doe Chacon, husband and wife; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:23-CV-00226-PHX-DJH<br><br><br><br>**PLAINTIFF'S MOTION TO EXTEND TIME FOR ALTERNATIVE SERVICE UPON DEFENDANT RUDY CHACON**<br><br>**(Expedited Ruling Requested)** |

///

1

Plaintiff Valentino Dimitrov moves the Court pursuant to Fed R. Civ. R. 4(m) and LRCiv 7.3 to extend the time for court-approved alternative service upon Defendant Rudy Chacon that has yet to be served in this matter for 31 days, or until November 6, 2023. Additionally, Plaintiff requests permission from the Court to alternatively serve Defendant Rudy Chacon at his California address, as no address has been able to be located for Defendant Chacon anywhere within the State of Arizona, despite multiple efforts to do so.

This Court granted Plaintiff's Motion for Alternative Service upon Defendant Rudy Chacon on September 28, 2023 allowing Plaintiff to serve Defendant Chacon by, "Notice and Mailing. If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement. In any event, the serving party must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served" as allowed by Arizona Rule 4.1(k). This Court's Order also stated on page 4, footnote 5, "This last known address must be Defendant Rudy Chacon's Arizona address, not his California address." The Court further advised that Notice of said alternative service must be provided to the Court by October 6, 2023, however Plaintiff has been unsuccessful in locating an Arizona address for Defendant Chacon in which to be able to comply.

As previously provided to the Court, Defendant Chacon represented to the process server from ABC Legal that he no longer resides in California and now resides in Arizona. (Doc 24, EXT. D). However, despite multiple attempts by Plaintiff's counsel to locate Defendant Chacon's Arizona address, no address for Defendant Chacon has been able to be located anywhere within the State of Arizona. Upon information and belief, Defendant Chacon's representation that he now resides in the State of Arizona was false when made and was made willfully with the intention to mislead Plaintiff and Plaintiff's counsel in an

2

attempt to evade service of process. In the alternative, Plaintiff requested that the Summons, Complaint, and copy of the Court's September 28, 2023 Order granting Alternative Service be affixed to the door of Defendant Chacon's last known address of 715 West 31st Street, Apt. A, San Pedro, California 90713-6759 in an attempt to abide by the Court's Order granting Alternative Service. This address, however, resides within a gated community wherein the process server was not able to access the front door to Defendant Chacon's residence, therefore the required paperwork was requested to be affixed to the outside gate leading into the community by the process server. *See* photograph and note provided by the process server ABC Legal of the gated residence, attached hereto as **Exhibit A**.

The court must grant a motion to extend time for service if good cause exists for the extension. *See Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009); *See also In re Sheehan*, 253 F.3d 507 (9th Cir. 2001); Fed R. Civ. R. 4(m). To show good cause, a plaintiff may be required to show that i) the party to be served received actual notice of the lawsuit, ii) the defendant would suffer no prejudice and iii) plaintiff would be severely prejudiced if his complaint were dismissed. *See Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). Evading service constitutes good cause for extending service purposes. *See In re Waldner*, 183 B. R. 879 (Bankr. App. 9th Cir. 1995).

Good cause exists to extend time for service for 31 days, or until November 6, 2023, as all the *Boudette* factors are met. Additionally, the defendant is evading service which alone constitutes the good cause needed to grant this Motion. Here, Defendant Chacon in fact received actual notice of the lawsuit. Prior to the initiation of this litigation, Plaintiff had an extensive telephone conversation with Defendant Chacon in an effort to avoid litigation, however, Defendant Chacon's response to Plaintiff was simply that, "these things happen", clearly stated in an effort to avoid any responsibility for the

misappropriation of Plaintiff's funds. Additionally, the Notice of Service of Process filed with the court on March 28, 2023, shows that many of the Defendants in this matter have been properly served. (Doc. 7). As Defendant Chacon is closely associated with the Defendants that have been served in this matter, and due to the fact that some of them have reached out to Plaintiff's counsel to discuss this case, demonstrates it is clear that the unserved Defendant has actual notice of this lawsuit. Therefore, the first *Boudette* factor is met.

Additionally, Defendant Chacon is a sophisticated individual with an in-depth understanding of finance and law. Defendant Chacon has found himself embroiled in or associated with litigation in the past, including being discussed in depth in a Federal Securities Fraud complaint filed by the U.S. Securities and Exchange Commission (SEC) filed December 4, 2001, wherein Plaintiff discovered through the Complaint that "Defendant [Rudy] Chacon formed Superior, Inc. ("Superior"), a Bahamian corporation, for the purpose of making various investments." (¶ 6). *See* Complaint for Violations of The Federal Securities Laws filed December 4, 2001, attached hereto as **Exhibit B**. Defendant Chacon has established a Bahamian corporation in an effort to evade national and international regulations and taxes.

