**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, | No. CV-23-00226-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Stavatti Aerospace Limited, et al., | |
| Defendants. | |

Plaintiff Valentino Dimitrov ("Plaintiff") has filed a "Motion to Extend Time for Alternative Service Upon Defendant Rudy Chacon" (Doc. 31). The Court must decide whether good cause exists to extend the service deadline under Federal Rule of Civil Procedure 4(m),[1] and whether service is warranted under Arizona Rule of Civil Procedure 4.2.[2] For the following reasons, the Court grants Plaintiff's Motion.

**I.      Background**

In March 2023, Plaintiff's process server attempted to serve Defendant Rudy Chacon ("Defendant Chacon") at his California address to no avail. (Doc. 14-3). The process server further represented that when she contacted Defendant Chacon via telephone, he indicated he recently moved to Arizona but declined to provide his new address. (*Id.*) In September 2023, upon Plaintiff's request, the Court permitted Plaintiff

---

[1] Unless where otherwise noted, all Federal Rule references are to the Federal Rules of Civil Procedure.

[2] Unless where otherwise noted, all Arizona Rule references are to the Arizona Rules of Civil Procedure.

to serve Defendant Rudy Chacon ("Defendant Chacon") in accordance with Arizona Rule 4.1(k), which governs alternative means of service "within Arizona". (Doc. 30). The Court allowed Plaintiff until October 6, 2023, to (1) send a copy of the relevant documents via First Class U.S. mail to the Defendant Chacon's last-known address; and (2) affix a copy of the relevant documents to the front door of Defendant Chacon's last-known address. (*Id*. at 4). The Court specified that this last known-address must be Defendant Chacon's Arizona address, not his California address.[3]  (*Id*. n.5). On the October 6, 2023, service deadline, Plaintiff filed the present Motion.

**II.    Discussion**

Plaintiff requests the Court to (1) extend the service deadline to November 6, 2023; and (2) allow service of Defendant Chacon at his California address. (Doc. 31 at 2). The Court will address each request in turn.

**A.    Good Cause**

Federal Rule 4(m) provides the following with respect to service deadlines:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). District courts enjoy broad discretion when making extension decisions under Rule 4(m). *See In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The Ninth Circuit has defined "good cause" to mean, at minimum, excusable neglect. *Boudette v. Barnette*, 923 F.2d 754, 755–56 (9th Cir. 1991). A district court may also consider whether the plaintiff has established the following: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id*. at 756 (citing

---

[3] Plaintiff's process server represents that when she attempted to serve Defendant Chacon at his California address and contacted Defendant Chacon via telephone, Defendant Chacon indicated he recently moved to Arizona but declined to provide his new address. (Doc. 14-3).

1   *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir. 1987)).

2       Plaintiff contends good cause exists to extend the deadline for service on Defendant

3   Chacon because all three *Boudette* factors are present.  Plaintiff maintains Defendant

4   Chacon received actual notice of the present action because Plaintiff contacted him in

5   January 2023 in an effort to avoid litigation.  (Docs. 31 at 3; 32 at 2).  Plaintiff further states

6   he is prejudiced because he believes "Defendant Chacon may have fled the United States

7   and may be  that residing internationally, possibly in Costa Rica,[4] in an attempt to evade

8   service[.]"  (Doc. 31 at 4).  The Court finds Plaintiff has shown good cause exists under

9   Federal Rule 4(m) to extend the service deadline.

10      **B.**    **Alternative Service Under Arizona Rule 4.2(c)**

11      Plaintiff also requests permission to serve Defendant Chacon at his California

12  address.  Plaintiff's request is therefore governed by Arizona Rule 4.2, which authorizes

13  service of process "outside Arizona." Ariz. R. Civ. P. 4.2(c).  Arizona Rule 4.2(c) provides

14  the following procedure for extraterritorial service by mail:

15  
16      [] If a serving party knows the address of the person to be served and the
        address is outside Arizona but within the United States, the party may serve
17      the person by mailing the summons and a copy of the pleading being served
        to the person at that address by any form of postage-prepaid mail that requires
18      a signed and returned receipt.

19      [] When the post office returns the signed receipt, the serving party must file
20      an affidavit [of service.]

21  Ariz. R. Civ. P. 4.2(c)(1)–(2).

22      Plaintiff represents that "despite multiple attempts by Plaintiff's counsel to locate

23  Defendant Chacon's Arizona address, no address for Defendant Chacon has been able to

24  be located anywhere within the State of Arizona."  (Doc. 31 at 2).  He further identifies

25  nine California address he believes are associated with Defendant Chacon from 1977

26  through 2023.  (*Id.* at 5–6).  Thus, Plaintiff seeks to serve Defendant Chacon at his last-

27  
28  _____
    [4] Plaintiff represents that Defendant Chacon indicated he maintains multiple foreign
    residences, including properties in Costa Rica.  (Doc. 31 at 4).

1   known California address by affixing to the front door the relevant service documents.  (*Id.*

2   at 3).

3           In light of these circumstances, the Court will permit Plaintiff to serve Defendant

4   Chacon's at his last-known California address.  However, Plaintiff must follow the

5   extraterritorial service by mail procedures as outlined under Arizona Rule 4.2(c).

6   **III.   Conclusion**

7           Plaintiff has shown good cause exists under Federal Rule 4(m) to extend the service

8   deadline to November 6, 2023.  Plaintiff may attempt to serve Defendant Chacon at his last

9   known California address by mailing the summons and a copy of the pleading to that

10  address by any form of postage-prepaid mail that requires a signed and returned receipt.

11  *See* Ariz. R. Civ. P. 4.2(c).  Plaintiff must also file an affidavit of service that complies

12  with Arizona Rule 4.2(c).  *See* Ariz. R. Civ. P. 4.2(c)(2).

13          Accordingly,

14          **IT IS ORDERED** that Plaintiff Valentino Dimitrov's "Motion to Extend Time for

15  Alternative Service Upon Defendant Rudy Chacon" (Doc. 31) is **GRANTED**.

16          **IT IS FINALLY ORDERED** that to serve Defendant Rudy Chacon under Arizona

17  Rule of Civil Procedure 4.2(c), Plaintiff Valentino Dimitrov shall mail to the last-known

18  California address of Defendant Rudy Chacon the Summons, Complaint, and this Order

19  via any form of postage-prepaid mail that requires a signed and returned receipt.  Plaintiff

20  shall effectuate service and file an affidavit of service with the Court no later than

21  **November 6, 2023.**

22          Dated this 12th day of October, 2023.

23

24  _____

25  Honorable Diane J. Humetewa
    United States District Judge

26

27

28