WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Stavatti Aerospace Limited, et al.,<br><br>　　　　　　　Defendants. | No. CV-23-00226-PHX-DJH<br><br>**ORDER** |

The Clerk of Court entered default under Federal Rule of Civil Procedure 55(a) against Defendants John Simon; Stavatti Niagara, Ltd, a New York corporation; Stavatti Aerospace, Ltd, a Wyoming corporation; Stavatti Heavy Industries Ltd, a Hawai'i corporation; Stavatti Immobiliare, Ltd, a Wyoming corporation; Stavatti Industries, Ltd, a Wyoming corporation; Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota Corporation; Christopher Beskar; Patricia Mcewen; William Mcewen; and Jean Simon (together the "Defaulting Defendants"). (Docs. 9; 12; 19). Plaintiff Valentino Dimitrov ("Plaintiff") has since filed two motions for default judgment (Docs. 13; 20).[1] Also pending is the Motion to Set Aside Entry of Default (Doc. 21)[2] filed by the Defaulting Defendants; Defendant Stavatti Ukraine; Defendant Stavatti Aerospace,

---

[1] The matters are fully briefed. As to Plaintiff's first Motion for Default Judgement, the Represented Defendants did not file a response and the time to do so has passed. As to Plaintiff's second Motion for Default Judgment, the Represented Defendants filed a Response (Doc. 22). Plaintiff has not filed a reply and the time to do so has passed.

[2] The matter is fully briefed. Plaintiff filed a Response (Doc. 23) and Defendants filed a Reply (Doc. 25).

Ltd, a Minnesota corporation; and Defendant Maja Beskar (together the "Represented Defendants").[3]  The Court must decide whether the Represented Defendants have shown good cause under Rule 55(c)[4] to set aside the Clerk of Court's entry of default against the Defaulting Defendants.  Fed. R. Civ. P. 55(c).  The Court finds the Represented Defendants have met their burden.  So, the Court grants the Represented Defendants' Motion and denies Plaintiff's Motions.

I.   **Background**

According to its website, Stavatti Aerospace, Ltd ("Stavatti Aerospace")[5] "generates revenues and net shareholder earnings through the design and production of major fixed wing aircraft and aerospace vehicles" and "is owned by shareholders who elect a board of directors who in turn appoint executive officers to manage the daily business affairs of the corporation[.]"  (Doc. 1-3 at 2).  The twenty named Defendants in this matter are either subsidiaries, entities, agents, executives, or employees of Stavatti Aerospace.[6]  (Doc. 1 at ¶¶ 8–29).

A.   **The $1 Million Investment Note**

On February 27, 2022, Plaintiff and Stavatti Aerospace executed a Promissory Note (Doc. 1-2) (the "Investment Note") where Plaintiff invested $1 million as an angel investor.  It appears that Defendant Christopher Beskar signed the Investment Note through his capacity as Chief Executive Officer of Stavatti Aerospace.  (*Id*. at 3).  However, the Represented Defendants contend Defendant Christopher Beskar did not sign or authorize the Investment Note—rather, Defendant Brian Colvin forged the signature by "using a fraudulent transfer . . . from a blank form non-disclosure Agreement."  (Doc. 21 at 4).

The Investment Note obligated Stavatti Aerospace to repay the principal of the loan

---

[3] The Represented Defendants include all Defendants in this action except Defendants Brian Colvin, Corrina Colvin, and Rudy Chacon.  (Doc. 21 at 1).

[4] Unless where otherwise noted, all Rule references are to the Federal Rules of Civil Procedure.

[5] The Court assumes Stavatti Aerospace, Ltd, includes Defendant Stavatti Aerospace, Ltd, a Wyoming corporation; and Stavatti Aerospace, Ltd, a Minnesota corporation.

[6] One named Defendant encompasses Unknown Parties named as Does 1-10, inclusive.

by May 1, 2022. (Doc. 1-2 at 2). Plaintiff claims Stavatti Aerospace "never returned any of the capital investment by Plaintiff", and "never provided Plaintiff adequate assurances as to Stavatti's liquidity or intent to repay Plaintiff under the terms of the [Investment Note.]" (Doc. 1 at ¶ 30). From June–July 2022, Plaintiff engaged in various correspondence with Defendants Brian Colvin and Rudy Chacon requesting payments to no avail. (*Id*. at ¶¶ 34–53). The Represented Defendants contend that, unbeknownst to them, Defendant Brian Colvin "communicate[d] with Plaintiff referring to himself as President of Stavatti Aerospace Ltd", "perpetuat[ed] the deception that the two-month maturity date had been acknowledged by the company", and "provid[ed] excuses and promises that were apparently intended to keep the unauthorized loan from scrutiny by the company." (Doc. 21 at 4).

On October 10, 2022, Plaintiff's Counsel, Mr. George Chebat, sent a letter addressed to various Stavatti entities[7] titled "Demand for Repayment on $1 Million Investor Note" (Doc. 23-1 at 2–8) (the "October Demand Letter"). The Represented Defendants claim it was only then did Defendant Christopher Beskar "finally learn[] of the note and its default; until that time [Defendant Brian] Colvin had been interfacing with Plaintiff without keeping Stavatti abreast of the true state of affairs." (Doc. 21 at 4).

