Terrance D. Dunmire, Esq. (9964)
Law Offices of Terrance D Dunmire
8701 E. Vista Bonita Drive, Suite 220
Scottsdale, Arizona 85255
Phone (602) 264-1300
tdunmire@parkwestpartners.com
Attorney for Defendants (except Brian and Corrina Colvin)

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>Stavatti Aerospace. Ltd, a Minnesota corporation; Stavatti Aerospace Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobileare. Ltd. A Wyoming corporation; Stavatti Niagara, Ltd. A New York corporation; Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainien business entity; Stavatti Heavy Industries Ltd. a Hawaii corporation; Christopher Beskar and Maja Beskar, husband and wife; Brian Colvin and Corrina Colvin, husband and wife; John Simon and Jean Simon husband and wife ; William Mcewen and Patricia Mcewen, Husband and wife; Rudy Chacon and Jane Doe Chacon. Husband and wife; and DOES 1-10, inclusive<br><br>Defendants. | Case No. 2:23-CV-00226-DJH<br><br>**Answer By Represented Defendants to Plaintiff's Complaint** |

Come now all above named Defendants with the exception of Brian Colvin and Corrina Colvin (sometimes hereinafter the "Represented Defendants") by and through undersigned counsel for their Answer to the Complaint, hereby state as follows: This Answer follows the same paragraph numbers used in the Complaint:

## INTRODUCTION

1. Represented Defendants affirmatively allege that they never negligently or fraudulently induced Plaintiff to make any investment with Stavatti Aerospace, LTD (sometimes hereafter

"Stavatti" or the "Company"). Represented Defendants lack sufficient knowledge, information or belief regarding the remaining allegations and therefore deny the same.

2. Upon information and belief, Represented Defendants admit that Stavatti is an aerospace company and that Plaintiff invested $1,000,000 in the Company. However, the alleged promissory note was not authorized by the Company and the terms of the investment are disputed. Represented Defendants deny the remaining allegations.

3. Admitted.

4. Represented Defendants deny jurisdiction is proper within this judicial district. To the best of their knowledge they never targeted or worked with individuals in the District of Arizona to solicit investment in the Company.

5. Represented Defendants deny all of the allegations in paragraph 5 regarding an Arizona connection to the events complained of. To the best of their knowledge all actions between Brian Colvin and Plaintiff took place in Nevada and Plaintiff used his Nevada residence on the promissory note. Represented Defendants know of no Arizona connection to this case.

6. As set forth in the preceding answer, Represented Defendants deny venue is proper in this District.

7. Represented Defendants admit Plaintiff is a natural person but upon information and belief, including Plaintiff's use of his Nevada address on the promissory note, deny his residence is in Arizona.

8. Admitted, except that its principal place of business is in Dakota County.

9. Admitted, except that it is registered as a foreign corporation doing business in New York and its principal place of business is in Niagara County, New York.

10. Admitted, except its principal place of business is Dakota County.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted, except its principal place of business is Honolulu County.

17. Represented Defendants object to referring to most of the named defendants as "Stavatti" as they were not involved with the transaction complained of and are not responsible for it and therefore deny the allegation to the contrary.

18. Represented Defendants object to this allegation as it is so broad as to defy a response but to the extent it is decipherable they generally deny same.

19. Admitted.

20. Admitted.

21. Represented Defendants upon information and belief admit the Colvins are a married couple and that they live in Riverside, California.

22. Denied.

23. Represented Defendants admit that the Simons are husband and wife and reside in New York but Plaintiff has not identified "any actions described herein" that are alleged to have been taken on behalf of their marital community and therefore denies the same.

24. Admitted.

25. Represented Defendants admit that the Mcewens are husband and wife and reside in Washington but Plaintiff has not identified "any actions described herein" that are alleged to have been taken on behalf of their marital community and therefore denies the same.

