**GEORGE K. CHEBAT (034232)**
George@EnaraLaw.com
**JOSEPH J. TOBONI (031385)**
Joseph@EnaraLaw.com
**Enara Law PLLC**
7631 East Greenway Road, Suite B-2
Scottsdale, Arizona 85260
Telephone: (602) 687-2010
Filings@EnaraLaw.com
*Attorneys for Plaintiff*

**Terrance D. Dunmire, Esq. (9964)**
**Law Offices of Terrance D Dunmire**
8701 E. Vista Bonita Drive, Suite 220
Scottsdale, Arizona 85255
Phone (602) 264-1300
tdunmire@parkwestpartners.com
*Attorney for Defendants (except Brian and Corrina Colvin)*

**Nino Abate, Esq. (SBN 017098)**
**THE LAW OFFICE OF NINO ABATE, PLC**
300 W. Clarendon, Suite 130 Phoenix, Arizona 85013
(480) 314-3304
nino@abatelaw.com
*Attorney for Defendants Brian and Corrina Colvin*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br>vs.<br><br>Stavatti Aerospace, Ltd, a Minnesota corporation; Stavatti Aerospace, Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobiliare, Ltd, a Wyoming corporation; Stavatti Industries, Ltd, a Wyoming corporation; Stavatti Niagara, Ltd, a New York corporation Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainian business entity; Stavatti Heavy Industries Ltd, | Case No.: 2:23-CV-00226-PHX-DJH<br><br>**JOINT CASE MANAGEMENT REPORT** |

1

a Hawaii corporation; Christopher Beskar and Maja Beskar, husband and wife; John Simon and Jean Simon, husband and wife; William Mcewen and Patricia Mcewen, husband wife; Rudy Chacon and Jane Doe Chacon, husband and wife; and DOES 1 through 10, inclusive,

Defendants.

Parties hereby submit their Joint Case Management Report pursuant to the Court's October 18, 2023, Order Setting Rule 16 Case Management Conference (Doc. 35) and Federal Rules of Civil Procedure 16 and 26(f).

**The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report:**

*For Plaintiff*:   George Chebat (034232)
Enara Law PLLC
7631 E. Greenway Road, Suite B-2
Scottsdale, Arizona 85260
Attorney for Plaintiff

*For Defendants*:   Terrance D. Dunmire, Esq. (9964)
Law Offices of Terrance D Dunmire
8701 E. Vista Bonita Drive, Suite 220
Scottsdale, Arizona 85255
Phone (602) 264-1300
tdunmire@parkwestpartners.com
Attorney for All Defendants (except Brian and Corrina Colvin) hereinafter the Stavatti Defendants

*For Defendants*:   Nino Abate, Esq. (017098)
THE LAW OFFICE OF NINO ABATE, PLC
300 W. Clarendon, Suite 130
Phoenix, Arizona 85013
Attorney for Defendants Brian and Corrina Colvin

2

1. **A list of the parties in the case, including any parent corporations or entities (for recusal purposes):**

   *Plaintiff:* Valentino Dimitrov

   *Defendants:* <u>Stavatti Defendants:</u> Stavatti Aerospace, Ltd, a Minnesota corporation; Stavatti Aerospace, Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobiliare, Ltd, a Wyoming corporation; Stavatti Industries, Ltd, a Wyoming corporation; Stavatti Niagara, Ltd, a New York corporation Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainian business entity; Stavatti Heavy Industries Ltd, a Hawaii corporation; Christopher Beskar and Maja Beskar, husband and wife; John Simon and Jean Simon, husband and wife; William Mcewen and Patricia Mcewen, husband wife; Rudy Chacon and Linda Martin, husband and wife.

