**GEORGE K. CHEBAT (034232)**
George@EnaraLaw.com
**ROSS P. MEYER (028473)**
Ross@EnaraLaw.com
**Enara Law PLLC**
7631 East Greenway Road, Suite B-2
Scottsdale, Arizona 85260
Telephone: (602) 687-2010
Filings@EnaraLaw.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>Stavatti Aerospace, Ltd, a Minnesota corporation; Stavatti Aerospace, Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobiliare, Ltd, a Wyoming corporation; Stavatti Industries, Ltd, a Wyoming corporation; Stavatti Niagara, Ltd, a New York corporation Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainian business entity; Stavatti Heavy Industries Ltd, a Hawaii corporation; Christopher Beskar and Maja Beskar, husband and wife; Brian Colvin and Corrina Colvin, husband and wife; John Simon and Jean Simon, husband and wife; William Mcewen and Patricia Mcewen, husband wife; Rudy Chacon and Jane Doe Chacon, husband and wife; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:23-CV-00226-PHX-DJH<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, REQUESTS FOR PRODUCTION, NON-UNIFORM INTERROGATORIES, AND UNIFORM INTERROGATORIES TO DEFENDANT BRIAN COLVIN** |

/ / /

/ / /

1

**TO: DEFENDANT BRIAN COLVIN AND HIS ATTORNEYS:**

Pursuant to Rules 33, 34, 36 of the Federal Rules of Civil Procedure, you are hereby required to admit or deny the Requests for Admissions, respond to the Interrogatories, and produce documents as set forth below. You are advised that the Requests for Admissions will be deemed admitted unless, within thirty (30) days after service of the Request for Admissions, a written answer or objection addressed to such matter is served upon Plaintiff and signed by Defendant or Defendant's Attorney.

If objection is made, the reasons therefore shall be stated, the answer shall specifically address the matter set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as true and qualify or deny the remainder, stating forth in detail the reasons specifically requested herein.

If you fail to admit the truth of any matter requested herein and that matter is thereafter provided upon the trial of this action or otherwise, you may be required to pay to Plaintiff the reasonable expenses, including attorney's fees incurred in providing the truth of such matter. If you consider that a matter as to which an admission has been requested present a genuine issue for trial, you may not, on that ground alone, object to the request. You may, subject to the provisions of FRCP 37(c)(2), deny the matter or set forth reasons why you cannot admit or deny such matter.

In answering the interrogatories, Defendant is required to furnish all information that is available to Defendant or subject to reasonable inquiry by Defendant, including information in the possession of Defendant's attorneys, accountants, advisors, or other persons directly or indirectly employed by, or connected with, the Defendant or the Defendant's attorneys and anyone else otherwise subject to Defendant's control. If an interrogatory has subparts, answer

each subpart separately and in full, and do not limit the answer to the interrogatory as a whole. If the interrogatories cannot be answered in full, answer to the extent possible, specify the reason for the inability to answer the remainder, and state whatever information and knowledge the Plaintiff has regarding the unanswered portion.

## DEFINITIONS

1. "All facts" include, but is not limited to, identification, as used herein, of persons, corporations, documents, and conversations, plus specifications of places, dates, exact words used in conversations (or a substance of conversations if exact words are not remembered), acts, events, or occurrences.

2. "Plaintiff" shall mean Valentino Dimitrov and any and all of his agents, employees, representatives, or attorneys, or any other person acting or purporting to act on their behalf.

3. "Describe" means to specify completely and accurately the subject matter upon which inquiry is made using factual statements.

4. "Document" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but not limited to, letters, electronic mails, purchase orders, memoranda, telegrams, notes, contracts, calendars, interoffice communications, statements, announcements, photographs, mechanical and sound recordings or transcripts thereof, tape recording, motion pictures, and any carbon or photographic copies of any such material, if Defendant does not have custody or control of the original. If any document requested to be produced was, but no longer is, in Defendant's possession or control or it is no longer in existence, state whether it is:

    a) Missing or lost,

    b) Destroyed,

3

c) Transferred voluntarily or involuntarily to others and if so, to whom, or otherwise disposed of, and in each instance explain the circumstances surrounding the authorization for such disposition thereof and state the approximate date thereof.

