**GEORGE K. CHEBAT (034232)**
George@EnaraLaw.com
**ROSS P. MEYER (028473)**
Ross@EnaraLaw.com
**Enara Law PLLC**
7631 East Greenway Road, Suite B-2
Scottsdale, Arizona 85260
Telephone: (602) 687-2010
Filings@EnaraLaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated; <br><br> Plaintiffs, <br> vs. <br> Stavatti Aerospace, Ltd, a Minnesota corporation; Stavatti Aerospace, Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobiliare Ltd, a Wyoming corporation; Stavatti Industries, Ltd, a Wyoming corporation; Stavatti Niagara, Ltd., a New York corporation Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainian business entity; Stavatti Heavy Industries Ltd, a Hawaii corporation; Christopher Beskar and Maja Beskar, husband and wife; Brian Colvin and Corrina Colvin, husband and wife; John Simon and Jean Simon, husband and wife; William Mcewen and Patricia Mcewen, husband wife; Rudy Chacon and Jane Doe Chacon, husband and wife; and Does 1 through 10, inclusive, <br><br> Defendants. | Case No.: 2:23-CV-00226-PHX-DJH <br><br><br> **JOINT STATEMENT OF DISCOVERY DISPUTE REGARDING DEFENDANT BRIAN COLVIN'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS AND FAILURE TO APPEAR AT A SCHEDULED DEPOSITION** |

Pursuant to the Scheduling Order (Doc. 39) the Parties submit the following joint statement of discovery dispute regarding Defendant Brian Colvin's failure to timely

1

respond to Plaintiff's Requests for Admissions and failure to appear at his scheduled deposition. The Parties conferred but could not resolve the dispute.

### I.     Plaintiff's Position

On December 12, 2024, Plaintiff served Defendant Brian Colvin with a set of Requests for Admissions pursuant to Rule 36 of the Federal Rules of Civil Procedure. Under the Federal Rules of Civil Procedure, any request for admission that is not answered or objected to within thirty (30) days after service is deemed admitted without further action. Fed. R. Civ. P. 36(a)(3). If not timely answered or objected to, a party may seek a court order confirming that these admissions are conclusively established. Fed. R. Civ. P. 36(b). Due to Mr. Colvin's failure to timely respond or otherwise object to the Requests for Admissions, each matter contained in Plaintiff's Requests for Admissions should be deemed conclusively admitted for purposes of this action.

Additionally, on December 31, 2024, Plaintiff noticed Mr. Colvin of his deposition scheduled for January 24, 2025 at 9:00 am. Mr. Colvin did not timely object to the notice or communicate any conflicts with the scheduled deposition until January 14, 2025, when Mr. Colvin's counsel stated he could not afford to travel to Phoenix, Arizona. In response, Plaintiff offered to travel to the state Mr. Colvin resides in to conduct the deposition. On January 24, 2025, Mr. Colvin failed to appear for his deposition as scheduled. Furthermore, Mr. Colvin's counsel was absent from all four depositions that have taken place in the case. A party may move for an order compelling discovery, including a deposition, when a deponent fails to appear without justification. Fed. R. Civ. P. 37(a)(3)(B)(i). Mr. Colvin was properly noticed for his deposition and had a legal obligation to appear. Compelling the deposition of Mr. Colvin is necessary to ensure the fair and efficient resolution of this case. Mr. Colvin possesses critical information as a named defendant that cannot be obtained from other sources. Plaintiff respectfully

requests that the Court Deem Plaintiff's Requests for Admissions Admitted and order Mr. Colvin to appear for deposition on a date and time specified by the Court. Finally, Plaintiff requests his attorney's fees incurred in bringing this Motion, pursuant to Federal Rule of Civil Procedure 37(a)(5).

## II. **Defendant Brian Colvin's Position**

On January 13, 2025, my office realized that Plaintiff's discovery responses were not calendared. Plaintiff's attorneys did not copy Bonnie Bertolini, the paralegal in my office who keeps my calendar. Attorney Nino Abate emailed Morgan Silva to let them know the error and requested a 2-week extension to respond to the discovery requests, including the Requests for Admission. Plaintiff's attorneys refused. Attorney Nino Abate provided responses to all Plaintiff's written discovery requests, including the Requests for Admission, on January 27, 2025.

On January 14, 2025, Attorney Nino Abate asked if Brian Colvin's deposition could be taken remotely. Plaintiff's attorney George Chebat responded that he would prefer to do it in person. In reply, it was explained that Mr. Colvin could not afford to travel to Phoenix to attend his deposition. Mr. Abate offered that Plaintiffs could either pay for his airfare to fly to Phoenix or they could take Mr. Colvin's deposition virtually. Another option was for Plaintiff and his attorneys to fly to California to take Mr. Colvin's deposition. Mr. Chebat responded that Mr. Colvin could drive to Phoenix instead of fly. Again, Mr. Colvin is not currently employed and cannot afford to either drive or fly to Phoenix, and should not be forced to bear the expense to travel to Phoenix from California. Plaintiff and his attorneys refused any reasonable accommodation. Therefore, Mr. Colvin was unable to attend his deposition.

## III. **Position of all Defendants other than Brian Colvin (hereinafter "Defendants")**

Defendants do not object Plaintiff's request to deem the Colvin's requests to admit be deemed admitted. With respect to Plaintiff's motion to compel Mr. Colvin's deposition

3

in person however, Defendant's position is that this dispute does not warrant the Court's involvement. Defendants experience is that Plaintiff has been very difficult to work with regarding the scheduling of depositions as set forth above by counsel for Brian Colvin. A virtual deposition of Brian Colvin will elicit the same information that a deposition in person will provide and it would avoid the need to involve the Court in this dispute.

Furthermore, there are much more serious discovery issues going on but Plaintiff insists those matters be the subject of a subsequent discovery motion.

**DATED** this 3rd day of February 2025.

              **ENARA LAW, PLLC**

              By: */s/ George K. Chebat*
                 George K. Chebat
                 Ross P. Meyer
                 *Attorneys for Plaintiff*

              **THE LAW OFFICE OF NINO ABATE, PLC**

              By: */s/ Nino Abate (with Permission)*
                 Nino Abate
                 *Attorney for Defendant*
                 *Brian Colvin*

              **LAW OFFICES OF TERRANCE D. DUNMIRE**

              By: */s/ Terrance D. Dunmire (with Permission)*
                 Terrance D. Dunmire
                 *Attorney for Defendants (except Brian and Corrina Colvin)*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February 2025, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all parties and counsel of record via the CM/ECF system.

By: *Shelly N. Witgen, ACP*