**EXHIBIT A**

STAVATTI™                                                                                                                    AEROSPACE



## STAVATTI AEROSPACE LTD

# PROMISSORY NOTE

For value received, the undersigned Stavatti Aerospace Ltd (the Borrower) at 9400 Porter Road, Niagara Falls, NY 14304 promise to pay Valentino Demitriov (the Lender) at 4525 Dean Martin Dr, #1400, Las Veagas NV 89103 a total sum of $1,000,000.00 (Amount) with 500% (5x) Return. Borrower and Lender both agree to the following terms and conditions:

### TERMS AND CONDITIONS

**Promise to Pay:**

Within forty-eight (48) months consisting of one interest payment on the one year anniversary of the loan date, Borrower promises to pay the Principal Sum of $1,000,000.00 on the FIFO (first in first out) Basis. **Liability:**

Stavatti Aerospace Ltd/the Borrower is liable for paying back the following full amount

**Details of Loans: Agreed Between Borrower and Lender:**

| February 25, 2022 | $1,000,000.00 | (5x) $5,000,000.00 | Within 48 Months |
|---|---|---|---|
| Cell A: Date of Loan | Cell B: Amount of Loan ($ USD) | Cell C: Profit Participation | Cell D: Date of Repayment |

**Payment of Loan:**

Terms: Payment shall be made on a quarterly basis as the project progresses. The start date will be announced after the commencement of the project launch date.

Total Profit Participation: $5,000,000.00 Five Million

Principal Payment: $1,000,000.00 One Million

Principal amount to be paid in full on May 1, 2022

**Collateral:**

A) In the Second Instance Stavatti Aerospace Ltd/the Borrower shall offer the option to own 1,000,000 shares of stock (Preferred Stock) in Stavatti Aerospace Ltd or have this note convertible to 1,000,000 shares of stock "for the duration of time in which the Lenders Principal is in use. Once Stavatti Aerospace Ltd/the Borrower repays the Lender the full principal amount of $1,000,000.00 (FIFO) back, the (Preferred Stock) in Stavatti Aerospace Ltd. is released, and returned back to the company (Stavatti Aerospace Ltd.). This Stock Option/Conversion Option releases the First Right Collateral Provision (A).

1

**STAVATTI™**  **AEROSPACE**

### Governance

This Note shall be governed by, and construed and enforced in accordance with, the laws of the State of New York within the county of Niagara.

### Notices

All notices or other communications shall be in writing and shall be delivered by hand or mailed by registered or certified mail, or by email with recipient verification to the undersigned at the address set forth after his name and signature below, and to the Company at the following address: 9400 Porter Road, Niagara Falls, NY 14304 USA with an email address of aerospace@stavatti.com.

**IN WITNESS WHEREOF** This Note has been Accepted by As of the Following Effective Date:

**Mr. Valentino Demitriov**          **Stavatti Aerospace Ltd**

| (SIGNATURE) | (SIGNATURE) |
|---|---|
| Valentino Demitriov | Christopher R. Beskar |
| (PRINT NAME) | (PRINT NAME) |
|  | CEO |
| (PRINT TITLE) | (PRINT TITLE) |
| 4525 Dean Martin Dr, #1400 | 9400 Porter Road |
| (MAILING ADDRESS) | (MAILING ADDRESS) |
| Las Vesgas NV 89103 | Niagara Falls, NY 14304 USA |
| (CITY-STATE-ZIP CODE) | (CITY-STATE-ZIP CODE) |
| (602) 809-0909 | (651) 238-5369 |
| (PHONE) | (PHONE) |
| valentino101@msm.com | chris.beskar@stavatti.com |
| (Email) | (Email) |
| 2/27/2022 | 27 Feb 2022 |
| (ACCEPTED AND EFFECTIVE DATE) | (DATE) |

**STAVATTI AEROSPACE LTD**

2

STAVATTI™                                                                                                     NDA/PIA



# STAVATTI AEROSPACE LTD

## Mutual Non-Disclosure and Proprietary Information Agreement (NDA/PIA)

### 1. PARTICIPANTS

This Mutual Non-Disclosure and Proprietary Information Agreement (NDA/PIA) known hereafter as the "Agreement" is entered into as of the indicated "Effective Date" between by STAVATTI AEROSPACE LTD and/or the divisions, subsidiaries and joint-venture enterprises thereof, collectively hereinafter referred to as "Stavatti," having a principal mailing address of 30 N Gould Street, Suite 2247, Sheridan, WY 82801 and additional mailing addresses including 4455 Genesee Street, Suite 114, Buffalo, NY 14225 and P.O. Box 211258 Eagan, MN 55121 and:

_____
(YOUR PRINTED NAME OR BUSINESS NAME)

having a place of business and/or a principal mailing address of:

_____
(YOUR MAILING ADDRESS)

hereinafter referred to as the "Party."

