Terrance D. Dunmire, Esq. (9964)
Law Offices of Terrance D Dunmire
8701 E. Vista Bonita Drive, Suite 220
Scottsdale, Arizona 85255
Phone (602) 264-1300
tdunmire@parkwestpartners.com
Attorney for Defendants (except Brian and Corrina Colvin)

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>Stavatti Aerospace. Ltd, a Minnesota corporation; Stavatti Aerospace Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobileare. Ltd. A Wyoming corporation; Stavatti Niagara, Ltd. A New York corporation; Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainien business entity; Stavatti Heavy Industries Ltd. a Hawaii corporation; Christopher Beskar and Maja Beskar, husband and wife; Brian Colvin and Corrina Colvin, husband and wife; John Simon and Jean Simon husband and wife ; William Mcewen and Patricia Mcewen, Husband and wife; Rudy Chacon and Jane Doe Chacon. Husband and wife; and DOES 1-10, inclusive<br><br>Defendants. | Case No. 2:23-CV-00226-DJH<br><br>**DEFENDANTS MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF'S LACK OF STANDING** |

Defendants Stavatti, Beskar, Simons, Mcewen and Chacon (hereinafter sometimes the "Represented Defendants") hereby move the court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Proceedure and to dismiss Plaintiff's claims on the basis of lack of standing. This motion is supported by the following Memorandum of Points and Authorities.

## Memorandum of Points and Authorities

**General Background:**

Plaintiff's case involves his enforcement of a promissory note (the Note) against the alleged maker of the Note, Defendant Stavatti Aerospace Ltd. (the Company). The Note had been negotiated by Plaintiff and Defendant Brian Colvin who, while affiliated with the Company at the time, was acting outside of his authority and in contravention of established Company procedures.

The Note was for one million dollars to be repaid within two months followed by payments of one million dollars per year profit participation for five years. Upon "execution" of the Note, the Company received a $900,000 deposit and used it for Company purposes. The Company however did not learn of the terms of the Note for months after it was already delinquent, when a company auditor requested a copy of it.

The Company did not sign or authorize execution of the Note. The note was created by Mr. Colvin using a fraudulent facsimile of the Company president's signature lifted from a blank form non-disclosure agreement. Upon funding of the loan Mr. Colvin took an undisclosed and unauthorized fee of $100,000.

After becoming aware of the Note, the Company acknowledged receipt of the loan proceeds and has repeatedly expressed that it had every intention to repay Plaintiff.

Only recently, upon receiving certain requests for admission directed to Defendant Rudy Chacon in mid-December, did the Company learn that Plaintiff's investment into the Company involved a million dollars in **cash,** a fact that caused the Company great concern because of the regulated nature of its business. During Plaintiff's recent deposition he testified the money used for the loan was not his.

2

**Statement of Facts pertaining to Plaintiff's lack of standing:**

1. The money used to make the loan to the Company was not Plaintiff's. **See attached Exhibit A pages 19-20 and 54 from Plaintiff's deposition testimony.**
2. The owners of the million dollars in cash are not involved in this case or before this court. **See attached Exhibit A pages 20-21 from Plaintiff's deposition testimony.**
3. Plaintiff did not inform the owners of the one million dollars in cash of his intention to use it this way so did not have permission to invest it. **See attached Exhibit A pages 68-69 from Plaintiff's deposition testimony.**
4. The owner/s of the million dollars in cash are upset they don't have their money back but Plaintiff is unable to recall whose cash it was. **See attached Exhibit A pages 20 and 68 from Plaintiff's deposition testimony.**

**Legal Authority:**

The standing requirements under federal law are well-established. The U.S. Supreme Court in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), articulated the three-part test for standing, which includes injury in fact, causation, and redressability. In Lujan, the issues of injury in fact and redressability were prominent but as the Court wrote "the most obvious problem in the present case is redressability. Since the agencies funding the projects were not parties to the case, the District Court could accord relief only against the Secretary..." Id at 568. Similarly, in the case at bar, the party with the direct injury in fact is not before the court and is not able to argue or be afforded its right to redress.

