**GEORGE K. CHEBAT (034232)**
George@EnaraLaw.com
**ROSS P. MEYER (028473)**
Ross@EnaraLaw.com
**Enara Law PLLC**
7631 East Greenway Road, Suite B-2
Scottsdale, Arizona 85260
Telephone: (602) 687-2010
Filings@EnaraLaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>Stavatti Aerospace, Ltd, a Minnesota corporation; Stavatti Aerospace, Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobiliare Ltd, a Wyoming corporation; Stavatti Industries, Ltd, a Wyoming corporation; Stavatti Niagara, Ltd., a New York corporation; Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainian business entity; Stavatti Heavy Industries Ltd, a Hawaii corporation; Christopher Beskar and Maja Beskar, husband and wife; Brian Colvin and Corrina Colvin, husband and wife; John Simon and Jean Simon, husband and wife; William Mcewen and Patricia Mcewen, husband wife; Rudy Chacon and Jane Doe Chacon, husband and wife; and Does 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:23-CV-00226-PHX-DJH<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF'S LACK OF STANDING (DOC. 63)**<br><br>**(ORAL ARGUMENT REQUESTED)** |

1

Plaintiff Valentino Dimitrov, by and through undersigned counsel, respectfully submits this Opposition to Defendants Motion for Summary Judgment for Plaintiff's Lack of Standing (Doc. 63) and Colvins' Joinder In and Objection to Defendants' Motion for Summary Judgment (Doc. 64), which incorporates all filings before this Court and the Memorandum of Points and Authorities contained herein.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. INTRODUCTION

On March 5, 2025, Defendants Stavatti, Christopher Beskar, John Simon, William Mcewen, and Rudy Chacon filed a Motion for Summary Judgment on the basis of lack of standing (the "Represented Defendants"). Doc. 63, at 1. The Defendants' Motion for Summary Judgment for Plaintiff's Lack of Standing (the "Motion") is submitted on the basis that the Plaintiff's one million ($1,000,000.00) dollars cash, provided as part of a Promissory Note, "was not his." *See* Doc. 63, at 2:25-26. Mr. Dimitrov has standing to bring this suit, as he executed a signed Promissory Note with Stavatti Aerospace, Ltd. ("Stavatti Aerospace"), who accepted the cash pursuant to the Promissory Note. *See* the Promissory Note dated February 27, 2022 attached hereto as **Exhibit A**. The Represented Defendants admit in their Motion that they received one million ($1,000,000) dollars from Plaintiff and have repeatedly expressed intent to repay the Promissory Note. *See* Doc. 63, at 2:10-12; 2:19-21; *see also* the Deposition Transcript of Christopher Beskar 171:17-21 and 183:11-14 attached hereto as **Exhibit B**. As a party to the Promissory Note, Mr. Dimitrov has standing to bring his claims against the Represented Parties. *See* Ex. A.

Defendants Brian and Corrina Colvin (the "Colvins") filed a Joinder In and Objection to Defendants' Motion for Summary Judgment on April 4, 2025. *See* Doc. 64. In the Joinder Motion, the Colvins joined in the Represented Defendants Motion for Summary Judgment but denied the allegations that a fraudulent signature was lifted from

a blank non-disclosure agreement for the Promissory Note. *See* Doc. 64, at 2:1-3; *but see* Doc. 63, at 2:15. The Colvins also deny that Brian Colvin took an undisclosed and unauthorized fee of $100,000.00 of the Principal. *See* Doc. 64, at 2:3-4. No evidence has been provided demonstrating whether the signature was fraudulent and whether Mr. Colvin's fee was unauthorized, leaving disputes of facts, which have no bearing on whether Mr. Dimitrov has standing to bring his claims against the Defendants.

## II. FACTUAL BACKGROUND

On or around February 27, 2022, Mr. Dimitrov signed a Promissory Note (the "Promissory Note") wherein he would provide $1,000,000.00 to Stavatti Aerospace Ltd. ("Stavatti") and Stavatti would repay his principal on or before May 1, 2022. *See* Ex. A. The Promissory Note lists Stavatti Aerospace Ltd as the borrower "liable for paying back. . . the full amount" of the Promissory Note. *See* Ex. A, at 1. Additionally, the Promissory Note appears to be a standard Stavatti Aerospace form, with "Stavatti Aerospace Ltd" listed throughout. *See* Ex. A, at 1-2. Furthermore, the Promissory Note lists "Mr. Valentino Demitriov [sic]" and "Stavatti Aerospace Ltd" as the parties subject to the note, as indicated by the signature block. *See* Ex. A, at 2.

Per the terms of the Promissory Note, Mr. Dimitrov provided a principal amount of $1,000,000.00 to Stavatti Aerospace (the "Principal"). *See* Ex. A, at 1; *see also* Ex. B, at 112:16-20 and 183:11-14. The Promissory Note listed May 1, 2022 as the date that the Principal would be paid in full. *See* Ex. A. In addition to the repayment of the Principal, the Promissory Note outlined a five-time return on the Principal on a quarterly basis to be repaid within forty-eight (48) months (the "Guaranteed Return"). *See* Ex. A. Stavatti accepted Mr. Dimitrov's Principal and deposited the funds for the benefit of the company. *See* Doc. 63, at 2:10-12; *see also* Ex. B, at 112:16-20, 163:24-164:2 and 171:10-16.

