# EXHIBIT E





Enara Law PLLC
7631 E Greenway Road, Suite B-2
Scottsdale, AZ 85260

George Chebat
George@EnaraLaw.com
+1 602 687 2010
Licensed in NY, DC, and AZ

## Rule 408 Communication: For Settlement Purposes Only

October 10, 2022

**VIA FIRST CLASS U.S. & INTERNATIONAL MAIL and EMAIL:**

Stavatti Aerospace, LTD
c/o The Corporation
3670 El Camino Drive
San Bernardino, California 92404

Stavatti Immobiliare, LTD
c/o Registered Agents, Inc.
30 North Gould Street, Suite R
Sheridan, Wyoming 82801

Stavatti Niagara, LTD
c/o John R. Simon – Registered Agent
3845 Tonawanda Creek Road
East Amherst, New York 14051

Stavatti Industries, LTD
c/o Registered Agents, Inc.
30 North Gould Street, Suite R
Sheridan, Wyoming 82801

Stavatti Corporation
c/o Christopher R. Beskar – Registered Agent
1061 Tiffany Drive
Eagan, Minnesota 55123-1877

Stavatti Aerospace, LTD
c/o Registered Agents, Inc.
30 North Gould Street, Suite R
Sheridan, Wyoming 82801

Stavatti Niagara, LTD
c/o David P. Flynn - Phillips Lytle LLP
One Canalside – 125 Main Street
Buffalo, New York 14203-2887
DFlynn@phillipslytle.com

Stavatti Super Fulcrum, LTD
c/o Registered Agents, Inc.
30 North Gould Street, Suite R
Sheridan, Wyoming 82801

Stavatti Ukraine
c/o Mikhailo Satanivskyi - Director
Kyivs'ka Street 4, Suite 217
Vinnytsia Oblast, Ukraine, 21000

> RE: **_Valentino Dimitrov vs. Stavatti Entities re: Investment Repayment;_**
> _Demand for Repayment on $1 Million Investor Note_

Dear All Stavatti Entities and Registered Agents,

    Be advised this firm has been retained to represent Valentino Dimitrov ("Mr. Dimitrov") in the above-referenced matter. This correspondence is being sent to provide you with our formal demand for the improperly retained investment funds at issue and as formal written notice that the actions taken by the respective addressees give rise to numerous legal liabilities, including, but not limited to, breach of contract, fraud, conversion, and unjust enrichment. Accordingly, should this demand be ignored, your lack of response and/or action in accordance with the terms of this formal demand will lead to an embroiled protracted litigation wherein all Stavatti entities and their

Enara Law PLLC

Dimitrov Demand Letter
October 10, 2022
Page 2

respective corporate agents will be sued for any and all outstanding legal liabilities and claims not limited to those enumerated herein. Furthermore, we will pursue any and all attorneys' fees permissible under the law.

## BACKGROUND FACTS

Stavatti Aerospace, LTD, and all other Stavatti entities (collectively "Stavatti), regularly outwardly seek investors under the guise of funding their multiple perceived business ventures within the aerospace industry. Likewise, Valentino Dimitrov invested $1,000,000 cash with Stavatti Aerospace, LTD as an angel investor and entered into a Promissory Note ("Agreement") with Stavatti for repayment of that investment on or before May 1, 2022. *See* Stavatti Promissory Note attached hereto as **Exhibit A.** As an angel investor, Dimitrov was presented with a Business Capitalization Structure with Stavatti Super Fulcrum outlining five times the return on investment on a quarterly basis, however this promised ROI was never realized. Stavatti has never returned any of the capital loan by Dimitrov and are currently in breach of the terms pursuant to the Agreement and have never provided Dimitrov adequate assurances as to Stavatti's liquidity or intent to repay Dimitrov under the terms of the Agreement. *See* Stavatti SM-29E Super Fulcrum Confidential Private Placement Memorandum attached hereto as **Exhibit B.** As a result, on numerous occasions Dimitrov has requested an immediate return of his investment, totaling approximately $1,000,000 from Stavatti Aerospace, LTD to be repaid.

