Terrance D. Dunmire, Esq. (9964)
Law Offices of Terrance D Dunmire
8701 E. Vista Bonita Drive, Suite 220
Scottsdale, Arizona 85255
Phone (602) 264-1300
tdunmire@parkwestpartners.com
Attorney for Defendants (except Brian and Corrina Colvin)

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>Stavatti Aerospace. Ltd, a Minnesota corporation; Stavatti Aerospace Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobileare. Ltd. A Wyoming corporation; Stavatti Niagara, Ltd. A New York corporation; Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainien business entity; Stavatti Heavy Industries Ltd. a Hawaii corporation; Christopher Beskar and Maja Beskar, husband and wife; Brian Colvin and Corrina Colvin, husband and wife; John Simon and Jean Simon husband and wife ; William Mcewen and Patricia Mcewen, Husband and wife; Rudy Chacon and Jane Doe Chacon. Husband and wife; and DOES 1-10, inclusive<br><br>Defendants. | Case No. 2:23-CV-00226-DJH<br><br>**MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND;  REPLY TO PLAINTIFF'S OPPOSITION THERETO** |

Defendants Stavatti, Beskar, Simons, Mcewen and Chacon (hereinafter sometimes the "Represented Defendants") hereby move the court to strike Plaintiff's Opposition To Defendants Motion For Summary Judgment For Plaintiff's Lack of Standing. Additionally, this pleading contains Represented Defendants reply to Plaintiff's opposition to the motion for summary judgment. This motion and reply is supported by the following Memorandum of Points and Authorities.

## Memorandum of Points and Authorities

**Motion to strike:**

Represented Defendants filed their Motion for Summary Judgment on March 5, 2025. Plaintiff's response, per LRCiv56.1(d) was due by April 4. Plaintiff's counsel did not seek a stipulation of counsel or leave of court for additional time to reply. Not until April 9, five days beyond the permitted filing date, did he file his opposition to the motion. Represented Defendants ask the Court to disregard the untimely filing and rule on the matter on the basis of the uncontested facts as set forth in the motion for summary judgment. Furthermore, as more fully set forth below, Plaintiff's untimely response sought to introduce a sham affidavit that appears to have been submitted in bad faith thereby justifying appropriate sanctions as the Court may deem fit to impose per F.R.Civ.P. 56(h).

**Reply to Plaintiff's Opposition:**

The basis of Defendants' motion for summary judgment was that Plaintiff lacked standing because he is not the real party in interest because the money upon which Plaintiff based his claims against the defendants was not his. Additionally, because the money was not his, he is not a party with a direct injury in fact and those that might claim a direct injury in fact are not before the court and therefore the Court is not able to provide a right to redress to the real parties in interest.

Plaintiff's Affidavit in support of his opposition to the motion for summary judgment does not contest that the money he used for the investment into Stavatti was not his. He in fact admits it. He asserts however, in direct conflict with his deposition testimony, that those who provided the funds were aware that he would be investing the funds. One would expect that, had they been aware of and authorized the investment, they would likely have joined Plaintiff in this lawsuit at the outset. Regardless, the parties whose money Plaintiff took to

make the investment are not identified and are not before the Court. Despite having over two and a half months from the date of his deposition to provide defendants with the names of those whose money Plaintiff took to invest into the Stavatti, and despite repeated requests for that information, he has failed to do so. Now, in an effort to create a disputed question of material fact, he says he set up separate agreements with those investors to repay those funds. He has chosen however not to provide evidence of any such agreements. In any event, any such separate agreements would by definition confirm the money used for the Stavatti Investment was not his. Regardless, none of this alters the fact that the money he invested was not his and the real party in interest are not before this court. Without the real parties in interest before the Court, the Court is not in a position to provide proper and final redress to the alleged harm.

    To the extent Plaintiff's affidavit attempts to create a question of fact as to whether it was his money, and whether he had the consent and authority to invest the money from those whose money it was, that attempt must fail. Plaintiff's affidavit is in direct conflict with his deposition testimony.

    A party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment. See Wright V Hills 161 Ariz. 883 (1989), 780 PO.2d 416 and cases cited therein.

