**GEORGE K. CHEBAT (034232)**
George@EnaraLaw.com
**ROSS P. MEYER (028473)**
Ross@EnaraLaw.com
**Enara Law PLLC**
7631 East Greenway Road, Suite B-2
Scottsdale, Arizona 85260
Telephone: (602) 687-2010
Filings@EnaraLaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br>vs.<br>Stavatti Aerospace, Ltd, a Minnesota corporation; Stavatti Aerospace, Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobiliare Ltd, a Wyoming corporation; Stavatti Industries, Ltd, a Wyoming corporation; Stavatti Niagara, Ltd., a New York corporation Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainian business entity; Stavatti Heavy Industries Ltd, a Hawaii corporation; Christopher Beskar and Maja Beskar, husband and wife; Brian Colvin and Corrina Colvin, husband and wife; John Simon and Jean Simon, husband and wife; William Mcewen and Patricia Mcewen, husband wife; Rudy Chacon and Jane Doe Chacon, husband and wife; and Does 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:23-CV-00226-PHX-DJH<br><br>**MOTION TO DEEM PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF'S LACK OF STANDING (DOC. 63) TIMELY AND OPPOSITION TO MOTION TO STRIKE (DOC. 66)** |

Plaintiff Valentino Dimitrov, by and through undersigned counsel, respectfully submits this Motion to Deem Plaintiff's Opposition to Defendants' Motion for Summary

1

Judgment for Plaintiff's Lack of Standing (Doc. 63) Timely and Opposition to Motion to Strike (Doc. 66), which incorporates the Memorandum of Points and Authorities contained herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

Defendants Stavatti, Beskar, Simons, Mcewen and Chacon (the "Represented Defendants") filed their Motion for Summary Judgment for Plaintiff's Lack of Standing with this Court on March 5, 2025, joined in part and objected to in part by Defendant Brian Colvin. (Doc. 63 and 64). Plaintiff filed his Opposition with this Court on April 9, 2025. (Doc. 65). The Represented Defendants filed a Motion to Strike Plaintiff's Opposition with this Court on April 24, 2025 based on the Opposition being filed five (5) days after the deadline, which was included within their Reply to Plaintiff's Opposition. (Doc. 63). Mr. Dimitrov and his counsel did not discover the Motion to Strike until June 6, 2025 for the reasons described below.

On or around March 1, 2025, undersigned counsel was appointed the Managing Attorney of Enara Law, PLLC. *See* Affidavit of Ross P. Meyer, attached hereto as **Exhibit A**, at ¶ 3. After taking over the role, undersigned counsel began reviewing and updating firm policies. Ex. A, at ¶ 4. One such firm policy is a quarterly docketing calendar review and a calendar review specific to the firm's cases before this Court. Ex. A, at ¶ 4. On June 6, 2025, the firm conducted its first quarterly review since undersigned counsel's appointment as Managing Attorney. Ex. A, at ¶ 5. During that review, undersigned counsel instructed Associate Attorney Morgan E. Silva to review this matter's docket to determine whether an oral argument hearing had been set on Defendants' Motion for Summary Judgment, (Doc. 63 and 64), to allow undersigned counsel adequate time to begin preparing for such oral argument. Ex. A, at ¶ 6; *see also* Affidavit of Morgan E. Silva,

attached hereto as **Exhibit B,** at ¶ 6. At that time, Ms. Silva alerted the firm that the Represented Defendants had filed a Motion to Strike, (Doc. 65), based on Mr. Dimitrov's Opposition being filed five (5) days past the deadline. Ex. A, at ¶ 7; *see also* Ex. B, at ¶ 7.

Upon an internal review, it was determined that the Firm Manager and Senior Advanced Certified Paralegal, responsible for docketing case deadlines, inadvertently selected Arizona Superior Court Rules instead of the Federal Rules to calendar the Opposition deadline in the firm's online Clio docketing system due to a computer and internet error. Ex. A, at ¶ 8; *see* Affidavit of Shelly N. Witgen, attached hereto as **Exhibit C**, at ¶ 5. Due to this inadvertent error, the docketed date was set for April 9, 2025. Ex. A, at ¶ 8; *see also* Ex. C, at ¶ 5. Plaintiff filed the Opposition on April 9, 2025. (Doc. 65).

Upon further review of the circumstances, it became clear that when the Motion to Strike and Reply was filed by Represented Defendants it was classified by this Court in the 'Docket Text' section as a Reply to Response to Motion (the "Notice Email"). *See* Email Notice of Filing (Apr. 25, 2025) attached hereto as **Exhibit D**. At such time Hannah Watts, Enara Law's Legal Assistant, saved the document to this matter's folder in preparation for the oral argument requested by Plaintiff in his Opposition. (Doc. 65); *see also* Ex. D; *see also* Affidavit of Hannah Watts, attached hereto as **Exhibit E**, at ¶ 5. Ms. Watts notified undersigned counsel and Ms. Silva that she saved the document to this matter's folder. Ex. A, at ¶ 11; *see also* Ex. B, at ¶ 10; see also Ex. E, at ¶ 6.