Furthermore, given statements made by Defendant Chacon to Plaintiff representing his ownership interest in international residences, Chacon may in fact have fled the United States, let alone the State of Arizona, in an effort to evade service. During previous in-person discussions with Plaintiff, Defendant Chacon informed Plaintiff that he maintains multiple foreign residences, including properties in Costa Rica. It is believed Defendant Chacon may have fled the United States and may be residing internationally, possibly in Costa Rica, in an attempt to evade service for this matter and avoid his responsibility as a Defendant in this action. Moreover, the SEC Complaint also demonstrates Defendant

Chacon's pattern and involvement with dealing in, transferring, and misappropriating millions of dollars of investor funds as he has done in the above-referenced matter (¶¶ 8-9). Defendant Chacon cannot be allowed to skirt his responsibility to answer the claims alleged against him within Plaintiff's Complaint.

Next, the second and third *Boudette* factors are met as there will be no prejudice to the Defendants by extending the time to serve Defendant Chacon and Plaintiff will have delayed justice and be prejudiced by the same if this extension is not granted. Separately, Defendant Chacon is evading service which is by itself is good cause. *See In re Waldner*, 183 B. R. 879 (Bankr. App. 9th Cir. 1995). As the evidence shows, the Defendant allegedly "moved away" from the location Plaintiff believes he normally resides. (Doc 24, EXT. D). Additionally, Defendant Chacon verbally advised the process server upon contact that he moved away from the last known location in California and now resides in Arizona; however, no address has been able to be located for Defendant Chacon in Arizona, despite multiple attempts by undersigned counsel to do so. This misleading representation made by Defendant Chacon to the process server is evidence of his evading service. Skip-tracing investigations and reports have found that no assets, addresses, or public utilities have been associated with Defendant Chacon in the state of Arizona; meanwhile, these reports have shown decades of association with California, both in personal and professional capacities. This comprehensive report provides the following known addresses for Defendant Chacon from 1977 through 2023, all located within the State of California:

- 715 W 31ST ST APT A, SAN PEDRO, CA 90731-6759 (LOS ANGELES COUNTY) [Most Recent];
- 715 W 31ST ST, SAN PEDRO, CA 90731-6758 (LOS ANGELES COUNTY) (08/1996 to 05/19/2021);

- 5610 SCOTWOOD DR, RANCHO PALOS VERDES, CA 90275-4915 (LOS ANGELES COUNTY) (12/07/2018 to 07/05/2019);
- PO BOX 2541, SAN PEDRO, CA 90731-0878 (LOS ANGELES COUNTY) (12/01/2008 to 09/05/2018);
- 715-31ST 110TH ST, SAN PEDRO, CA 90731 (LOS ANGELES COUNTY) (05/01/2007 to 05/13/2007);
- 26617 VIA MARQUETTE, LOMITA, CA 90717-3632 (LOS ANGELES COUNTY) (05/01/1988 to 01/23/2003);
- 639 W 9TH ST # E146, SAN PEDRO, CA 90731-3107 (LOS ANGELES COUNTY) (05/01/1984 to 01/23/2003);
- 639 W 9TH ST, SAN PEDRO, CA 90731-3107 (LOS ANGELES COUNTY) (11/1977 to 01/23/2003); and
- 2419 IVES LN, REDONDO BEACH, CA 90278-5117 (LOS ANGELES COUNTY) (04/03/2000 to 04/03/2000).

Additionally, Plaintiff Dimitrov has met with Defendant Chacon on multiple separate occasions in person, all of which were within the State of California. Even in accordance with Defendant Chacon's own LinkedIn page, he has a historical, decades-old nexus to the State of California. *See* Defendant Chacon's LinkedIn profile attached hereto as **Exhibit** C.

Therefore, good cause exists to grant this motion and extend time for the alternative service previously granted by this Court and to allow Plaintiff to alternatively serve Defendant Chacon in California.

/ / /

/ / /

/ / /

6

THEREFORE, for the reasons stated herein, Plaintiff respectfully requests this motion be granted and the deadline for alternative service of process be extended for 31 days, or until November 6, 2023.  Lastly, Plaintiff respectfully requests this Court allow Plaintiff to alternatively serve Defendant Chacon at his last known address in California.

**DATED** this 6th day of October 2023.

                                            **ENARA LAW, PLLC**

                                            By: /s/ *George K. Chebat*
                                                 George K. Chebat
                                                 Joseph J. Toboni
                                                 Daniel de Julio
                                                 Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of October 2023, copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all parties and counsel of record via the CM/ECF system.

By: *Shelly N. Witgen, ACP*