On October 24, 2022, Defendant Christopher Beskar responded to the October Demand Letter (Doc. 26-8) (the "October Response"). He justified the lack of payment on the Investment Note due to delays in other investment opportunities. (*Id*. at 2–5). He further expressed Stavatti Aerospace's commitment to repay Plaintiff "within the next 15 to 90 days." (*Id*. at 7).

### B. Procedural History

On February 3, 2023, Plaintiff filed a Complaint (Doc. 1) against Defendants alleging violations of the Federal Racketeer Influenced and Corrupt Organizations Act,

---

[7] The October Letter was addressed to Stavatti Aerospace; Defendant Stavatti Immobiliare, Ltd; Defendant Stavatti Niagara, Ltd, a New York corporation; Defendant Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Defendant Stavatti Industries, Ltd, a Wyoming corporation; Defendant Stavatti Ukraine; and Defendant Stavatti Corporation, a Minnesota Corporation. (Doc. 23-1 at 2).

18 U.S.C. § 1961 *et seq.*; breach of contract, fraud, conversion, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, negligence, intentional misrepresentation, negligent misrepresentation, unjust enrichment, tortious interference with a contract, civil conspiracy. (*Id.* at ¶¶ 68–174). Seven weeks passed and no Defendant answered or otherwise appeared to defend.

On March 28, April 3, and June 9, 2023, Plaintiff requested the Clerk of Court to enter default against the Defaulting Defendants. (Docs. 8; 11; 18). The Clerk granted each of Plaintiff's requests. (Docs. 9; 12; 19). Plaintiff then filed two motions for default judgment against the Defaulting Defendants on April 6 and July 13, 2023, respectively. (Docs. 13; 20). On July 14, 2023, the Represented Defendants appeared for the first time and moved to set aside the Court of Clerk's entries of default under Rule 55. (Doc. 21).

## II. Legal Standard

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The court's discretion in setting aside an order of default is especially broad where, as here, a party seeks to set aside the entry of an order of default before the entry of a default judgment. *See Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). In evaluating a motion to set aside default rather than a default judgment, any doubt should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits. *See O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994).

"What constitutes 'good cause' is within the discretion of the trial court." *FOC Financial Ltd. Partnership v. National City Commercial Capital Corp.*, 612 F.Supp.2d 1080, 1082 (D. Ariz. 2009) (citations omitted). The court should consider three factors when conducting a good cause analysis under Rule 55(c): (1) whether the moving party engaged in culpable conduct that led to the default; (2) whether there is prejudice to the non-moving party; and (3) whether the moving party had a meritorious defense. *See Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004).

### III.   Discussion

The Court must decide whether the Represented Defendants have shown good cause to set aside the Clerk of Court's entry of default. The Court will address each of the three consideration factors in turn.

#### A.   Culpable Conduct

As to the first factor, the Represented Defendants argue they did not engage in culpable conduct because their failure to appear was not willful. (Doc. 21 at 8–9). They aver that on April 25, 2023—nine days after being served—they initially retained Mr. Andrew as counsel who (1) misrepresented that he was an Arizona licensed attorney; (2) did not answer the complaint or otherwise appear in this action despite his assurances; (3) took the Represented Defendants' money under false pretenses; and (4) "put [the Represented Defendants] in the situation they are now in." (*Id*. at 5).[8] The Represented Defendants argue that failure to file a responsive pleading was not their fault, and they promptly retained new counsel upon learning the true state of Mr. Andrew's affairs. (Docs. 21 at 5; 26 at 6). They further contend they made reasonable efforts to communicate with Plaintiff and his Counsel through the October Response, yet Plaintiff's counsel remained unresponsive and "continued to press forward with his claims." (Doc. 21 at 8).

On the other hand, Plaintiff argues the Represented Defendants' conduct was culpable because they had actual notice of the action when they were served and intentionally ignored the summons. (Doc. 23 at 8). He maintains that the Represented Defendants' experience with Mr. Andrew does not constitute excusable neglect because Represented Defendants "had adequate time to find alternative counsel." (*Id*. at 10).

#### 1.   Exceptions for Grossly Negligent Counsel

A defendant's conduct is typically deemed "culpable" where "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001). Only intentional

---

[8] Defendant Chris Baker represents he reported Mr. Andrews to the State Bar of Arizona. (Docs. 26 at 6; 26-7)

conduct is sufficiently culpable to deny a motion to set aside default. *Id.*

As to conduct on part of a parties' counsel, the general rule is "parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside" default. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P' ship*, 507 U.S. 380, 397 (1993) (stating that parties are "held responsible for the acts and omissions of their chosen counsel")). However, the Ninth Circuit carved out an exception to this rule in *Cmty. Dental Services. v. Tani*: default "may" be set aside where counsel commits "gross negligence." 282 F.3d 1164, 1169 (9th Cir. 2002); *see also Williams v. Los Angeles Sheriff's Dep't*, 2020 WL 5948286, at *9–10 (C.D. Cal. June 29, 2020) (examining the *Tani* exception in the context of a Rule 55(c) motion). Gross negligence is defined as when a parties' counsel displays neglect "so gross that it is inexcusable." *Tani*, 282 F.3d at 1168. The rationale for this exception is that "[w]hen an attorney is grossly negligent . . . the judicial system loses credibility as well as the appearance of fairness, if the result is that an innocent party is forced to suffer drastic consequences." *Id.* at 1170.