26. Admitted.

27. Represented Defendants admit that the Chacons are husband and wife and reside in California but Plaintiff has not identified "any actions described herein" that are alleged to have been taken on behalf of their marital community and therefore denies the same.

28. Represented Defendants object to referring to the five couples as "Individuals" with the suggestion that they all participated in the events complained of which they did not and therefore deny the allegation to the contrary.

29. Denied.

## FACTUAL ALLEGATIONS

30. Represented Defendants admit that Stavatti Aerospace, LTD is an aerospace company that regularly solicits investors but objects to the aspersion that it and other Stavatti entities seek investors under any "guise of funding their multiple perceived business ventures".

3

Represented Defendants admit that Plaintiff made a $1 million loan to Stavatti Aerospace, LTD, but deny the referenced promissory note was signed or authorized by the Company.

31. Represented Defendants acknowledge the quoted section of the website. The Company's business model is to generate revenue through the design and production of aircraft and that's what it does. It has produced revenue for example through presales of the Hovercraft which it has not yet produced and its customers understand that.

32. Represented Defendants affirmatively allege that Plaintiff was provided with a copy of the Stavatti SM-29E Super Fulcrum Confidential Private Placement Memorandum which included a lengthy "Risk Factors" section. Represented Defendants deny the Memorandum promised a return on investment or that the Company authorized Plaintiff's investment which Plaintiff characterizes as a promising a five times return.

33. Represented Defendants admit that the Company has not returned Plaintiff's capital investment but deny having entered into an agreement with Plaintiff or to not having provided Plaintiff with assurances of the Company's intent to repay it. Represented Defendants admit that Exhibit C is a copy of the Stavatti SM-29E Super Fulcrum Confidential Private Placement Memorandum but does not understand why it is referred to in connection with adequate assurances or intent to repay.

34. Admitted. However, many of the requests were made to Brian Colvin and were not conveyed to the Company.

35. Represented Defendants admit having come to learn of the June 4, 2022 email and that Brian Colvin was representing himself and corresponding to Plaintiff purporting to be President of Stavatti Aerospace LTD which he was not.

36. Represented Defendants admit having come to learn of the June 30, 2022 email and that Brian Colvin was representing himself and corresponding to Plaintiff purporting to be President of Stavatti Aerospace LTD which he was not.

37. Ditto to the foregoing answer.

38. Ditto to the foregoing answer and note that Brian Colvin referred to Plaintiff's profit participation rather than a guaranteed return evidencing what he and Plaintiff apparently discussed.

39. Represented Defendants admit Rudy Chacon wrote the referenced email.

40. Represented Defendants admit that Plaintiff has not yet received repayment on his investment but object to the characterization of "supposed windfall". When the Company obtains the funding it has been working towards and expecting for a long time it will be anything but a windfall; it will be the result of years of hard work, the competence of its management and the value of its assets.

41. Represented Defendants came to learn of these unauthorized transactions and has never received an accounting from Brian Colvin regarding the $100,000 payment which the company assumes was simply an unauthorized transaction fee and the reason for failing to obtain authorization from the Company for Plaintiff's investment.

42. Represented Defendants admit upon information and belief that Colvin sent Plaintiff additional emails but is unaware of the content of these emails and therefore is without information to permit them to either admit or deny if they contained misleading or unsubstantiated claims of upcoming funds.

43. Represented Defendants admit to having provided written correspondence and representations to Plaintiff regarding anticipated funding and its intention and willingness to repay Plaintiff but denies the remaining allegations.

44. Represented Defendants admit that Plaintiff requested documents regarding Stavatti's liquidity but deny the remaining allegations.

45. Denied.

46. Represented Defendants deny that the Company deceptively represents itself to the public and affirmatively allege that upon proper funding it is and will be capable of producing aircraft in its inventory. Represented Defendants admit that Stavatti Aerospace LTD has not built any aircrafts to date but points out that many aerospace companies are similarly situated.