   *Defendants:* Brian and Corrina Colvin

2. **A short statement of the nature of the case:**

   a. **Plaintiff's statement of the case:**

   Valentino Dimitrov ("Plaintiff") brings this Complaint individually, and on behalf of all others similarly situated, for RICO Violation of 18 U.S.C. §§ 1961-1976; Breach of Contract; Fraud; Fraud in the Inducement; Conversion; Breach of Covenant of Good Faith and Fair Dealing; Breach of Fiduciary Duty; Negligence; Intentional Misrepresentation; Negligent Misrepresentation; Unjust Enrichment; and Tortious Interference with Contract; and any other available legal or equitable remedies, resulting from the illegal actions the Defendants, in negligently and fraudulently inducing Plaintiff into an investment venture agreement with Defendants for which Defendants never provided their agreed- upon adequate assurances to their liquidity, and never intended to repay Plaintiff his $1,000,000 investment nor the five times return on investment, as per the terms under the Agreement.

   Stavatti Aerospace, LTD, and all other Stavatti entities (collectively "Stavatti"), regularly outwardly seek investors under the guise of funding their multiple perceived business ventures

within the aerospace industry. Likewise, Valentino Dimitrov invested $1,000,000 with Stavatti Aerospace, LTD as an angel investor and creditor, and entered into a Promissory Note ("Contract") with Stavatti for repayment of that investment on or before May 1, 2022. According to the Stavatti website, "Stavatti generates revenues and net shareholder earnings through the design and production of major fixed wing aircraft and aerospace vehicles, like Lockheed Martin and Boeing."

As an angel investor and creditor of the corporation, Dimitrov was presented with a Business Capitalization Structure with Stavatti Super Fulcrum outlining five times the return on investment on a quarterly basis, however this promised return on investment, or "ROI", was never realized. Stavatti have never returned any of the capital investment by Plaintiff and are currently in breach of the terms pursuant to the Agreement and have never provided Plaintiff adequate assurances as to Stavatti's liquidity or intent to repay Plaintiff under the terms of the Agreement. On numerous occasions Plaintiff has requested an immediate return of his investment totaling approximately $1,000,000 from Stavatti to be repaid.

Defendants entities, and through their personnel, made numerous false representations of impending financing and false assurances to the Plaintiff of an ability and willingness to repay the amount owed to Plaintiff. When Plaintiff's counsel sought documentary evidence to substantiate the claims of impending liquidity from Defendants, Stavatti continued to provide deceptive reasons such as "confidentiality" in an effort to continue to mislead the Plaintiff.

Stavatti deceptively represents to the public that it engages in the business of aircraft and aerospace production despite never producing any aircraft. It is common business practice of Stavatti and all Defendants to seek investor funds in order to continue their deceptive business practices. Stavatti intends for such business practices to appear to be legitimate to the public and third-party investors, yet upon information and belief, are nothing more than a mechanism for the Stavatti founders and corporate executives to operate an enterprise for their personal benefit.

Defendants not only failed to provide the assured return on investment these capital contributions were intended to procure for investors, but also as a practice, Stavatti provides false assurances to said investors of additional investment opportunities they are waiting on to pay out in order to repay said investors, further interfering with the Agreement in place and further fraudulently inducing investors and the public.

Despite producing a voluminous amount of "information" sheets, designs, agreements, and other forms of literature, in an attempt to continue to mislead the public as to the legitimacy

of their business endeavors. Third-party journalistic sources have referred to Stavatti as "A Company That's Never Made a Plane", despite being in business for nearly 20 years, and finding that "So far, Stavatti's airplanes are all the aerial equivalent of vaporware. All hype." Plain and simple, per journalistic sources, after nearly two decades of operating their illicit enterprise, "Stavatti doesn't currently produce any planes." Defendants made and continue to make, numerous representations of impending financing from alleged sources, including, but not limited to, international contracts for the sale of aircraft from the affiliated Defense Ministry of the nation of Ukraine. After decades of existence and solicitation of supposed investment, in the Defendants own words, in their Answer, (Document Number 37), "Represented Defendants admit that Company Stavatti has not built any aircraft…"

In this case, Defendants by virtue of their Answer, acknowledge receipt of $1,000,000 from Plaintiff; however, interchangeably use the term "investment" and "loan" in reference to the funds received. Regardless, Defendants in their Answer already concede the facts that "Represented Defendants admit that Plaintiff has not yet received repayment…" and "Represented Defendants acknowledge an obligation to repay Plaintiff $1,000,000."