5. "Documents" as used herein means documents, files, or records, whether originals, copies or drafts, including, but not limited to, tapes, recordings, writings, notes, papers, books, contracts, agreements, letters, electronic mail, studies, memoranda, billings, invoices, receipts, customer lists, or any other files and records of any kind, regardless of form.

6. "Defendant" refers to Brian Colvin and any of their agents, employees, representatives, or attorneys, or any other person acting or purporting to act on their behalf.

7. "Expert" shall mean a person having skill or experience, or peculiar knowledge on certain subjects or in certain professions.

8. "Identify" or "identification" when used in reference to an individual person means to state his/her full name, residence address and telephone number (designate whether present or last known).

9. "Identify" or "identification" when used in reference to a document means to state the type of document (e.g., letter, memorandum, telegram, contract, invoice, etc.) or some other means of identifying it, its date, author and custodian. If any such document was but is no longer in your possession or subject to your control, state its disposition.

10. "Identify" or "identification" when used in reference to a conversation, conference, or meeting means to identify all persons participating or in attendance, to identify all documents prepared for or assembled in preparation for or in connection with such conversation, conference, or meeting, and to describe the purpose of such conversation, conference, meeting or claims audit, the means of communication, and all actions taken as a result of such conversation, conference, or meeting.

4

11. "Oral Communication" means and includes, without limiting the generality of its meaning, all manner and form of communication, other than a document, which records, refers or relates to, sets forth or describes any act, transaction, occurrence, event or omission relating in any way to matters or things about which inquiry is made in these requests.

12. "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, trusts, associations, any unincorporated organization or governmental or political subdivision thereof, federations, joint stock companies, or any other kind of entity.

13. "Promissory Note" means the Promissory Note with Stavatti for repayment of that investment on or before May 1, 2022, as referenced in the Complaint (Doc. 1), at ¶ 30, and is also appended to the Complaint as Exhibit A.

14. "Relating to" means concerning, referring to, alluding to, responding to, connected with, commenting on, in response of, about, regarding, announcing, explaining, discussing, showing, describing, studying, reflecting, analyzing, or constituting.

15. "Source" shall mean authoritative or reliable works, records, reports, and all other documents, and any person or other entity from which information is derived. When the source is a publication of any kind, state the title, author, date of publication, publisher, and specific pages referenced.

16. "Specify" means to describe completely and accurately the subject matter about which inquiry is made, using the simplest and most factual statements of which you are capable.

17. "You" or "your" means the Defendant above named (and any and all of their agents, employees, representatives, or attorneys, or any other person acting or purporting to act on their behalf).

18. The singular includes the plural and the plural includes the singular, and the masculine includes the feminine, where appropriate to the sense of the request.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1**:

Admit that the Promissory Note you provided to Plaintiff to sign was for a principal sum of one million ($1,000,000) dollars with a 500% return.

**ADMIT** _____           **DENY** _____

**REQUEST FOR ADMISSION NO. 2**:

Admit that the Promissory Note you provided to Plaintiff to sign, referenced in Request for Admission No. 1, required repayment of the principal by May 1, 2022 to Plaintiff.

**ADMIT** _____           **DENY** _____

**REQUEST FOR ADMISSION NO. 3**:

Admit that the Promissory Note you provided to Plaintiff to sign was signed by Defendant Christopher Beskar, referenced in Request for Admission No. 1, on behalf of Stavatti Aerospace, Ltd., as disclosed in Stavatti Aerospace, Ltd.'s Initial Disclosure Statement Exhibit 1.

**ADMIT** _____           **DENY** _____

**REQUEST FOR ADMISSION NO. 4**:

Admit that the Promissory Note you provided to Plaintiff to sign requires payment of five million ($5,000,000) dollars on or before February 27, 2026 to Plaintiff.

**ADMIT** _____           **DENY** _____

**REQUEST FOR ADMISSION NO. 5**:

Admit that the Promissory Note you provided to Plaintiff to sign identified Defendant Christopher Beskar as the CEO of Stavatti Aerospace, Ltd.