### 2. SCOPE OF DISCLOSURE

The Proprietary Information to be disclosed under this Agreement relates to:

Mutual Exchange of Proprietary Business and Technical Information Between Stavatti and the Party
_____
(PROPRIETARY INFORMATION SUBJECT MATTER)

Stavatti and the Party hereby agree as follows:

### 3. PROPRIETARY INFORMATION

"Proprietary Information" shall mean information disclosed or exchanged between one party (the "disclosing party') and the other party (the "receiving party"), subject to the exceptions in Section 6 below, and may include, but is not limited to, trade secrets, prototypes, test articles, physical samples, financial, business, sales or technical information, terms of agreements, negotiations or proposals, data and such other information disclosed (a) in written or other tangible form and clearly identified at the time of disclosure by an appropriate and conspicuous marking "Proprietary or with words of similar import including "Confidential, Secret or Top Secret", or (b) orally or visually and identified as Proprietary Information or Confidential at the time of disclosure, or (c) if by electronic transmission (including, but not limited to electronic mail, download, television, film, facsimile, telegraph) in either human readable or machine readable form shall be clearly identified at the time of disclosure as being Proprietary Information by an appropriate and conspicuous electronic marking within the electronic transmission, such marking to be displayed in human readable form along with any display of the Proprietary Information, or (d) by delivery of an electronic storage medium or memory device shall be clearly identified at the time of disclosure as being Proprietary Information by an appropriate and conspicuous marking stored Proprietary, such marking to be displayed in  human readable form along with any display of the Proprietary Information, or (e) under circumstances by which the Receiving Party should reasonably understand such information is to be treated as proprietary, whether or not marked "Proprietary" or otherwise.

### 4. PURPOSE

Disclosing Party and/or its Affiliates may disclose Proprietary Information to Receiving Party and/or its Affiliates for the sole purpose of (a) considering a potential relationship, business or otherwise, with each other and/or (b) fulfilling the objectors or terms of such a relationship, business or otherwise (collectively, the "Purpose.")

### 5. NON-USE AND NON-DISCLOSURE OBLIGATIONS

Subject to Section 6 of this Agreement, the Receiving Party agrees not to: (a) use the Disclosing Party's

Proprietary Information for any reason other than as required for the Purpose; and (b) disclose Disclosing Party's Proprietary Information to any third party except its employees, consultants, directors and affiliates that (i) have a "need to know" such Proprietary Information for furtherance of the Purpose, and (ii) are bound to confidentiality under the terms no less protective than the terms of this Agreement (collectively "Authorized Recipients'). Receiving party shall implement and maintain appropriate organizational, technical and administrative security measures, exercising the same degree of care in protecting Disclosing Party's Proprietary Information that it uses for its own Proprietary Information of a similar nature, but in no event less than reasonable care. Promptly after becoming aware of any unauthorized use or disclosure of, and/or unauthorized attempts to access or modify, any of the Disclosing Party's Proprietary Information in the custody or control of Receiving Party or its Authorized Recipients, Receiving Party shall notify Disclosing Party in writing and cooperate with Disclosing Party to investigate and mitigate any adverse effects therefrom. Receiving Party shall be responsible for any unauthorized use or disclosure of Proprietary Information by any of its Authorized Recipients.

### 6. DE-IDENTIFIED OR ANONYMOUS DATA

Stavatti may, in its sole discretion, share certain de-identified or anonymous data, which is data that cannot be used to identify an individual ("Anonymous Data"). The Party will not, and will not attempt to, (a) re-identify any de-identified or anonymous data or (b) identify the individual with whom such data is associated.

### 7. NO PUBLICITY

Each party agrees that it shall not make any public disclosures relating to the existence of this Agreement or the Purpose without the prior conscent, be it verbal or written, of the other party.