A plaintiff must assert their own legal rights and interests to have standing. In Mason Capital L.P. v. United States, No. 18-529C, United States Court of Federal Claims, June 8, 2020, the court emphasized that a plaintiff must demonstrate standing by asserting its own legal rights and interests, not those of third parties. Id at 25. This

principle was reiterated in <u>Owl Creek Asia I, L.P. v. United States</u> and <u>Fairholme Funds, Inc. v. United States</u>, where the courts held that a plaintiff cannot base its claims on the rights or interests of third parties. In the case at bar, Plaintiff has admitted the money he has sued for was not his. Accordingly, Plaintiff's claims are derivative of the real party in interest who is not before the court and Plaintiff has no proper basis for asserting those claims.

**Argument:**

Plaintiff has made wild and unsupported allegations in his complaint of misrepresentations by numerous individuals and companies, however he testified in his deposition that he did not rely on anyone affiliated with the Company, before making his investment into the Company. He testified that he relied upon his friend Rudy Chacon who also invested into the Company; Rudy invested around $240,000 based upon a promissory note with the same infirmities as the note Plaintiff has sued on however he has not joined Plaintiff in his wild allegations against the Company but rather is reasonably awaiting developments in the Company so that he can be repaid.

The Company has demonstrated its bona fides during discovery and, it is noteworthy, has negotiated a ten-million-dollar loan based upon airport property it owns in Niagara, New York, a copy of which has been provided to Plaintiff. The Company explicitly offered to settle the case with Plaintiff on very favorable terms upon funding of the loan. Plaintiff however ignored the offer and, for reasons that are becoming more and more suspicious, has ramped up his discovery efforts sending intrusive subpoena's to government agencies and just about anyone else they could think of that the Company works with creating very bad press damaging to its business prospects. Not surprisingly, the Company recently received a very concerning email from a Greek airline about to sign a very lucrative contract with the

4

Company which illustrates the damage Plaintiff's unfounded complaint is causing. **See Exhibit B attached**.

Plaintiff has come before this court with dirty hands. He lent out money that was not his cannot claim he has suffered the requisite injury in fact to establish standing to sue. Furthermore, he is not the real party in interest here and will not disclose who that real party in interest may be.

Given that Plaintiff has testified that the money invested in the Company was not his and that he was not acting as an authorized agent for the owner of the money, and that he is unable or unwilling to disclose the owner of the money, the Stavatti defendants are very concerned about who they are dealing with and must be careful during settlement discussions or other resolution of the matter through the court not to prejudice the rights of the real party in interest who might later seek redress against the Company. At the same time, the Company need to be very careful to avoid involvement with what appears to be money laundering.

Summary judgment in Defendant's favor and dismissal of Plaintiff's case would not prevent the owners of the million dollars in cash, the real party in interest, to bring an action based in equity to recover the money that Plaintiff used for this investment. In any event, the Company will set funds aside for that purpose.

**WHEREFORE,** based upon the forgoing, defendants request that summary judgment be granted on the basis of Plaintiff's lack of standing, that this case be dismissed and further relief as the court deems warranted.

**RESPECTFULLY SUBMITTED** THIS 4th day of March 2025.

BY _____
Terrance D. Dunmire

5

# EXHIBITS ATTACHED TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

**EXHIBIT 1:** Select pages from the deposition transcript taken during deposition of Plaintiff Valentino Dimitrov

**EXHIBIT 2:** Copy of email from Chris Beskar including an email from a Company representative in Greece describing the problem Plaintiff's lawsuit is causing the Company. The email from Greece included a copy of Plaintiff's complaint.

CERTIFICATE OF SERVICE Terrance Dunmire hereby certifies that on this 4th day of March 2025, he electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

George K. Chebat, Esq.
Enara Law PLLC
7631 East Greenway Road. Suite B-2
Scottsdale, Arizona 85260
george@enaralaw.com
Attorney for Plaintiff

Nino Abate. Esq.
The law Office of Nino Abate. PLC
300 W. Clarendon Ave., Suite 130
Phoenix, Arizona 85013
nino@abatelaw.com
Attorney for Brian and Corrina Colvin

Copy of the forgoing mailed
this 4th day of March 2025 to:

HONORABLE DIANE J. HUMETEWA
United States District Court Sandra Day O'Connor US Courthouse. Suite 625
401 West Washington Street, SPC 81
Phoenix, Arizona 85003

By: /s/ Terry Dunmire