On or around May 1, 2022, Mr. Dimitrov never received the repayment of his principal. *See* Ex. B, at 112:1-7; *see also* Email dated June 4, 2022, attached hereto as **Exhibit C** and Email dated June 30, 2022, attached hereto as **Exhibit D**. Mr. Dimitrov has requested repayment of his Principal from Stavatti. *See* Demand for Repayment dated October 10, 2022, attached hereto as **Exhibit E**. On multiple occasions, Mr. Dimitrov received correspondence from representatives of Stavatti, acknowledging Stavatti's intent on complying with the repayment and Guaranteed Return terms of the Promissory Note. See Ex. C and D; see also Email dated September 5, 2022, attached hereto as **Exhibit F** and Response to Demand for Repayment dated October 24, 2022 attached hereto as **Exhibit G**, at 2, 3, and 6. Despite this reassurance, Mr. Dimitrov has never received the repayment of his Principal or Guaranteed Return.

On March 5, 2025, Represented Defendants filed their Motion for Summary Judgment based on lack of standing. *See* Doc. 63. The Motion rests on a lackluster argument that the money Mr. Dimitrov provided to Stavatti according to the Promissory Note, which they gladly accepted, came from third parties. *See* Doc. 63, at 3:25-4:4. The Represented Defendants also attempt to discredit Mr. Dimitrov, not the first time, by making baseless accusations of Mr. Dimitrov having "dirty hands" and being involved in money laundering. *See* Doc. 63, at 5:3 and 14. This Motion is another attempt at smearing Mr. Dimitrov's character.

## III. LEGAL ARGUMENT

### a. Legal Standard

The doctrine of standing has long been a critical question in any lawsuit. "In The Federalist No. 48, Madison expressed the view that '[i]t is not infrequently a question of real nicety in legislative bodies whether the operation of a particular measure will, or will not, extend beyond the legislative sphere,' whereas 'the executive power [is] restrained

4

within a narrower compass and . . . more simple in its nature,' and 'the judiciary [is] described by landmarks still less uncertain.' The Federalist No. 48, p. 256 (Carey and McClellan eds. 1990). One of those landmarks, setting apart the 'Cases' and 'Controversies' that are of the justiciable sort referred to in Article III – 'serv[ing] to identify those disputes which are appropriately resolved through the judicial process,' [ ] – is the doctrine of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). To have standing, the judiciary has established the "irreducible constitutional minimum of standing," which contains the following three elements: (1) An injury – "an invasion of a legally protected interest which is (a) concrete and particularize[d] . . .; and (b) actual or imminent, not conjectural or hypothetical . . . ." *Id*. (internal citations and quotations omitted); (2) A causal connection between the injury and the conduct complained of – "the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Id*. (internal quotation omitted); and (3) "it must be *likely* as opposed to merely *speculative* that the injury will be redressed by a favorable decision." *Id*., at 561 (internal quotations omitted) (emphasis added). There must be an injury, a connection, and relief to be granted.

An injury in fact requires that the party seeking relief be among the injured. *Lujan*, 504 U.S. at 563. Under Federal common law, and accepted by the Ninth Circuit, "only a party to a contract or an intended third-party beneficiary may sue to enforce the terms of a contract or obtain an appropriate remedy for breach." *GECCMC 2005-C1 Plummer Street Office LP. v. JPMorgan Chase Bank, Nat. Ass'n*, 671 F.3d 1027, 1033 (9th Cir. 2012); *see also Bosse v. Corwell Collier and Macmillan*, 565 F.2d 602, 613 (9th Cir. 1977) ("Under Arizona law, 'as a general rule only the parties and privies to a contract may enforce it.'"). To prove intended beneficiary status, a third party must show that the

contract reflects the express or implied intention of the parties to the contract to benefit the third party. *GECCMC*, 671 F.3d at 1033 ("The contract need not name a beneficiary specifically or individually in the contract; instead, it can specify a 'class clearly intended by the parties to benefit from the contract.'"). "The fact that a third party may incidentally benefit under the contract does not confer on him the right to sue . . . ." *Id.*

Aside from the elements, the burden to establish standing changes as the case proceeds. At the summary judgment stage, "the plaintiff can no longer rest on such 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,' Fed. Rule Civ. Proc. 56(e), which for purposes of the summary judgment will be taken to be true." *Lujan*, 504 U.S. at 560.