On June 4, 2022, Dimitrov received email correspondence from Brian D. Colvin, President, Chairman, and CEO of Stavatti, affirming his understanding of Stavatti's delinquency in repaying Dimitrov's owed funds and attaching a status report outlining additional investment opportunities they were waiting to receive a return on in order to repay Dimitrov's owed funds. This outline provided a timeline for repayment to Dimitrov. *See* email correspondence dated June 4, 2022, from Brian D. Colvin attached hereto as **Exhibit C.**

On June 30, 2022, Dimitrov received additional email correspondence from Brian D. Colvin stating his understanding of being "one day away" from their agreed-upon deadline for returning Dimitrov's funds to him, however notified him they would not be able to meet said deadline. Colvin again listed a series of investment opportunities he assured Dimitrov would "come in" and produce that capital that would allow him to repay Dimitrov his principal payment of $1,000,000. Colvin provided Dimitrov a one page "Teezer" [sic] that he advised "went out to market" of which he was confident would soon produce the needed capital. Lastly, Colvin not only assured Dimitrov that upon receipt of this supposed capital from the listed additional investment opportunities that he would be repaying his principal payment of $1,000,000, but also assured Dimitrov payment on his profit participation once they were able to start their project. *See* email correspondence dated June 30, 2022, from Brian D. Colvin attached hereto as **Exhibit D** and Stavatti's Teaser dated June 2022 attached hereto as **Exhibit E.**

Additionally on June 30, 2022, Dimitrov received an additional email correspondence from "Rudy," who is upon information and belief, is Rudy Chacon, President of Superior, Inc., an entity offering accounting and advisor services, stating he had spoken with Brian D. Colvin regarding the status "of the Stavatti Loan" advising one of Stavatti's investment opportunities received "two brokerage firm response 17 million each" [sic] and believed the funding would occur within the

next week, however stated the investor would not provide a firm date. Despite this assurance from Rudy of Stavatti's supposed windfall, Dimitrov did not receive repayment on his $1,000,000 investment. *See* email correspondence dated June 30, 2022, from Rudy Chacon attached hereto as **Exhibit F.**

On July 1, 2022, Dimitrov received another email correspondence from Brian D. Colvin stating his understanding of Dimitrov's request to see the deposit of the capital he invested with Stavatti Aerospace, LTD. Colvin attached two ledger excerpts from Stavatti's Bank of America checking account statement; the first showing a "Counter Credit" of $912,500 made on March 1, 2022, and a second "Counter Credit" in the amount of $100,000 made on April 20, 2022. *See* email correspondence dated July 1, 2022, from Brian D. Colvin attached hereto as **Exhibit G**; and Bank of America Checking Account statements showing "Counter Credit" deposits from March 1, 2022, and April 20, 2022, attached hereto as **Exhibits H** and **I**. Additionally, over the course of the months of delinquency by Stavatti, Colvin has sent numerous text messages to Dimitrov, providing misleading or unsubstantiated claims of upcoming receipt of funds by Stavatti as a result of other Stavatti investors or business dealings, all of which have never come to fruition and were mere statements intended to continue to mislead Dimitrov.

It seems a common business practice of Stavatti Aerospace, LTD, and all Stavatti entities to seek investor funds in order to continue their business practices. Stavatti intends for such business practices are intended to appear to be legitimate to the public and third party investors, yet upon information and belief, are nothing more than a mechanism for the Stavatti founders and corporate executives to operate an entity for their personal benefit. Stavatti not only fails to provide the assured return on investment these capital contributions are supposed to procure for those investing in the business, but also as a practice provides false assurances to said investors of additional investment opportunities they are waiting on to pay out in order to repay said investors, further interfering with the Agreement in place, and further fraudulently inducing investors and the public. However, as it seems, these supposed investment opportunities never quite seem to provide any type of substantial return, therefore causing Stavatti to falter on their contractual agreements with their investors. Additionally, Stavatti Aerospace, LTD is, as stated herein above, involved with the aerospace industry, however, have never produced a single piece of aircraft during their entire span of their incorporated existence. Further, simple cursory searches online reveal multiple articles attesting to Stavatti being a scam, coercing investors into making capital contributions and then never paying out on their assured returns to those investors.

In light of the preceding breakdown of facts, it is this firm's intention, should this matter proceed litigiously, to seek out similarly situated investors to join in this matter so all investors in any Stavatti entity may have an opportunity to seek legal retribution of Stavatti in unison. **It is imperative** that all addressees of this demand understand this firm's intention to proceed on this matter against Stavatti Aerospace, LTD and all Stavatti entities to the fullest extent allowed by law, including, but not limited to, proceeding through a litigious proceeding in court against Stavatti Aerospace, LTD and all known Stavatti entities under class action litigation.