    A party may not create a material issue of fact to defeat summary judgment by submitting an affidavit that disputes prior sworn testimony of the affiant. This rule is known as the "sham affidavit doctrine." The practical reason for the rule is that deposition testimony is deemed more reliable than a declaration or an affidavit, <u>Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 253–54 (3d Cir. 2007)</u>, and that if a party could raise an issue of fact defeating summary judgment simply by submitting an affidavit contradicting prior sworn testimony, the utility of summary judgment would be greatly diminished. <u>Perma Rsch. & Dev. Co. v. Singer Co., 410 F.2d 572, 577–78 (2d Cir. 1969)</u>.

    In his deposition Plaintiff testified that he was a "developer, buildings, builder, structuring… structuring of agricultural projects, not limited to buildings warehouses and farm buildings, and so on." See Exhibit 3 attached hereto from Plaintiff's deposition p12-13. And, as set forth in his deposition testimony attached as Exhibit 1 to the Motion for

Summary Judgment, he testified that "when I'm in the middle of projects I'm in possession of a lot of funds … so I'm always in possession of a lot of cash for projects that I am doing." He also testified to not having told his associates about this investment before making it.

His deposition testimony about how he had that amount of cash laying around is a far cry from his affidavit in which he says: "At all times, those who provided the funds were aware that I would be investing the funds." He went from being some sort of developer who used his clients' cash for projects he is working on for them, to now acting as some sort of investment broker, albeit not a properly licensed one.[1] As set forth in the FINRA website:

> Each person engaged in the investment banking or securities business of a member shall be registered with FINRA as a representative or principal in each category of registration appropriate to his or her functions and responsibilities as specified in Rule 1220, unless exempt from registration pursuant to Rule 1230. Such person shall not be qualified to function in any registered capacity other than that for which the person is registered, unless otherwise stated in the rules.

By the time his affidavit was prepared and presented to him for signature he must certainly have been advised and aware that he lacked the licensure to permit him to invest his clients' funds without proper licensure, yet his affidavit attests that he was not aware of any illegal activity in connection with his use of his clients' funds. He went from testifying at this deposition that he "took" funds from people that had entrusted him with cash to use on building projects he was working on for them, to attesting in his sham affidavit that "at all times, those who provided the funds were aware that I would be investing the funds."

Plaintiff's deposition testimony establishes that the funds he used for this investment were not his. It also makes clear that while he had possession of his clients' funds it was to use for their projects, not to invest in securities of his choosing without informing them or obtaining their authorization. Accordingly, it is clear that he lent out money that was not his and so cannot claim to have suffered the requisite injury in fact to establish standing to sue. Furthermore, the parties with a direct injury in fact are not before

---

[1] It would be unlikely for Plaintiff to have been acting as a licensed investment broker when he acknowledges he is not a sophisticated investor, See Exhibit 3 lines 3-5

the court and the Court is therefore not in a position to afford a right to redress to whoever those parties might be.

**Conclusion:**

Based upon the pertinent facts and authorities set forth in defendant's motion for summary judgment, this reply and the fact that Plaintiff's response failed to refute them or otherwise provide evidence creating a dispute as to a material fact, Represented Defendants ask the court to grant their motion for summary judgment and for any other and further relief as the court deems warranted.

**RESPECTFULLY SUBMITTED** THIS 24th day of April 2025.

BY _____
Terrance D. Dunmire

CERTIFICATE OF SERVICE Terrance Dunmire hereby certifies that on this 24th day of April 2025, he electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

George K. Chebat, Esq.
Enara Law PLLC
7631 East Greenway Road. Suite B-2
Scottsdale, Arizona 85260
george@enaralaw.com
Attorney for Plaintiff

Nino Abate. Esq.
The law Office of Nino Abate. PLC
300 W. Clarendon Ave., Suite 130
Phoenix, Arizona 85013
nino@abatelaw.com
Attorney for Brian and Corrina Colvin

Copy of the forgoing mailed
this 24th day of April, 2025 to:

HONORABLE DIANE J. HUMETEWA
United States District Court Sandra Day O'Connor US Courthouse. Suite 625
401 West Washington Street, SPC 81
Phoenix, Arizona 85003

By: /s/ Terry Dunmire