Generally, upon receipt of filings, Ms. Witgen or Ms. Watts save the filings to a matter's folder and place the filing in the Firm's Slack docketing thread for the filing response to be docketed. Ex. A, at ¶ 12; *see also* Ex. C, at ¶ 7; *see also* Ex. E, at ¶ 7. Ms. Watts did not place the Motion to Strike and Reply in the Firm's Slack docketing thread, not recognizing that a Motion to Strike had also been filed along with the Reply, requiring a docketing of the response. Ex. C, at ¶¶ 7-8; *see also* Ex. E, at ¶ 8. Upon review of the

3

Notice Email, undersigned counsel and Ms. Silva relied on the classification by this Court that the document was a Reply to Mr. Dimitrov's Opposition. Ex. A, at ¶ 14; *see also* Ex. B, at ¶ 12. On June 6, 2025, Ms. Silva recognized that the 'Docket Text' had been amended to include the Motion to Strike. *See* Docket attached hereto as **Exhibit F**, at 10. The 'Docket Text' now reads as "*Motion to Strike 65 Response to Motion, Reply to Response to Motion. . . *Modified to add motion part on 4/25/2025 (EJA)." Ex. B; *see also* Ex. A, at ¶ 13; *see also* Ex. B, at ¶ 15; *see also* Ex. F, at 10.

At no time did the firm receive an updated Notice Email modifying the original 'Docket Text.' Ex. A, at ¶ 16; *see also* Ex. B, at ¶ 14; *see also* Ex. C, at ¶ 11; *see also* Ex. E, at ¶ 9. For the first time, undersigned counsel learned of the Motion to Strike on June 6, 2025 following the docketing review. Upon learning this information, undersigned counsel began drafting this Motion and Response.

II. <u>**LEGAL ARGUMENT**</u>

    a. <u>**MOTION TO DEEM PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF'S LACK OF STANDING (DOC. 63) TIMELY**</u>

        i. <u>**Legal Standard**</u>

The Federal Rules of Civil Procedure allow a court to extend the time for good cause on a motion made after the time for an act has expired if the party failed to act because of excusable neglect. Rule 6(b)(1)(B). The Supreme Court of the United States established that there is a four-part balancing test for determining excusable neglect including 1) the danger of prejudice to the non-moving party, 2) the length of delay and its potential impact on judicial proceedings, 3) the reason for the delay, including whether it was within the reasonable control of the moving party, and 4) whether the moving party's conduct was in good faith. *Pioneer Investment Services Co. v. Brunswick Assocs.*

4

*Ltd.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993) (finding that the carelessness of the party's counsel in the filing of claims did not render the neglect inexcusable). Excusable neglect is an elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the moving party. *Id*. at 392. Additionally, excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 394.

Applying the *Pioneer* test, the Ninth Circuit has granted an extension of time to file a notice where a paralegal mistakenly calendared the deadline for a Notice of Appeal thirty (30) days later than the actual deadline based on excusable neglect. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004); *see also Marx v. Loyal Corp.*, 87 F.3d 1049 (9th Cir. 1996) (granting plaintiff's Motion for Extension of Time to file a Notice of Appeal where there was a docketing error because of a failure to realize that August contained thirty-one (31) days). In *Pincay*, the Ninth Circuit recognized the delegation of repetitive legal tasks to a paralegal as an integral part of legal representation to keep costs low. *Id.* at 856. The Court also recognized that the task of tracking deadlines will involve some delegation and delegation to "specialized, well-educated non-lawyers may well ensure greater accuracy in meeting deadlines than a practice of having each lawyer" calculate each filing. *Id.* Furthermore, this Court has granted a Motion to Amend the Scheduling Order and extended the deadlines to disclose rebuttal experts, discovery, and dispositive motions after the rebuttal expert witness disclosure deadline passed. *Jo-Ann Stores LLC v. SD-Sahuarita Props. LLC*, 2024 WL 5008628, **1, 4 (D. Ariz. Dec. 6, 2024). In granting the Motion, the Court found that the party's failure to timely notice a rebuttal expert was the result of excusable neglect because 1) while permitting the disclosure of a rebuttal witness may require the Plaintiff to amend its motion for summary judgment, any such amendment would result in *de minimis* prejudice, 2) although the expert deadline had lapsed by fifty

5

(50) days, the extension was reasonable and would have minimal impact on the proceedings, 3) Defendant's prior counsels failure to advise new counsel of the deadlines or seeking an extension did not preclude a finding of excusable neglect, and 4) there was no indication that Defendant acted in bad faith. *Id.* at *3.