In *Tani*, the Ninth Circuit held that the defense counsel committed gross negligence when he "virtually abandoned his client by failing to proceed with his client's defense." *Id.* It found that by explicitly misrepresenting to the client that the case was proceeding properly and he was performing his responsibilities, the defense counsel deprived his client of the opportunity to take action to preserve his rights. *Id.* at 1171. Furthermore, there was "no evidence in the record that [the defendant's own] conduct in any way formed a part of the [court's] justification for ordering the default judgment." *Id*. at 1172.

### 2. Gross Negligence on Part of the Represented Defendants' Prior Counsel is Not Chargeable to the Represented Defendants

The Court finds the *Tani* exception applies to the present matter. Like the grossly negligent defense counsel in *Tani*, Mr. Andrews assured the Represented Defendants that the case was proceeding smoothly and "he was taking care of the matter", yet did not perform his responsibilities. Mr. Andrew did not answer the complaint or otherwise appear

in front of this Court. (Doc. 21 at 5). Indeed, "conduct on the part of a client's alleged representative that results in the client's receiving practically no representation at all clearly constitutes gross negligence[.]" *Tani*, 282 F.3d at 1171. Mr. Andrews further misrepresented that he was licensed to practice law within this district, which is clearly inexcusable conduct. (Doc. 21 at 5). There is no other evidence in the record showing the Represented Defendants' own intentional conduct contributed to their default. Upon learning in June 2023 that Mr. Andrews was not appropriately licensed, the Represented Defendants promptly retained new counsel and filed the present motion to set aside default in July 2023. (Docs. 21 at 5; 26 at 7).

The Court finds Mr. Andrew's gross negligence is not chargeable to the Represented Defendants and they are not otherwise culpable. When resolving any doubt in favor of the Represented Defendants so that case may be decided on the merits, as the Court must under Rule 55, this first factor weighs in favor of setting aside default. *See O'Connor*, 27 F.3d at 364.

### B. Prejudice to Plaintiff

As to the second factor, Plaintiff claims that setting aside entry of default will prejudice him because he "has expended his resources in the pursuit of justice before this Court for months[.]" (Doc. 23 at 5). But to be prejudicial, the setting aside of the default "must result in greater harm than simply delaying the resolution of the case. The standard is whether the Plaintiff's ability to pursue his claim will be hindered." *TCI Grp.*, 244 F.3d at 701. Here, Plaintiff's ability to pursue his claim is not hindered; it is merely delayed. Nor does the cost of litigation demonstrate sufficient prejudice. *Id.* ("For had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring the costs of doing so."). Moreover, where default judgment has not been entered, the lack of prejudice to Plaintiff favors granting the motion to set aside entry of default. *See J & J Sports Productions, Inc. v. Valle*, 2013 WL 4083622, at *3 (D. Ariz. Aug. 13, 2013).

The Court therefore concludes the facts are insufficient to show that vacating the default would burden Plaintiff's ability to pursue his claims. This second factor weighs in

favor of setting aside default.

### C. Meritorious Defense

Under the final factor, a defendant must present specific facts that would constitute a meritorious defense. *See TCI Grp.*, 244 F.3d at 700. But this burden is not extraordinarily heavy. *Id.* A defendant need only allege sufficient facts that, if accepted as true, would establish a defense. *Id.*; *see also United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010). "[T]he question whether the factual allegation [i]s true" is not to be determined by the court when it decides the motion to set aside the default, but is instead "the subject of the later litigation." *TCI Grp.*, 244 F.3d at 700. The Represented Defendants argue they have defense because the Investment Note "was not approved by Stavatti Aerospace [] and was fraudulent [sic] created and concealed from Stavatti by [Defendant Brian] Colvin for what now appears to be obvious reasons, namely [Defendant] Brian Colvin's self-interest." (Doc. 21 at 7). When accepting these facts as true, the Court finds that Defendant has a meritorious defense to Plaintiff's claim.

## IV. Conclusion

The good cause factors under Rule 55(c) favor setting aside the entries of default in this action. The Court finds that the Represented Defendants' conduct leading to the default was not culpable, setting aside the default would not prejudice Plaintiff, and the Represented Defendants have alleged facts sufficient to establish a meritorious defense.

Accordingly,

**IT IS ORDERED** that the Represented Defendants' Motion to Set Aside Entry of Default (Doc. 21) is **granted**. Plaintiff Valentino Dimitrov's Motions for Default Judgment (Docs. 13; 20) are thereby **denied as moot**.

**IT IS FINALLY ORDERED** that the Represented Defendants must file a responsive pleading **on or before November 17, 2024.**

Dated this 17th day of October, 2023.

Honorable Diane J. Humetewa
United States District Judge