47. Denied.

48. Denied.

49. Represented Defendants admit that there is voluminous information available to establish the legitimacy of the Company's business endeavors and that the referenced Vice article touches on some of those and its long involvement in the industry. Represented Defendants admits that the Company Stavatti has not built any aircraft but affirmatively allege that is not unusual for companies in this industry.

5

50. Represented Defendants acknowledge the referenced article but affirmatively allege it was essentially an industry competitors hit piece and if anything should be a testament to threat Stavatti poses to the more established aerospace businesses.

51. Denied.

52. Represented Defendants are unaware of what "these" unspecified "supposed investment opportunities" refer to and therefore denies the same.

53. Admitted.

54. Plaintiff does not provide a citation for this definition but Represented Defendants generally accept it sets forth what a Ponzi scheme is known to be. Represented Defendants deny they are in any way involved in a Ponzi scheme.

55. Represented Defendants admit the Company has made reasonable efforts to assure Plaintiff it will repay Plaintiff's investment into the Company.

56. Represented Defendants admits that the Company engaged DelMorgan and Co. to raise capital for Stavatti and to secure a bridge loan and that it continues to work with it with a reasonable likelihood of success but deny the remaining allegations.

57. Represented Defendants affirmatively allege that essentially all of the Company's investors understand the Company's prospects and are patiently waiting for the Company's plans and efforts to come to fruition. Represented Defendants admit that Plaintiff has not yet been repaid but affirmatively allege the dispute with Plaintiff arose because of lack of communications with proper Company representatives prior to his unauthorized investment.

58. Represented Defendants affirmatively allege that they are actively working with may interested and qualified individuals and entities to raise capital to advance the Company's operations and to meet all its obligations and while close to being able to do so admit the Company has not yet been able to repay Plaintiff.

59. Denied.

60. Denied.

61. Denied.

62. Represented Defendants admit that Stavatti has acquired valuable property at the airport in Niagara, New York to advance the Company's purposes but denies the acquisition was fraudulent in any way.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## COUNT ONE RICO VIOLATIONS

68. Represented Defendants incorporate by this reference their preceding answers to Plaintiff's allegations.

69. Upon information and belief, admitted.

70. Represented Defendants admit existence of the cited statute but deny it is applicable to this case or that its elements have been met.

71. Represented Defendants admit existence of the cited statute but deny it is applicable to this case.

72. Represented Defendants have not had the opportunity to read the five cited cases but assuming they relate to RICO cases deny their applicability to this case.

73. Represented Defendants assume for purposes of this answer that Plaintiff has accurately set forth governing authority in this regard but deny it's applicability to this case.

74. Represented Defendants admit to its business plan as stated which is similar to many other businesses in this business.

75. Denied.

76. Represented Defendants deny they operate as an association-in-fact in the criminal sense as asserted by Plaintiff.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## COUNT TWO BREACH OF CONTRACT

83. Represented Defendants incorporate by this reference their preceding answers to Plaintiff's allegations.

84. Represented Defendants do not contest the citations to Arizona contract law but deny applicability of that law to this case or that its elements have been met.

85. Represented Defendants deny authorizing a contract with Plaintiff or that a contract was formed between the Company and Plaintiff.

86. Denied

87. Represented Defendants received the funds but was not aware of the Promissory Note or its terms until well after receipt of the funds.

88. Denied.

89. Represented Defendants acknowledge that Plaintiff invested the funds in reliance upon what he thought was an approved transaction.

90. Denied.

91. Represented Defendants deny breach of contract and therefore contract damages are inapplicable to this situation however Represented Defendants acknowledge an obligation to repay Plaintiff $1,000,000.