      **b. Defendant's statement of the case:**

Stavatti Defendants

Plaintiff's case involves his enforcement of a promissory note (the Note) against the alleged maker of the Note, Defendant Stavatti Aerospace Ltd. (the Company). The Note had been negotiated by Plaintiff and Defendant Brian Colvin who at one time had been associated with Stavatti Aerospace Ltd having been appointed Vice President for one of its divisions but who during communications relevant to this lawsuit was falsely representing himself as President of the Company. Mr. Colvin had been secretive with his investor contacts and never introduced Plaintiff to anyone in the Company, nor had any of the Represented Defendants ever met or communicated with Plaintiff before the execution of the Note (with the exception of Rudy Chacon who is not associated with the Company other than having attempted to help raise money for it through his connection with Brian Colvin and subsequently having become a shareholder). Christopher Beskar, the founder and President of the Company normally meets all the company's prospective investors and partners to assure they understand the Company and are a good fit to join in its mission. Only recently, long after Plaintiff filed his complaint did Mr.

Beskar meet Mr. Chacon who had introduced Plaintiff to Brian Colvin. It appears Mr. Colvin intentionally concealed and kept from introducing Mr. Chacon or Plaintiff to anyone in the company to keep them from scrutinizing and vetting the legitimacy of the transaction and the source of the loan.

Mr. Colvin was apparently pitching Plaintiff for funding of the Stavatti SM-29 aircraft upgrades project for which Stavatti had put together a Private Placement Memorandum; Stavatti had been (and still is) working with an investment banking firm named DelMorgan and had provided DelMorgan with a template for a PPM for their use, it was not a finalized PPM but Brian Colvin apparently represented projections in it as guaranteed returns which then somehow made their way to the Note as a set $5,000,000 profit participation. Such terms of a loan would clearly be usurious and unenforceable. Mr. Colvin was not authorized to make those representations and Mr. Dimitrov should have known such an investment was illegal or at best too good to be true.

At the core of this dispute is that Mr. Colvin took to representing himself as the President of Stavatti Aerospace Ltd and negotiated loan terms that had not been and would not have been approved by the company including its two-month maturity for principal repayment and outrageous guaranteed return, facts concealed from and unknown to Mr. Beskar and the other officers and directors of the company until a company auditor requested a copy of the note some months later.

Mr. Beskar did not sign the note and did not authorize it. The note was obviously created by Mr. Colvin using a fraudulent transfer of Mr. Beskar's signature lifted from a blank form non-disclosure agreement. Upon completion of the loan it appears Mr. Colvin took an undisclosed and unauthorized fee of $100,000 which was contrary to any previous understanding or agreements with the Company.

When the two-month maturity date on the principal repayment came and went, Mr. Colvin, unbeknownst to Mr. Beskar or others in the Company, continued to communicate with Plaintiff referring to himself as President of Stavatti Aerospace Ltd and perpetuating the deception that the Note, now delinquent, had been approved by the Company and providing excuses and promises that were apparently intended to placate Plaintiff and keep the unauthorized loan from scrutiny by the Company. When Mr. Colvin's representations and

assurances did not come to fruition, Plaintiff concluded he had been taken by unscrupulous charlatans.

Upon receipt of a demand letter from Plaintiff on or around October 10, 2022, Mr. Beskar reached out to Plaintiff with the intention of making things right but by then Plaintiff and his counsel were wed to the narrative they had come to believe as a result of Mr. Colvin's fraudulent communications and showed no interest in engaging in workout arrangements. From the outset however, after becoming aware of the Note, the Company, Stavatti Aerospace Ltd, has acknowledged receipt of $900,000 of the one million dollars loaned to Stavatti Aerospace Ltd by Plaintiff and has every intention to repay Plaintiff what he paid to Stavatti Aerospace Ltd.