**ADMIT** _____           **DENY** _____

**REQUEST FOR ADMISSION NO. 6**:

Admit that you saw Defendant Christopher Beskar sign documents as the CEO of Stavatti Aerospace, Ltd. prior to the date of the Promissory Note.

**ADMIT _____**          **DENY _____**

**REQUEST FOR ADMISSION NO. 7**:

Admit that on or about June 2, 2022 you were promoted from Vice President for Unpiloted Autonomous Systems (UAS) and Director of Stavatti UAS for Stavatti Aerospace Ltd. to the President of Stavatti Aerospace Ltd.

**ADMIT _____**          **DENY _____**

**REQUEST FOR ADMISSION NO. 8**:

Admit that on June 2, 2022 you were sent an email by Defendant Christopher Beskar identifying you as President of Stavatti Aerospace.

**ADMIT _____**          **DENY _____**

**REQUEST FOR ADMISSION NO. 9**:

Admit that on June 2, 2022 you were sent an email from Defendant Christopher Beskar with new business cards, identifying you as President of Stavatti Aerospace.

**ADMIT _____**          **DENY _____**

**REQUEST FOR ADMISSION NO. 10**:

Admit that on June 2, 2022 you were sent an email from Defendant Christopher Beskar with pitch decks to use when raising capital in your capacity as President of Stavatti Aerospace.

**ADMIT _____**          **DENY _____**

**REQUEST FOR ADMISSION NO. 11**:

Admit that one of your duties as President of Stavatti Aerospace was to raise capital for the company.

**ADMIT _____**          **DENY _____**

**REQUEST FOR ADMISSION NO. 12**:

Admit that you raised, in your capacity as Stavatti Aerospace's President, at least $900,000 from Plaintiff.

**ADMIT** _____    **DENY** _____

**REQUEST FOR ADMISSION NO. 13**:

Admit that you, as Stavatti Aerospace's President, deposited Plaintiff's investments into Defendant Stavatti Aerospace Ltd.'s company Bank of America checking account on March 1, 2022 and April 20, 2022

**ADMIT** _____    **DENY** _____

**REQUEST FOR ADMISSION NO. 14**:

Admit that you, in your time as Stavatti Aerospace's President, did not return any portion of the one million ($1,000,000) dollars principal balance to Plaintiff.

**ADMIT** _____    **DENY** _____

**REQUEST FOR ADMISSION NO. 15**:

Admit that you, in your capacity as Stavatti Aerospace's President, used Plaintiff's investment to benefit the company including but not limited to paying fees for an investment banking firm, to pay outstanding expenses, and to use as working capital.

**ADMIT** _____    **DENY** _____

**REQUEST FOR ADMISSION NO. 16**:

Admit that on June 4, 2022 and June 30, 2022 you emailed Plaintiff, in your capacity as President of Stavatti Aerospace, affirming Stavatti's intent to pay back the promissory note.

**ADMIT** _____    **DENY** _____

8

**REQUEST FOR ADMISSION NO. 17**:

Admit that you, in your time employed by Stavatti Aerospace, never saw Stavatti Aerospace Ltd. manufacture any aircraft.

**ADMIT** _____                    **DENY** _____

**REQUEST FOR ADMISSION NO. 18**:

Admit that you are no longer employed by Stavatti Aerospace.

**ADMIT** _____                    **DENY** _____

## NON-UNIFORM INTERROGATORIES

**NON-UNIFORM INTERROGATORY NO. 1**:

For each of the above requests for admissions that you do not unequivocally admit, state the following:

    a. The factual basis for your denial.

    b. The identity of all witnesses who can testify to those facts.

    c. The identity of all documents supporting or evidencing your denial.

    d. The investigation you undertook to ascertain the factual basis for the denial.

**NON-UNIFORM INTERROGATORY NO. 2**:

Identify all individuals involved in any communications and the method of communication between you, while employed by Stavatti Aerospace Ltd., and any other defendant concerning the Promissory Note, referenced in Request for Admission No. 1, from Valentino Dimitrov.