### 8. EXCEPTIONS

The obligations of Section 3 of this Agreement shall not apply to information (other than Anonymous Data) that: (a) is already known to the Receiving Party or its Affiliates at the time of disclosure without obligation of confidentiality to Disclosing Party, (b) is or becomes publicly known through no act of wrong doing or omission of Receiving Party or its Affiliates, (c) is rightfully received by Receiving Party or its Affiliates from a third party without obligation of confidentiality, (d) is approved for release by written authorization of Disclosing Party, or (e) was developed by Receiving Party or its Affiliates independently and without the use or benefit of any of the Proprietary Information. A disclosure of Proprietary Information that is required to be made by Receiving Party pursuant to any request, order or requirement of a court, administrative agency or any other governmental agency shall not be deemed a breach of this Agreement, provided that Receiving Party has: (x) immediately notified Disclosing Party in writing of such, request, order or requirement, (y) given Disclosing Party an opportunity to contest disclosure or seek an appropriate protective order, and (z) cooperated with Disclosing Party to narrow the scope of such disclosure to only that portion of the Proprietary Information that is necessary to fulfill the request, order or requirement.

### 9. OWNERSHIP

All Proprietary Information and derivations thereof shall remain the sole and exclusive property of the Disclosing Party and no license or other right to such Proprietary Information or either party's intellectual property is granted or implied hereby.

### 10. AS-IS DISCLOSURES

Disclosing Party warrants that it has the right to disclose the Proprietary Information to Receiving Party. Except for the foregoing, (a) no other warranties are made whether express, implied or statutory, (b) all Proprietary Information is provided on an "AS IS" basis, and (c) no representation, warranty, assurance, or guarantee is made by Disclosing Party with respect to the accuracy, performance, completeness, or suitability of the Proprietary Information or non-infringement of third-party rights based on the use of the Proprietary Information by Receiving Party.

### 11. CURRENT AND FUTURE DEVELOPMENT

Nothing in this Agreement will be construed as a representation or inference that Receiving Party will not develop, or have developed, products or services that, without violation of this Agreement, compete with the products or services of the Disclosing Party.

### 12. RETURN OF PROPRIETARY INFORMATION

Proprietary Information, and all copies thereof, remain the property of the Disclosing Party. At the verbal or written request of the Disclosing Party, Receiving Party shall promptly return to Disclosing Party all documents, presentations, and other tangible items of Proprietary Information furnished by Disclosing Party, or at the request of Disclosing Party, certify in writing that all such Proprietary Information has been destroyed. Receiving Party shall also use reasonable efforts to delete all electronic copies of Disclosing Party's Proprietary Information under the Receiving Party's control.

### 13. DESTRUCTION OF DOCUMENTS

Upon written request of the other Party, each Party shall return or destroy all documents containing Proprietary Information furnished hereunder by that Party, together with any copies thereof. A party destroying Proprietary Information of the other shall certify same to the disclosing Party.

### 14. AFFILIATE

As used herein, "Affiliate" shall mean an entity which: (a) controls or is controlled by a party hereto or (b) is under common control with a party hereto: where "control" means that more than fifty percent (>50%) of the

STAVATTI™                                                                                                    NDA/PIA

controlled entity's shares or ownership interest representing the right to make decisions for such entity are owned or controlled, directly or indirectly, by the controlling entity.

### 15. NOTICES

Any notice required or permitted by this agreement shall be made in writing and be deemed delivered upon verification of delivery to the other party.

### 16. TERMINATION OF THIS AGREEMENT

This Agreement shall be effective as of the Effective Data and shall expire on the third (3rd) anniversary of the Effective Date. Either party may terminate this Agreement for any or no reason upon written notice to the other party, and termination shall be effective sixty (60) calendar days after receipt of such notice. No expiration or termination shall affect either party's rights or obligations with respect to Proprietary Information disclosed prior to such expiration or termination, and such rights or obligations shall continue as long as Receiving Party has custody of or control over Disclosing Party's confidential information. Notwithstanding any expiration or termination of this Agreement, Sections 5-8 and 12-24, inclusive, of this Agreement shall survive for three (3) years following the date of any such expiration or termination.

### 17. CLASSIFIED INFORMATION AND ITAR

Classified Information required by either Party that falls within the scope of this Agreement shall be handled in accordance with the requirement of DD Form 254 incorporated in the respective contract under which the Classified Information is generated, and in full compliance with DoD 5220.22-M. Both Parties shall comply with all laws, including all statutes and regulations of the United States governing the export of defense articles and technical data, both classified and unclassified, including, but not limited to, the International Traffic in Arms Regulations (ITAR). The ITAR restricts the export of defense articles and technical data as specified in the United States Munitions List (USML). The USML is a listing of articles, services and related technical data, which are designated as defense articles, defense services and defense technical data, of both classified and unclassified nature. "Defense Services" is defined herein as the furnishing of assistance, including training of foreign persons in the design, engineering, development, manufacture, operation, repair and maintenance of defense articles, whether conducted in the U.S. or abroad, as well as the furnishings of foreign persons any technical data

### 18. GOVERNING LAW AND VENUE

This Agreement is governed by the laws of Wyoming, without regard to its conflict of laws principles. In the event of a conflict or dispute between the parties under this agrement, the parties agree to meet and confer to discuss in good faith a resolution to such conflict or dispute. The exclusive venue for any judicial action arising out of or relating to this Agreement will be the State Courts of Wyoming and the parties hereby waive any challenge to venue and personal jurisdiction.