### b. Mr. Dimitrov has Standing to Bring his Claims

Mr. Dimitrov was provided with funds to invest in projects on a regular basis. *See* Affidavit of Valentino Dimitrov in Support of Opposition to Motion for Summary Judgment dated April 9, 2025 attached hereto as **Exhibit H**, at 4. Mr. Dimitrov was provided with funds to use for investment opportunities, which totaled the Principal provided to Stavatti. *See* Ex. H, at 3-5. Mr. Dimitrov is unaware of any illegal activity used to obtain these funds and at all times those who provided the funds were aware that Mr. Dimitrov would be investing the funds. *See* Ex. H, at 6. Following the failed repayment of the Promissory Note, Mr. Dimitrov has set up separate agreements with the investors at issue to repay those funds. *See* Ex. H, at 8. The Represented Defendants' Motion largely misconstrues the deposition of Plaintiff. Plaintiff was provided with funds from investors to invest in projects. *See* Ex. H, at 4 and 5. At all times, the investors knew that the funds would be invested in projects ascertained by Plaintiff. *See* Ex. H, at 7. Plaintiff saw the opportunity for a seemingly beneficial short-term investment and took a chance. *See* Ex. H, at 3.

The Represented Defendants constant allegations accusing Mr. Dimitrov of illegal activity does not show any good faith intention of settling this case. The Represented Defendants claim to want to settle this case, however, they also admit they do not have the funds to comply with the terms of the Promissory Note at this time and need to obtain a loan to repay the Promissory Notes. *See* Ex. B, at 95:14-15 and 154:1-7. Mr. Dimitrov is open to settlement negotiations when the Represented Defendants have proof they will acquire the funding necessary to repay his Principal and Guaranteed Return. The Represented Defendants have spent approximately two years claiming they will shortly be in possession of an adequate amount of funding and nothing has come to fruition, thereby delaying the resolution of this case. *See* Ex. C, D, and F; *see also* Ex. B, at 171:10-21 and 173:12-174:1. Furthermore, the Represented Defendants have not set forth any evidence of illegal activity conducted by Mr. Dimitrov, which nevertheless, has no bearing on the Represented Defendants standing claim. *See* Doc. 63, at 5:3 and 13-14; *see also* Fed. Rule Civ. Proc. 56(e).

The Represented Defendants have admitted on multiple occasions that they took the money provided by Mr. Dimitrov and have every intention of complying with repayment terms. *See* Ex. B, at 171:17-21 and 183:11-14. The Represented Defendants have admitted their wrongdoings and are attempting to deflect from their wrongdoings by making baseless accusations against Mr. Dimitrov. *See* Doc. 63, at 5:3 and 13-14. They have also admitted that Mr. Dimitrov was a party to the Promissory Note and are attempting to claim another Defendant went rogue and secured the Promissory Note without their knowledge. Ex. B, at 161:1-7 and 163:13-18. When in fact, Mr. Beskar knew of potential funding from Mr. Dimitrov prior to the signing of the Promissory Note. *See* Ex. B, at 186:2-14.

Mr. Dimitrov is a party to the Promissory Note as is clearly shown on the signature page, therefore making him among the injured. *See* Ex. A at 2. According to Ninth Circuit case law, as a party to the Promissory Note, Mr. Dimitrov has standing to enforce the terms of the contract. *GECCMC*, 671 F.3d at 1033; *see also Bosse*, 565 F.2d at 613. In fact, as a party to the contract he may be the only one that can enforce the terms of the Promissory Note as there is no express or implied intention of the parties for the Promissory Note to benefit a third party. *GECCMC*, 671 F.3d at 1033. Mr. Dimitrov's injury is directly related to all Defendants of this case, including the Represented Defendants. The causal connection is clear in this case-Mr. Dimitrov provided the funds based on a Promissory Note, Stavatti deposited the funds to use for business purposes, and Stavatti has failed to repay the terms of the Promissory Note. *See* Doc. 63, at 2:10-12 and 19-21.; *see also* Ex. B, at 112:16-20, 163:24-164:2 and 171:10-16. Furthermore, this injury will only be addressed by a favorable decision in favor of Mr. Dimitrov.

### c. Plaintiff's Response to the Colvins Joinder and Objection

The Joinder and Objection do not raise any new arguments regarding standing. Accordingly, Plaintiff incorporates the above response in full. The issues raised—specifically, whether a fraudulent signature was used on the promissory note and whether the fee was unauthorized—are disputes of fact that remain to be resolved and do not affect Plaintiff's standing to bring his claims.

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

For all the foregoing reasons, Mr. Dimitrov respectfully requests the Court deny the Motion for Summary Judgment.

**DATED** this 9th day of April 2025.

**ENARA LAW, PLLC**

By: /s/ *George K. Chebat*
    George K. Chebat
    Ross P. Meyer
    Attorneys for Plaintiff

**Table of Contents**

A. Promissory Note dated February 27, 2022.

B. Deposition Transcript of Christopher Beskar.

C. Email dated June 4, 2022.

D. Email dated June 30, 2022.

E. Demand for Repayment dated October 10, 2022.

F. Email dated September 5, 2022.

G. Response to Demand for Repayment dated October 24, 2022.

H. Affidavit of Valentino Dimitrov in Support of Opposition to Motion for Summary Judgment.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of April 2025, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all parties and counsel of record via the CM/ECF system.

By: *Shelly N. Witgen, ACP*