### OVERVIEW OF LEGAL CLAIMS

While the previously discussed situation opens numerous legal liabilities to the various recipients of this letter, any and all parties may be named as defendants in a litigious, and potentially class action proceeding and will be held liable for a variety of legal claims, including, but not limited to:

Dimitrov Demand Letter
October 10, 2022
Page 4

- Breach of Contract
- Fraud
- Fraud in the Inducement
- Tortious Interference with Contract
- Breach of Implied Covenant of Good Faith and Fair Dealings
- Conversion
- Unjust Enrichment
- Breach of Fiduciary Duty

Valentino Dimitrov has been harmed and damaged in an amount of at least $1,000,000 by the improper retention of the outstanding amount of his principal investment into Stavatti Aerospace, LTD. Additionally, when filing a litigious proceeding, Dimitrov reserves the right to pursue any and all additional damages related to this matter, including, but not limited to, the tortious conduct enumerated above, and any and all costs and fees related to litigation, including reasonable attorneys' fees.

**PRESERVATION OF EVIDENCE**

In light of the foregoing, this letter also serves as formal notice of your duty to preserve all documents[1] relating to this claim. Please be advised that the laws and rules prohibiting destruction of evidence apply to electronic data with the same force as applied to other kinds of evidence and because litigation is a viable outcome in this matter, Dimitrov's discovery requests may include access to computers, computer network(s), smartphones, tablets, PDS's, and any other similar devices which are used by Stavatti Aerospace, LTD and any and all Stavatti entities, and any of their employees, agents, or representatives.

Please be advised that my client and I believe that electronically stored information (hereinafter "ESI") is an important and irreplaceable source of discovery and/or evidence in connection with the dispute described above. This includes, but is not limited to, e-mails, instant

---

[1] The term "**document**" shall be given the broadest meaning allowable under the Federal Rules of Civil Procedure and Evidence and includes without limitation any information stored in any medium from which you can obtain information either directly or, if necessary, after translation into a reasonably usable form. The term "document" therefore includes, but is not limited to, any Electronically Stored Information ("**ESI**"), as that term is defined in the Rules, electronic mail (*and any attachments thereto*), writings, drawings, graphs, charts, photographs, sound recordings, images, data or data compilations, written, typed, printed, recorded, or graphic matter, however preserved, produced, or reproduced, of any type or description, regardless of origin or location, including without limitation any binder, cover note, certificate, letter, correspondence, record, table, analysis, schedule, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including, but not limited to, inter-office and intra-office communications), questionnaire, bill, purchase order, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgement, computer or data processing card, computer or data processing disk, computer-generated matter, photograph, photographic negative, phonograph recording, transcript or log of an such recording, projection, videotape, film, microfiche, investigations, reports, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, in your actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published or released by you or by any other person.

Dimitrov Demand Letter
October 10, 2022
Page 5

messaging, text messages, voice mail messages, and any other electronic communications, word processing documents, spreadsheets, databases, calendars, and telephone logs received electronically by Stavatti Aerospace, LTD and any and all Stavatti entities, and any of their employees, agents, or representatives, collectively.

Therefore, you are hereby given notice to immediately take all steps necessary to prevent the destruction, loss, concealment, or alteration of any paper, document, or electronically stored information, and/or any other data or information generated by and/or stored on Stavatti Aerospace, LTD and any and all Stavatti entities, and any of their employees, agents, or representatives' computers and storage media (e.g. USB's, any external or internal hard drives, solid state hard drives, etc.), and e-mails related to any of the issues identified herein above pertaining to the failure to return Dimitrov's capital investment.

ESI should be afforded the broadest possible definition and includes, but is not limited to, all digital communications (e.g., e-mail, voicemail, text messaging, intranet messaging, internal messaging channels such as WhatsApp, Slack, etc.), word-processed documents (e.g., Word, etc.), spreadsheets and tables (e.g. Excel, etc.), accounting application data (such as QuickBooks files), image and facsimile files (including PDF, TIFF, JPG and GIF images), sound recordings (including WAV, MP3, MP4, and MP5 media files), video recordings, all databases, all contact and relationship management data, calendar and diary application data, online access data (including temporary, Internet files, history, and cookies), all presentations (including PowerPoint), all network access and server activity logs, all data created with the use of any smartphone, all CAD files, and any and all backup and archival files.

Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. You must also intervene to prevent loss due to routine operations including routinely scheduled data purges or back-up file deletions and employ proper techniques to safeguard all such evidence. Because hard copies do not preserve electronic searchability or metadata, they are not an adequate substitute of ESI. If information exists in both electronic and paper form, you should preserve them both.

**SERVERS**

With respect to servers like those used to manage electronic mail and network storage, the entire contents of each user's network shared accounts and e-mail accounts should be preserved and not modified.

**STORAGE**

With respect to online cloud storage and/or direct access storage devices attached to your firm's mainframe computers and/or minicomputers, in addition to the above, you are not to modify or delete any ESI, "deleted" files, and/or the file fragments existing on the date of this letter's delivery that contain potentially relevant information. Regarding all electronic media used for offline storage, including optical media, electronic media, USB's, any external or internal hard drives, solid state hard drives, and other media or combinations of media containing potentially relevant information, you are requested to stop any activity which may result in the loss of any ESI, including destruction, overwriting, purging, etc. This request is intended to

cover all media used for data or information storage in connection with your computer systems including USB drives, any external or internal hard drives, solid state hard drives, whether used with computers, online cloud services, smartphones, or other electronic devices.

## COMPUTERS

You should take immediate steps to preserve all ESI on all computers used by your officers, staff, employees, representatives, salespersons, directors, agents, contracted workers, temporary staff, or any other personnel. As to fixed devices, (1) a true and correct copy is to be made of all such ESI, including all active files and completely restored versions of all deleted electronic files and file fragments; (2) full directory listings (including hidden directories) on which such fixed devices should be written; and (3) any and all such copies and listings are to be preserved until this litigation is concluded. USB drives, any external or internal hard drives, solid-state hard drives, and other non-fixed media relating to this matter are to be collected and stored pending resolution of this litigation.

## PORTABLE SYSTEMS

In addition to your immediate preservation of ESI, documents, and tangible items under your control on servers and workstations, you should also determine if any home or portable systems may contain potentially relevant data or information. To the extent that officers, board members, or employees have sent or received potentially relevant e-mails or created or reviewed potentially relevant documents away from the office, you must preserve the contents of systems, devices, and media used for these purposes (including not only potentially relevant data from portable and home computers, but also from portable thumb drives, CD-R disks, smart phones, voice mail boxes, or any other forms of ESI storage). Additionally, if any employees, officers, partners, or directors used online or browser-based e-mail accounts or services to send or receive potentially relevant messages and attachments, the contents of these account mailboxes are to be preserved.

## EVIDENCE CREATED OR ACQUIRED IN THE FUTURE

With regards to documents, tangible things, and ESI that are created or come into your custody, possession, or control after the date of delivery of this letter, potentially relevant evidence is to be preserved. You should take all appropriate action to avoid the destruction of potentially relevant evidence whether currently in your possession or acquired at any later time prior to the completion of this litigation.

You are hereby instructed to forward a copy of this preservation of evidence letter to all persons or entities possessing or controlling potentially relevant evidence. Your obligation to preserve potentially relevant evidence is required by law.

In accordance with the legal liabilities discussed herein above, please find this as a formal settlement demand to take all action necessary to perform any all actions required pertaining to the situation giving rise to your legal liabilities, including but not limited to, returning the improperly withheld capital investment funds **in the amount of $1,000,000** to Valentino Dimitrov, immediately upon receipt of this demand without any further delays, excuses, or stall tactics.

Case 2:23-cv-00226-DJH   Document 65-5   Filed 04/09/25   Page 8 of 8

Dimitrov Demand Letter
October 10, 2022
Page 7

I am hopeful we can reach an amicable resolution to this dispute without the necessity of your clients becoming embroiled in a public and protracted litigation up to and including being subject to a very public class action proceeding. Please note that if we are unable to reach a resolution of this matter, my client reserves any and all of his rights under the law, including the pursuit of any and all costs and fees related to litigation, including costs and reasonable attorneys' fees.

However, while it is our hope to amicably resolve this matter without the need for prolonged and public litigious proceedings, should this demand for settlement go unanswered within **fourteen (14) days** of receipt of this formal demand, a lawsuit will be filed within a court of proper and appropriate subject matter jurisdiction, and this firm will seek to certify this matter for a class action legal proceeding against each and every possible party to this action.

Sincerely,

**ENARA LAW PLLC**

George K. Chebat

GKC/snw

Enclosure(s): as stated.
*cc: Valentino Dimitrov*