### ii. Mr. Dimitrov's Delay in Opposition Filing was Due to Excusable Neglect

Due to the inadvertent docketing error and inadvertent reliance on the 'Docket Text,' Mr. Dimitrov's Opposition should be deemed timely due to the excusable neglect of his counsel. First, there would be no prejudice to the Represented Defendants if this Motion is granted because they have already filed their Reply to Plaintiff's Opposition. (Doc. 65). If this Court denies this Motion and refuses to consider Plaintiff's Opposition, he would not be given another opportunity to oppose the Motion for Summary Judgment and continue pursuing his claims. Indeed, denying this Motion would prejudice Mr. Dimitrov who has worked tirelessly to hold the Defendants accountable for their wrongdoings based on a technicality. Second, the delay will not have an impact on the proceedings as there has not been a decision rendered on Defendants' Motion for Summary Judgment and if this Motion is granted the next step for this Court will be to set an oral argument on the Motion for Summary Judgment. Third, while the reason for the delay is due to circumstances within the control of Plaintiff's counsel, that should not greatly sway this Court to deny this Motion. Undersigned counsel is instituting new policies to ensure an error of this kind does not occur again. Ex. A, at ¶ 17. Finally, this Motion is filed in good faith and upon immediate realization of the delay and excusable neglect of Plaintiff's counsel. Indeed, this error was caught by one of the policies that had been implemented, in order to ensure these errors do not occur in the future. Ex. A, at ¶¶ 5-7. Upon realizing this error, further refinements are being implemented to the firm's

policies, including multiple redundancies to ensure the correct Court Rules are selected and have been selected. Ex. A, at ¶ 17. Clearly, this is not something the firm takes lightly. For the foregoing reasons, Mr. Dimitrov respectfully requests this Court deem his Opposition to Defendants' Motion for Summary Judgment timely. Due to the inadvertent error, Mr. Dimitrov also respectfully requests this Court allow filing of the below Opposition to Motion to Strike.

### b. OPPOSITION TO MOTION TO STRIKE (DOC. 66)

#### i. Legal Standard

Under LRCiv 7.2(m)(1), "[u]nless made at trial, a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m)(1). Under the LRCiv 7.2(m)(1), motions to strike may be filed to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), to strike an unsigned "disclosure, request, response, or objection," Fed. R. Civ. P. 26(g)(2), and to strike "pleadings in whole or in part" if a "party of a party's officer, director, or managed agent-or a witness designated under Rule 30(b)(6) or 31(a)(4)- fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(iii).

#### ii. The Represented Defendants Motion to Strike Does Not Comply with LR Civ 7.2(m)(1)

In the instant case, the Represented Defendants did not bring the Motion to Strike based on Fed. R. Civ. P. 12(f), 26(g)(2), or 37(b)(2)(A)(iii). Further, the Represented Defendants do not point to a statute, rule, or court order permitting Motions to Strike for a late filing of an Opposition. Furthermore, if Plaintiff's Opposition to Defendants'

Motion for Summary Judgment is deemed timely, there is no basis for the Motion to Strike, requiring denial. For the foregoing reasons, Mr. Dimitrov respectfully requests this Court deny the Represented Defendants Motion to Strike.

### III. Conclusion

For the foregoing reasons, Mr. Dimitrov requests this Court deem his Opposition to Defendants Motion for Summary on Plaintiff's Lack of Standing timely due to the excusable neglect of his counsel and deny the Motion to Strike. Undersigned counsel acknowledges and can clearly see the errors, which have occurred. These events are not taken lightly and have resulted in additional changes in policies in how items are docketed, how accuracy in docketing is checked and monitored, and modifications to the communication with the attorneys and staff to confirm the accuracy of docketing in each of the calendared items. While the mistakes at issue here are due to unique circumstances (e.g., attorneys and staff not recognizing a Motion to Strike had been filed along with a Reply; and staff selecting the wrong court rules for such docketing), our expectation is that these will not continue to occur. We practice by the Federal Rules of Civil Procedure, and do not seek to ignore the Court's rules or deadlines. If the Court sees fit, undersigned counsel will appear before the Court to explain the new procedures that have been implemented or will be shortly implemented at the firm to ensure such events do not occur in the future.

**DATED** this 11th day of June 2025.

**ENARA LAW, PLLC**

By: /s/ *Ross P. Meyer*
    George K. Chebat
    Ross P. Meyer
    Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of June 2025, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all parties and counsel of record via the CM/ECF system.

By: *Shelly N. Witgen, ACP*