92. Deny.

## COUNT THREE FRAUD

93. Represented Defendants incorporate by this reference their preceding answers to Plaintiff's allegations.

94. Represented Defendants do not contest the citations to Arizona law pertaining to fraud but deny applicability of that law to this case or that its elements have been met.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

## COUNT FOUR FRAUD IN THE INDUCEMENT

102. Represented Defendants incorporate by this reference their preceding answers to Plaintiff's allegations.

103. Represented Defendants do not contest the citations to Arizona law pertaining to fraud in the inducement but deny applicability of that law to this case or that its elements have been met.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Represented Defendants deny all allegations of fraud in the inducement or that damages applicable to that cause of action are applicable however Represented Defendants acknowledge an obligation to repay Plaintiff $1,000,000.

## COUNT FIVE CONVERSION

110. Represented Defendants incorporate by this reference their preceding answers to Plaintiff's allegations.

111. Represented Defendants do not contest Plaintiff's general summary of the elements of conversion but deny applicability of that law to this case or that the Company authorized or was involved with any wrongful act which is an element of the cause of action.

112. Represented Defendants acknowledge Plaintiff's claim for return of his investment into the Company but deny wrongful act predicate of the conversion count and the applicability of the allegedly promised five times return on the investment.

113. Denied.

114. Denied.

115. Represented Defendants are unaware of Plaintiffs alleged harm of continual deprivation and therefore deny this allegation. Plaintiff was aware of risks of investment and was negligent in making this investment and the Private Placement Memorandum upon which he purports to have relied made no promise of a five-times return. His negligence in making the

investment unfortunately has resulted in him having to wait for the Company's ability to repay it.

116. Represented Defendants deny Plaintiff's allegations of conversion or that damages applicable to that cause of action are applicable however Represented Defendants acknowledge an obligation to repay Plaintiff $1,000,000.

## COUNT SIX BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

117. Represented Defendants incorporate by this reference their preceding answers to Plaintiff's allegations.

118. Represented Defendants do not contest Plaintiff's recitation of the law regarding the covenant of good faith and fair dealing but deny a contract was formed between Plaintiff and the Company and applicability of that law to this case.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

## COUNT SEVEN BREACH OF FIDUCIARY DUTY

123. Represented Defendants incorporate by this reference their preceding answers to Plaintiff's allegations.

124. Represented Defendants do not contest Plaintiff's recitation of Arizona law regarding breach of fiduciary duty but deny applicability of that law to this case.

125. Represented Defendants do not contest Plaintiff's recitation of Arizona law regarding what a fiduciary relationship is but deny the Company or any of the Represented Defendants had a fiduciary relationship with Plaintiff or that a breach of any such relationship occurred as between Plaintiff and the Company and applicability of that law to this case.

126. Denied.

127. Denied.

128. Denied

129. Denied.

130. Denied.

## COUNT EIGHT NEGLIGENCE

131. Represented Defendants incorporate by this reference their preceding answers to Plaintiff's allegations.

132. Represented Defendants do not contest Plaintiff's recitation of the elements of a negligence cause of action in Arizona but deny applicability of that law to this case or that its elements have been met.

133. Represented Defendants affirmatively allege that the Company was not aware that Brian Colvin was dealing with Plaintiff as a prospective investor in the Company and therefore denies this allegation.

134. Represented Defendants affirmatively allege it did not enter into a contract with Plaintiff and therefore denies this allegation.

135. Denied.

136. Denied.

137. Denied.

138. Denied

139. Denied.

## COUNT NINE INTENTIONAL MISREPRESENTATION

140. Represented Defendants incorporate by this reference their preceding answers to Plaintiff's allegations.

141. Represented Defendants do not contest Plaintiff's recitation of the elements of an intentional misrepresentation cause of action in Arizona but deny the elements are met in this case.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

## COUNT TEN NEGLIGENT MISREPRESENTATION

148. Represented Defendants incorporate by this reference their preceding answers to Plaintiff's allegations.

149. Represented Defendants do not contest Plaintiff's recitation of the elements of a negligent misrepresentation cause of action in Arizona but deny the elements are met in this case.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

## COUNT ELEVEN UNJUST ENRICHMENT

154. Represented Defendants incorporate by this reference their preceding answers to Plaintiff's allegations.

155. Represented Defendants do not contest Plaintiff's recitation of the elements of an unjust enrichment cause of action in Arizona.