Colvin Defendants

At all relevant times, Mr. Colvin was an employee of Stavatti Aerospace and all actions taken by Mr. Colvin were in the scope of his employment. Mr. Beskar promoted Mr. Colvin to President in writing for the express purpose of assisting Mr. Colvin's money raising efforts for Stavatti. Mr. Beskar even provided Mr. Colvin with business cards, and was copied on dozens of emails that showed Mr. Colvin as the President of Stavatti. Mr. Colvin never concealed his money raising efforts from Stavatti and obtained approval of the subject loan from Mr. Beskar. He also never concealed any of the other officers and directors of Stavatti. Finally, Mr. Colvin never made any false representations at any time to Plaintiff or anyone at Stavatti. Stavatti was well aware of the loan, accepted the loan, and used the funds from the loan. Therefore, the claims against Mr. Colvin are frivolous.

**3.     The jurisdictional basis for the case, describing the basis for jurisdiction and citing specific statutes, if any;**

This Court has jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's Complaint asserts violations of federal law, including, but not limited to, federal questions pertaining to the Racketeer Influenced and Corrupt Organizations (RICO) Act, as well as the Securities Act of 1933.

This Court also has jurisdiction over this action under 28 U.S.C. § 1332 based on diversity of citizenship, as the Plaintiff is a citizen of Arizona and the Defendants are citizens of

various states, none of which is Arizona, and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

**4.     Any parties who have not been served:**

None.

**5.     A statement of whether any party expects to add additional parties to the case:**

Plaintiff expects to notice additional aggrieved parties of this pending litigation once identities are discovered, through discovery. Additionally, Plaintiff expects to add additional Defendant-affiliated entities and individuals as parties to the case, the identities of which are discovered through discovery, including, but not limited to, Abdihamid Mao and Stavatti Canada.

**6.     A list of contemplated motions and a statement of the issues to be decided by these motions:**

Plaintiff anticipates filing all relevant and appropriate motions, including, but not limited to, a post-discovery Motion to Amend Plaintiff's Complaint, to add additional claims and parties, as necessary.

Stavatti Defendants anticipate filing a motion to dismiss for failure to state a claim against the all the individually named Stavatti Defendants and Stavatti entities except Stavatti Aerospace Ltd.

The parties anticipate responding to any motions submitted by the opposing party. The parties also anticipate filing any appropriate motion(s) for summary judgment following the close of discovery.

**7.     Whether the case is suitable for reference to a United States Magistrate Judge:**

The parties have not discussed whether this case is not suitable for reference to a United States Magistrate Judge. However, pursuant to Local Rule 83.10, the parties may request a mediation or an early neutral evaluation with a Magistrate Judge either by joint motion or separate request by a party.

**8.     The status of related cases pending before other courts or other judges of this Court:**

The parties are not aware of any related cases pending before other courts or other judges of this Court.

**9.     A statement of when the parties exchanged or will exchange Fed.R.Civ.P. 26(a) Initial Disclosures:**

The parties have not exchanged their Federal Rule of Civil Procedure 26(a) Initial Disclosures at this time. The parties stipulate to exchanging Fed.R.Civ.P. 26(a) Initial Disclosures no later than **January 31, 2024**.

**10.    A discussion of any issues relating to disclosure or discovery of electronically stores information, including the form or forms in which it will be produced:**

The parties are presently unaware of any issues relating to the preservation, disclosure, or discovery of electronically stored information ("ESI"). The parties agree to produce ESI in PDF format that is OCR searchable. The parties preserve objections to Requests for Production of ESI and preserve the right to seek cost-shifting in connection with the production of ESI.

**11.    A discussion of any issues relating to claims of privilege or work product:**

The parties will comply with Rule 26(b)(5)(A) regarding the withholding of information claimed as privileged or subject to protection as trial-preparation material.  The parties further agree that any inadvertent disclosures of such materials will not result in a waiver of the claimed privilege or protection.