**NON-UNIFORM INTERROGATORY NO. 3**:

Identify all individuals you communicated with and solicited for investments in your role as President of Stavatti Aerospace Ltd.

9

**NON-UNIFORM INTERROGATORY NO. 4**:

Identify all the reasons you were terminated from Stavatti Aerospace Ltd.

**NON-UNIFORM INTERROGATORY NO. 5**:

Identify additional individuals that you failed to repay for investments in your capacity as President of Stavatti Aerospace Ltd.

**NON-UNIFORM INTERROGATORY NO. 6**:

Identify your and Defendant Stavatti Aerospace Ltd.'s relationship with Defendant Rudy Chacon.

**NON-UNIFORM INTERROGATORY NO. 7**:

Identify when your relationship with Defendant Rudy Chacon began.

**NON-UNIFORM INTERROGATORY NO. 8**:

Identify any and all communications and the method of communication you had with Defendant Rudy Chacon regarding the Promissory Note.

**NON-UNIFORM INTERROGATORY NO. 9**:

Identify Defendant Rudy Chacon's involvement with Stavatti Aerospace Ltd. while you were employed by them.

**NON-UNIFORM INTERROGATORY NO. 10**:

Identify any and all individuals you and Defendant Rudy Chacon approached for investments to Stavatti Aerospace Ltd. other than Valentino Dimitrov.

**NON-UNIFORM INTERROGATORY NO. 11**:

Identify all defendants involved in any communications and the method of communication between you, while employed by Stavatti Aerospace Ltd., and Defendant Rudy Chacon concerning the Promissory Note from Valentino Dimitrov.

10

**NON-UNIFORM INTERROGATORY NO. 12**:

Identify the process you were required to abide by when procuring investments for Defendant Stavatti Aerospace Ltd.

### UNIFORM INTERROGATORIES[1]

Please provide responses to Arizona Uniform Interrogatories Numbers 1, 8, 9, 10, 11, and 13, which are referenced in Rule 33, Ariz. R. Civ. P., and found in Form 6 to Rule 84, Ariz. R. Civ. P.

**UNIFORM INTERROGATORY NO. 1:**

Please state your full name and state any, and all other names which you have ever used or by which you have ever been known.

**UNIFORM INTERROGATORY NO. 8:**

Please state the name, address and telephone number of all employees and/or agents involved in the transactions and events which are the subject of the pleadings.

**UNIFORM INTERROGATORY NO. 9:**[2]

Please identify all persons responsible for furnishing any materials or information used to complete the disclosure statement required by Rule 26.1, Federal Rules of Civil Procedure.

**UNIFORM INTERROGATORY NO. 10:**

Please state the name, address and telephone number of all persons who you believe may have knowledge or relevant information concerning each claim or defense disclosed pursuant to Rule 26.1 (ARCP). If you have disclosed multiple claims or multiple defenses, state the claim(s) or defense(s) about which you believe the person has information or knowledge.

---

[1] The Uniform Interrogatories arise from the Arizona Rules of Civil Procedure.
[2] This Uniform Interrogatory has been modified to account for the Federal Rules of Civil Procedure rather than the Arizona Rules of Civil Procedure.

11

**UNIFORM INTERROGATORY NO. 11:**

Identify and list each document you believe may be relevant to each separate claim or defense disclosed pursuant to Rule 26.1 (ARCP). If you disclosed multiple claims or multiple defenses, state which claim(s) or defense(s) about which you believe the document bears relevance. As to each of the documents identified, please provide the following:

A. The location of the documents.
B. The name, address, and telephone number of the individual with the custody or control over the documents.

**UNIFORM INTERROGATORY NO. 13:**

With respect to the negotiations leading to the formation of the contract(s), please identify the name, address, and telephone number of all persons involved in those negotiations, and identify all documents that relate to, or were part of, directly or indirectly, the negotiations.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce each of the documents identified in response to the Interrogatories, including Non-Uniform and Uniform Interrogatories.

**REQUEST FOR PRODUCTION NO. 2:**

Produce any and all documents identifying you as President of Stavatti Aerospace Ltd.