### 19. INJUNCTIVE RELIEF

The parties acknowledge and agree that any breach or threatened breach of this Agreement by Receiving Party could cause harm to the Disclosing Party for which monetary damages may not provide adequate remedy. The parties agree that in the event of such a breach or threatened breach of this Agreement, in addition to any other available remedies, the Disclosing Party may seek temporary and permanent injunctive relief restraining the Receiving Party from disclosing or using, in whole or in part, any Proprietary Information.

### 20. ENTIRE AGREEMENT AND SEVERABILITY

This Agreement constitutes the entire agreement between the parties hereto regarding the subject matter hereof and supersedes all prior agreements, representations and understandings, oral or written, between the parties regarding the subject matter hereof. If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be changed and interpreted so as to best accomplish the objectives of the original provision to the fullest extent allowed by law and the remaining provisions of this Agreement shall remain in full-force and effect.

### 21. AMENDMENT

This Agreement may not be changed, modified, released, discharged, abandoned, neglected or assigned (in whole or in-part) except by an instrument in writing signed by an authorized representative of each party hereto.

### 22. WAIVER

A waiver of any right hereunder shall in no way waive any other rights. No waiver, alteration, modification or amendment of this Agreement shall be effective unless in writing and signed by both parties.

### 23. COUNTERPARTS

This Agreement may be signed in duplicate originals, or in separate counterparts, which are effective as if the parties signed a single original. A facsimile of an original signature or an electronically signed version transmitted to the other party is effective as if the original was sent to the other party.

### 24. PRECEDENCE

This is the entire Agreement between the Parties relative to the exchange of Proprietary Information and it supersedes any prior written or oral agreement related to such information exchange.

STAVATTI™                                                                                                                  NDA/PIA

**IN WITNESS WHEREOF**, the parties have caused this Agreement to be executed by their duly authorized representatives and to be effective as of the Effective Date.

## STAVATTI AEROSPACE LTD

_____
(SIGNATURE)

Christopher R. Beskar
(PRINT NAME)

CEO
(PRINT TITLE)

30 N Gould Street, Suite 2247
(MAILING ADDRESS)

Sheridan, WY 82801
(CITY-STATE-ZIP CODE)

(651) 238-5369
(PHONE)

chris.beskar@stavatti.com
(Email)

31 January 2020
(EFFECTIVE DATE)

Self
(COMPANY OR ORGANIZATION NAME)

_____
(SIGNATURE)

Brian D. Colvin
(PRINT NAME)

_____
(PRINT TITLE)

_____
(MAILING ADDRESS)

_____
(CITY-STATE-ZIP CODE)

424-501-5646
(PHONE)

Brian.Colvin@ymail.com
(Email)

January 31, 2020
(EFFECTIVE DATE)

**E-MAILING INSTRUCTIONS:** Please return an executed electronic copy of this agreement by e-mail to chris.beskar@stavatti.com. Electronic copies are considered to be equivalent to physical hard-copies.

**MAILING INSTRUCTIONS:** Please return a physical hardcopy by mail to Stavatti Aerospace Ltd at 30 N Gould Street, Suite 2247, Sheridan, WY 82801. If submitted as an electronic copy, it is not necessary to submit a physical hard copy.

STAVATTI AEROSPACE LTD

| WYOMING | MINNESOTA | CALIFORNIA | MN TEL: 651-238-5369 | UKRAINE | SERBIA | NEW YORK |
| --- | --- | --- | --- | --- | --- | --- |
| 30 N Gould St, Ste 2247 | P.O. Box 211258 | 1443 S. Gage Street | WY TEL: 307-620-7261 | Kyivs'ka Street 4, Suite 217 | No 2 Jabucki put Street | 4455 Genesee Street |
| Sheridan, WY | Eagan, MN | San Bernardino, CA | email: aerospace@stavatti.com | Vinnytsia, 21000 | Pancevo | Buffalo, NY |
| 82801 USA | 55121 USA | 92408 USA | http://www.stavatti.com | Ukraine | Serbia | 14225 USA |

2020                                                    4