156. Represented Defendants deny any breaches or wrongful acts on their part and affirmatively allege that none of the individually named Represented Defendants personally obtained any of the funds from Plaintiff's investment or were otherwise enriched thereby. The funds were entirely used for Company operations for the ultimate benefit of the Company. The Company acknowledges an obligation to repay Plaintiff the $1,000,000 it received from Plaintiff.

157. Represented Defendants deny Plaintiff had a reasonable belief it would be repaid the too good to be true return he seeks regardless of funding of the Super Fulcrum project and affirmatively allege that receiving a five times return would unjustly enrich Plaintiff.

158. Denied.

159. Represented Defendants admit the Company has an obligation to repay Plaintiff but denies the balance of the allegation.

## COUNT TWELVE TORTIOUS INTERFERNCE WITH CONTRACT

160. Represented Defendants incorporate by this reference their preceding answers to Plaintiff's allegations.

161. Represented Defendants do not contest Plaintiff's recitation of the elements of a tortious interference with contract cause of action in Arizona but deny the elements are met in this case.

162. Denied.

163. Denied.

164. Denied.

165. Represented Defendants admit that the Company has become aware of Plaintiff's expectancy but deny they were award of it at the inception and deny that they have wrongfully and intentionally failed to relinquish the funds paid by Plaintiff and deny they have no reasonable explanation for not doing so.

166. Denied.

## COUNT THIRTEEN CIVIL CONSPIRACY

167. Represented Defendants incorporate by this reference their preceding answers to Plaintiff's allegations.

168. Represented Defendants do not contest Plaintiff's statement of the law on civil conspiracy in Arizona but deny its applicability in this case or that its elements have been met.

169. Represented Defendants do not contest Plaintiff's statement of the requirements necessary to establish a case of civil conspiracy in Arizona but deny its applicability to this case and affirmatively allege those requirements are not met in this case.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

## GENERAL DENIAL

175. All allegations not specifically admitted herein are hereby denied in their entirety.

## AFFIRMATIVE DEFENSES.

1. As and for a separate defense, no intent to defraud.

2. As and for a separate defense, assumption of risk.

3. As and for a separate defense, contributory or comparative negligence.

4. As and for a separate defense, economic loss rule.

5. Defendants place Plaintiff on notice that it may raise the possible affirmative defenses set forth in Rule 8(d), Ariz.R.Civ.P. which, through subsequent discovery, may be supported by the facts.

WHEREFORE, having answered Plaintiff's Complaint, Defendants pray for judgment of the Court as follows:

A. That Plaintiff's Complaint be dismissed, and that Plaintiff take nothing thereby;

B. That Defendants be awarded their reasonable attorneys' fees and cost, and;

C. For such other and further relief the Court deems proper and just.

DATED this 17th day of November 2023

BY_____
Terrance D. Dunmire

CERTIFICATE OF SERVICE Terrance Dunmire hereby certifies that on this 17th day of November 2023, electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: By: /s/

**RESPECTFULLY SUBMITTED** THIS  17th day of November 2023.

ORIGINAL of the foregoing E-filed
this 17th day of November, 2023 with:

United States District Court, District of Arizona

CERTIFICATE OF SERVICE Terrance Dunmire hereby certifies that on this 17tth day of November 2023, electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: By: /s/

**RESPECTFULLY SUBMITTED** THIS  17th day of November 2023.

Copy of the forgoing mailed
this 17th day of November 2023 to:

HONORABLE DIANE J. HUMETEWA
United States District Court Sandra Day O'Connor US Courthouse. Suite 625
401 West Washington Street, SPC 81
Phoenix, Arizona 85003