**12.    A discussion of necessary discovery, including:**

    **a.     The extent, nature, and location of discovery anticipated by the parties:**
The parties anticipate that discovery will include testimonial, documentary, and tangible evidence and to obtain such discovery the parties will conduct depositions, produce written discovery, including requests for admissions, requests for production, and non-uniform interrogatories, and serve subpoenas duces tecum, as needed. The parties anticipate that given the parties geographic locations, that discovery may take place across various states and possibly countries, as pertinent to the dispute.

**b.     The scope of discovery and whether discovery should be conducted in phases or should be limited to the focus of particular issues:**

The parties do not anticipate any discovery issues outside of that which is provided by the rules, other than as set forth in subsection (c) below. Plaintiff anticipates written discovery requests on Defendants and deposing various Defendants. Plaintiff also anticipates serving subpoenas on third parties, including, but not limited to, various United States federal government agencies (i.e. Department of State (DOS), Department of Defense (DOD), Office of Personnel Management (OPM), Securities and Exchange Commission (SEC)) and foreign government ministries. Plaintiff may also seek depositions of third parties, the need for which cannot be adequately addressed at this time. The parties request that discovery be conducted in two phases – fact then expert.

**c.     Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure:**

Given the vast number of Defendants, Plaintiff suggests an expansion on the number and scope limitations established of written discovery, including, but not limited to those under Federal Rules of Civil Procedure, Rule 33, Rule 34, and Rule 36.

The Stavatti Defendants do not believe the individually named defendants or the corporate defendant, except Stavatti Aerospace Ltd., are proper party defendants and that discovery directed to each and every one of them would be unduly burdensome and unfair given that none of the other defendants, except Chacon and Colvin, had any involvement with the transaction in issue outside of their duties as agents for Stavatti Aerospace Ltd. Accordingly, the Stavatti Defendants will work with Plaintiff to figure out an acceptable way to conduct discovery and failing agreement intend to ask the Court to permit early discovery be directed only to Stavatti Aerospace Ltd. If at some point in the litigation or discovery process it appears that it would be fair and equitable to permit discovery directed to all or each of the individually named defendants, then Plaintiff may seek an order permitting such expanded discovery.

**d.     The number of hours permitted for each deposition, unless modified by agreement of the parties:**

The parties agree that the duration of depositions taken in this matter will be as set forth in Federal Rules of Civil Procedure 30(d), and notes that the FRCP 30(d) states "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the

deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."

**13. Proposed specific dates for each of the following**:

    a.    Deadline for the completion of fact discovery: **September 30, 2024**

    b.    Dates for complete expert disclosures:

        1.    Plaintiffs: **November 30, 2024**

        2.    Defendant: **January 31, 2025**

        3.    Rebuttal: **March 31, 2025**

    c.    Deadline to complete expert depositions: **June 30, 2025**

    d.    Deadline to file any dispositive motions: **July 31, 2025**

    e.    Deadline for the parties to have engaged in good faith settlement talks:  **August 31, 2025**

**14. Whether a jury trial has been requested and whether the request for a jury trial is contested and, if so, the reasons why the request is contested:**

Plaintiff has requested a jury trial in this matter, which Defendants do not contest.

**15. The prospects of settlement:**

The parties have engaged in settlement discussion but do not believe that settlement is imminent at this time. However, the parties will comply with any Court Order regarding settlement and will seek the assistance of the Court, if necessary.

**16. Any other matters that will aid the court and parties in resolving this case in a just, speedy, and inexpensive manner:**

The parties are not aware of any other matters at this time.

**RESPECTFULLY SUBMITTED** this 11th day of December 2023.

| | |
|---|---|
| /s/George K.Chebat | /s/ Terrence D. Dunmire (with permission) |
| George K. Chebat | Terrance D. Dunmire |
| Joseph J. Toboni | **Law Offices of Terrance D Dunmire** |
| **Enara Law, PLLC** | *Attorneys for Defendants (except Brian and Corrina Colvin)* |
| *Attorneys for Plaintiff* | |

/s/ Nino Abate (with permission)
Nino Abate
**The Law Office of Nino Abate PLC**
*Attorneys for Defendants*
*Brian and Corrina Colvin*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December 2023, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

By:  *Shelly N. Witgen, ACP*