**REQUEST FOR PRODUCTION NO. 3:**

Produce any and all communications between you and Defendant Christopher Beskar identifying you as President of Stavatti Aerospace Ltd.

**REQUEST FOR PRODUCTION NO. 4:**

Produce any and all communications between you and Defendant Christopher Beskar related to the Promissory Note.

**REQUEST FOR PRODUCTION NO. 5:**

Produce any and all documents provided to you identifying Defendant Christopher Beskar's knowledge of the Promissory Note prior to this lawsuit.

**REQUEST FOR PRODUCTION NO. 6:**

Produce any and all communications between you and Defendant Christopher Beskar related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 7:**

Produce any and all communications between you and Defendant Rudy Chacon related to the Promissory Note.

**REQUEST FOR PRODUCTION NO. 8:**

Produce any and all communications between you and Defendant Rudy Chacon related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 9:**

Produce any and all communications between you and any other Defendant related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 10:**

Produce any and all communications between you and any other Defendant related to the Promissory Note.

**REQUEST FOR PRODUCTION NO. 11:**

Produce any and all communications between you, Defendant Rudy Chacon, and any other defendants related to the Promissory Note.

**REQUEST FOR PRODUCTION NO. 12:**

Produce any and all communications between you, Defendant Rudy Chacon, and any other defendants related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 13:**

Produce any and all communications between you and Defendant Rudy Chacon from February 25, 2022 through February 3, 2023.

**REQUEST FOR PRODUCTION NO. 14:**

Produce any and all communications between you and employees and/or agents of Stavatti Aerospace Ltd. related to the Promissory Note.

**REQUEST FOR PRODUCTION NO. 15:**

Produce any and all communications between you and employees and/or agents of Stavatti Aerospace Ltd. related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 16:**

Produce any and all documents identifying your termination from Stavatti Aerospace Ltd.

**REQUEST FOR PRODUCTION NO. 17:**

Produce any and all communications between you and Defendant Christopher Beskar identifying your termination from Stavatti Aerospace Ltd.

**REQUEST FOR PRODUCTION NO. 18:**

Produce any and all communications between you and employees and/or agents of Stavatti Aerospace Ltd. identifying your termination from Stavatti Aerospace Ltd.

///

///

///

///

///

///

///

**REQUEST FOR PRODUCTION NO. 19:**

Produce any and all documents outlining the process for you to procure investors as President of Stavatti Aerospace Ltd.

**DATED** this 12th day of December 2024.

                                         **ENARA LAW PLLC**

By: */s/ George K. Chebat*
     George K. Chebat
     Ross P. Meyer
     *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of December 2024, I caused the foregoing document to be electronically delivered via email to Defendants' counsel as indicated below:

Nino Abate, Esq.
The Law Office of Nino Abate, PLC
300 W. Clarendon Ave., Suite 130
Phoenix, Arizona 85013
nino@abatelaw.com
*Attorney for Defendants Brian and Corrina Colvin*

Terrance D. Dunmire, Esq.
Law Offices of Terrance D. Dunmire
8701 E. Vista Bonita Drive, Suite 220
Scottsdale, Arizona 85255
tdunmire@parkwestpartners.com
*Attorney for Defendants (except Brian and Corrina Colvin)*

By: */s/ Shelly N. Witgen, ACP*

16



Morgan Silva <morgan@enaralaw.com>

## Stavatti v. Dimitrov Discovery Requests- Colvin

Morgan Silva <morgan@enaralaw.com>  Thu, Dec 12, 2024 at 5:01 PM
To: nino@abatelaw.com
Cc: tdunmire@parkwestpartners.com, George Chebat <george@enaralaw.com>, Ross Meyer <ross@enaralaw.com>, Shelly Witgen <shelly@enaralaw.com>

Nino,

Please see the attached Discovery Requests for Brian Colvin.

Thanks,

--
**Morgan E. Silva**
Attorney
Enara Law PLLC
Office: (602) 698-6787
Fax: (602) 975-4603
Phoenix | Scottsdale | Tucson
Las Vegas | Washington D.C

📄 **2024 1212 - RFAs, NUIs, RFPs - Brian Colvin.pdf**
206K