# EXHIBIT 68-7



**KENNEDY FUNDING**

January 17, 2025

Stavatti Aerospace Ltd
9400 Porter Road
Niagara Falls, NY 14304
Attn:   Mr. Christopher Beskar, CEO

**Re:   Financing Request $10,000,000**

Dear Mr. Beskar:

We are pleased to advise you of our commitment to provide financing. This Loan Commitment ("Loan Commitment") supersedes all previous communications and correspondence without limitation. The terms of this Loan Commitment are as follows:

**LENDER:**  Kennedy Funding Inc. (KFI), or any other lender designated by KFI: (hereinafter collectively referred to as "Lender"), intends to form a limited liability company just prior to closing comprised of its private funding sources to fund and act as Lender for the Loan ("Loan") described hereunder.

**BORROWER:**  Stavatti Aerospace Ltd          **FEIN# 84-3943660**
9400 Porter Road
Niagara Falls, NY 14304

If the aforementioned Borrower does not own the Collateral (as hereinafter defined), the entity or entities that own the Collateral will also be required to be a Borrower.

**GUARANTOR:**  Christopher Beskar          **SS# 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**
3670 El Camino Drive
San Bernadino, CA 92404

Any and all other entities or individuals that: (i) have a Twenty Percent (20%) or greater direct or indirect interest in, or (ii) manage, Borrower or Guarantor.

Notwithstanding anything herein to the contrary, the obligation of the Guarantor shall be released provided the Borrower and/or Guarantor, their agents, servants and/or employees:

(i) take no action to hinder, frustrate or delay the Lender in its efforts to enforce any right to collect the outstanding obligation from any of the property pledged as Collateral for this Loan; and

(ii) provide a deed in lieu of foreclosure at the request of Lender, with the real estate taxes paid current, no other liens on the property, and no environmental issues on the Collateral.

CRB

2

Stavatti Aerospace Ltd
Loan Commitment
January 17, 2025

**COLLATERAL/ PROJECT:**   Lender shall receive a First lien on the Real Estate Collateral ("Collateral"), as described in Schedule "C" attached hereto and made a part hereof. Borrower shall not be permitted to remove or replace the Collateral as described in Schedule "C".

**FINANCING REQUEST:**   A maximum loan of Ten Million Dollars ($10,000,000). An estimate of fees and costs, excluding legal, is set forth on Schedule "A" attached hereto and made a part hereof.

**TERMS:**   The term of the Loan shall be three (3) years from the date of closing. The closing shall take place not later than March 14, 2025, <u>time of the essence.</u> The <u>time of the essence</u> date was included at the insistence of Borrower who has represented that it will be in a position to meet all requirements contained herein by said date.

Notwithstanding anything to the contrary above, in the event Borrower requires additional time to close, Borrower may extend the expiration date of the Loan Commitment until April 16, 2025, <u>time of the essence,</u> upon written notice to Lender and payment of One Hundred Thousand Dollars ($100,000) no later than March 14, 2025, <u>time of the essence</u> ("Extension Fee").

**INTEREST:**   A. The interest rate for the first year of the Loan shall be Twelve Percent (12%) per annum paid monthly at One Percent (1%) per month.

B. The interest rate for the second and third year of the Loan shall be Fifteen Percent (15%) per annum paid monthly at One and One Quarter Percent (1 1/4%) per month.

C. Monthly payments of interest only on the unpaid balance shall be due to Lender on the first day of each month for the prior month's interest until the maturity date, at which time the entire outstanding balance of principal and accrued and unpaid interest thereon shall be due and payable in full.

D. Monthly payments will be computed on a 30 day month and a 360 day year.

E. Interest from the date of closing to the end of the month in which the closing takes place shall be paid to Lender from the Loan proceeds at closing ("Short Interest").

**REPAYMENT:**   The Loan may be prepaid in full or in part without penalty except there shall be no refund of any fees or costs including, but not limited to, commitment fee, legal fees, extension fees, and costs, except as otherwise described herein.

AM\com\Savatti.Beskar.Executed.4

*CRB*

3

Stavatti Aerospace Ltd
Loan Commitment
January 17, 2025

**LEGAL MATTERS:** **The interests of Borrower and Lender are or may be different and may conflict, and Lender's attorney represents only Lender and not Borrower and Borrower is, therefore, advised and required to employ an attorney of Borrower's choice licensed to practice in the State of New Jersey to represent the interests of Borrower.**

Borrower shall be required to pay to Lender's attorney, reasonable legal fees and expenses of Lender's attorney for services provided to Lender in connection with this transaction.

**DOCUMENTATION:** Lender's commitment to provide the Loan is subject to the negotiation, execution and delivery of definitive loan and security agreements, mortgages or deeds of trust, notes, and other documentation and customary certificates and legal opinions (collectively, the "Loan Documents"), which in each case will be in form, substance and enforceability satisfactory to Lender in its sole discretion. The Loan Documents shall contain conditions precedent, representations and warranties, covenants, events of default and other terms and conditions consistent with the terms hereof as shall be satisfactory to Lender in its sole reasonable discretion and deemed appropriate by Lender for a transaction of the type contemplated herein. Borrower acknowledges that drafts of the Loan Documents will not be circulated until after satisfaction of all other conditions contained herein.

**ACCEPTANCE OF COMMITMENT:** This Loan Commitment and all of its terms and conditions will become effective only upon delivery to this office of a signed copy of this Loan Commitment, duly accepted by Borrower, accompanied with a commitment fee in the amount of Four Hundred Ninety Thousand Dollars ($490,000), as modified under "Commitment Fee Modification," which is non-refundable and earned for, among other things, the commitment to provide funds ("Commitment Fee").

Said Commitment Fee is not refundable under any circumstances, except as agreed to herein.

Notwithstanding anything to the contrary contained in this Loan Commitment, Borrower agrees that the basis for the amount of the Loan is the "as is" market value of the real estate Collateral in its present condition. Market value is defined as a twelve (12) month sale to a cash buyer. Borrower understands that Lender will inspect the Collateral and will determine the "as is" market value of the Collateral. Lender will hire Colliers International, Cushman Wakefield, Newmark, or Integra to determine the value on its behalf. Upon making a determination of value, Lender will deliver to Borrower a loan offer equal to Fifty Percent (50%) of the "as is" market value not to exceed the Financing Request ("Loan Offer"). Failure by Borrower to either accept or reject in writing

AM\com\Savatti.Beskar.Executed.4

CRB

Stavatti Aerospace Ltd
Loan Commitment
January 17, 2025

4

        the Loan Offer within three (3) days of receipt shall be deemed to be a rejection of the Loan Offer. Acceptance by Borrower of the Loan Offer shall constitute a waiver of the right to engage the services of a third-party appraiser as described herein. Borrower understands that Lender cannot and will not lend more than Fifty Percent (50%) of the "as is" market value of the real estate Collateral. If Lender's determination of the value of the Collateral is disputed by Borrower, Borrower may reject the Loan Offer and elect to engage the services of a third-party appraiser. If Borrower makes this election, Borrower and Lender shall mutually agree on a third-party MAI appraiser. In order to do so, the parties have agreed that Borrower shall provide a list of five (5) MAI appraisers each from a different firm, acceptable to Borrower, that have had no prior contact with Borrower or the Collateral. Lender shall then approve one of them. The appraiser shall be contracted by Lender, and any fees for said appraiser to be reimbursed to Lender by Borrower prior to the appraisal being performed. Upon receipt of the determination of value by the third-party appraiser, Lender will, at its option, either offer a Loan (not to exceed in any event the Financing Request) of Fifty Percent (50%) of the "as is" market value of the real estate Collateral as determined by said appraiser ("Third-Party Loan Offer") or return the paid portion of the Commitment Fee.

        This Loan Commitment will become effective once signed by all parties and returned with the Commitment Fee as outlined above. This Loan Commitment will expire March 14, 2025, <u>time of the essence.</u> Lender shall have no obligation with respect to the Loan unless and until this Loan Commitment is fully executed and received by Lender along with the Commitment Fee.

**RETURN OF COMMITMENT FEE:**

        If Lender is unable to perform its obligations under the terms of this Loan Commitment for whatever reason, Lender shall only be obligated to refund the paid portion of the Commitment Fee. SAID REFUND SHALL BE THE TOTAL EXTENT OF ANY LIABILITY OR OBLIGATION ON THE PART OF LENDER UNDER ANY CIRCUMSTANCE. There will be no refund if Borrower has not complied with all the conditions of this Loan Commitment.

**OTHER:**

a) Lender hereby acknowledges receipt of Ten Thousand Dollars ($10,000) Letter of Interest fee which is non-refundable, for the preparation of this Loan Commitment.

b) Borrower agrees upon acceptance of a loan offer to forward an additional Ten Thousand Dollars ($10,000) to Lender which Lender will pay to Lender's legal counsel on account of legal fees and costs. Borrower agrees to replenish the retainer upon request by Lender if and when such retainer is depleted. Borrower acknowledges and agrees that, if such retainer is not replenished upon such

AM\com\Savatti.Beskar.Executed.4

CRB

Stavatti Aerospace Ltd
Loan Commitment
January 17, 2025

5

        request by Lender, then, Lender's counsel shall discontinue further work on the Loan until such retainer is replenished.

        c) If the Loan is repaid on time with no prior defaults, Borrower would receive a credit upon repayment of One Percent (1%) of the Loan amount.

**EXPENSES:**    Borrower agrees that the Loan shall be without cost to Lender. Borrower assumes liability for and will pay all costs and expenses required to satisfy the conditions hereof and the making of the Loan. Such costs and expenses shall be paid at or prior to the Loan closing, or upon demand if the Loan does not close or if this Loan Commitment is terminated. Such obligation shall survive termination. Notwithstanding the above, Lender does not anticipate Borrower having to reimburse any expenses to Lender.

**RELEASES:**    During the term of the Loan, provided all payments of principal and interest on the Loan shall be current on the date of the sale and at the time of the sale and there are no uncured defaults or events of uncured defaults under the Loan Documents, Borrower may sell for cash individual parcels of the Collateral. Lender agrees to release such sold parcels provided that Lender receives the Release Price for such parcel which will be applied to the outstanding balance. The Release price will be the greater of:

(i)    80% of the net sale price of the parcel taking into account reasonable and customary closing adjustments and customary sales commissions;

(ii)    75% of the gross sale price of the parcel;

(iii)    the minimum release amount as agreed to on a schedule to be approved by Lender prior to closing.

(The greatest of the above three amounts in (i), (ii) and (iii) being the "Release Price".)

**GOVERNING LAW, ETC.**    This Loan Commitment may be executed in counterparts which, taken together, shall constitute one original. This Loan Commitment is for the benefit of Borrower only and may not be assigned except upon the prior written consent of Lender, which consent may be withheld for any reason or no reason. No party other than Borrower or a permitted assignee may rely upon the terms and conditions of this Loan Commitment. This Loan Commitment will be governed by and construed in accordance with the laws of the State of New Jersey without regard to the principles of conflicts of laws thereof.

**WAIVER:**    No failure on the part of Lender to exercise and no delay in exercising any rights under the Loan Documents shall operate as a waiver thereof, nor shall any single

AM\com\Savatti.Beskar.Executed.4

*CKB*

Stavatti Aerospace Ltd
Loan Commitment
January 17, 2025

6

or partial exercise by Lender of any right under the Loan Documents preclude any further exercise thereof, or the exercise of any other right. Each and every right or remedy granted under the Loan Documents or under any document delivered thereunder or in connection therewith or allowed to Lender in law or equity shall be deemed cumulative and may be exercised from time to time.

This Loan Commitment is executed by an individual strictly in his capacity as a representative of Lender. By the acceptance of this Loan Commitment, Borrower agrees that no representative, member, partner, shareholder, employee or agent of Lender shall be personally liable for the payment of any claim or the performance of any obligations hereunder.

**INCORPORATION OF SCHEDULES AND EXHIBITS:** All schedules and exhibits referenced in and attached to this Loan Commitment are hereby incorporated into and made a part of this Loan Commitment.

**LIMITATION OF DAMAGES:** **LENDER SHALL HAVE NO LIABILITY TO BORROWER, OR ANY OTHER ENTITY OR PERSON, UNDER ANY THEORY OF LAW OR EQUITY FOR ANY AMOUNT IN EXCESS OF THE PAID PORTION OF THE COMMITMENT FEE. BORROWER ACKNOWLEDGES THAT THIS LIMITATION OF DAMAGES CLAUSE IS REASONABLE. BORROWER AGREES NOT TO PURSUE ANY CLAIM IN EXCESS OF THE ABOVE SUM.**

**WAIVER OF TRIAL BY JURY:** **BORROWER AND LENDER EACH HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVE ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY SUIT, COUNTERCLAIM, OR CROSS-CLAIM ARISING IN CONNECTION WITH, OUT OF, OR OTHERWISE RELATING TO THIS LOAN COMMITMENT, THE OTHER LOAN DOCUMENTS, THE OBLIGATION, THE COLLATERAL, OR ANY RELATED TRANSACTION.**

**MISCELLANEOUS:** **BORROWER UNDERSTANDS THAT LENDER CANNOT AND WOULD NOT ENTER INTO THIS LOAN COMMITMENT WITHOUT BORROWER'S AGREEMENT TO THE LIMITATION OF DAMAGES, CHOICE OF FORUM AND WAIVER OF TRIAL BY JURY CLAUSES CONTAINED HEREIN.**

**BORROWER AND GUARANTOR(S) UNDERSTAND THAT THEY ARE OBLIGATED TO DISCLOSE TO LENDER THE NAME AND ADDRESS**

AM\com\Savatti.Beskar.Executed.4

*CRB*

7

Stavatti Aerospace Ltd
Loan Commitment
January 17, 2025

**OF ANY THIRD PARTY WHO IS PROVIDING A PORTION OR ALL OF THE COMMITMENT FEE ("THIRD PARTY FEE PROVIDER"). IN THE EVENT THERE IS A THIRD PARTY FEE PROVIDER, THE THIRD PARTY FEE PROVIDER SHALL BE REQUIRED TO SIGN THIS LOAN COMMITMENT. IN THE EVENT THAT BORROWER FAILS TO MAKE SUCH DISCLOSURE, BORROWER AND GUARANTOR(S) AGREE TO INDEMNIFY AND HOLD HARMLESS LENDER AGAINST ANY AND ALL CLAIMS ASSERTED BY SUCH UNDISCLOSED PARTY AS WELL AS ANY ATTORNEYS' FEES INCURRED IN DEFENDING AGAINST SAME.**

**COMMITMENT FEE MODIFICATION:** Notwithstanding the above requirement to pay the Commitment Fee at the signing of this Loan Commitment, as consideration for the parties unconditionally and irrevocably waiving all right to trial by jury and the parties agreeing to the Choice of Forum and Limitation of Damages clauses, Lender will accept payment of the Four Hundred Ninety Thousand Dollars ($490,000) Commitment Fee in the following manner:

a) One Hundred Fifty Thousand Dollars ($150,000) to be paid at the time this Loan Commitment is signed, prior to Lender's due diligence, which signing will be no later than January 21, 2025, <u>time of the essence;</u>

b) Three Hundred Forty Thousand Dollars ($340,000) to be paid at the closing from the Loan proceeds or upon Borrower electing not to proceed to a Loan closing. In addition, any default by Borrower under this Loan Commitment, or other failure of Borrower to comply with this Loan Commitment, or misrepresentation by Borrower of any fact or state of facts to Lender either in connection with this Loan Commitment or otherwise, or any material adverse change of any type shall not relieve Borrower of its obligation to pay such amount to Lender.

Notwithstanding the above, Borrower may elect to terminate the Loan Commitment. Provided Borrower does so in writing within ten (10) business days of receipt of the Loan Offer, Lender agrees to refund $50,000, waive the balance of the Commitment Fee due in b) above, and the parties shall have no further liability or obligation to one another. Prior to said refund, the parties shall execute a mutual release consistent with such.

In the event the Loan is repaid on time with no defaults, Borrower shall receive a credit in the amount of the difference between $490,000 and 5% of the Loan amount at the time of full repayment.

AM\com\Savatti.Beskar.Executed.4

*CRB*

8

Stavatti Aerospace Ltd
Loan Commitment
January 17, 2025

Borrower acknowledges that Schedule "B" attached hereto and made a part hereof represents conditions of the Loan Commitment required by Lender and that this document would not be executed by Lender without Borrower's agreement thereto. Borrower further acknowledges that each and every delivery required under this Loan Commitment (including those required under Schedule "B") must be made directly to Lender or its designated legal counsel. Any deliveries made to any other person or entity (including without limitation any appraiser or broker involved with the proposed loan transaction) shall not be deemed a delivery to Lender as required hereunder.

This document is an arm's length and negotiated agreement. It shall be construed without any regard to any presumption or rule requiring construction against the party causing such instrument or any portion thereof to be drafted.

Sincerely,
KENNEDY FUNDING INC.

BY: _____
　　　Kevin Wolfer, Chief Executive Officer

DATE: _____

LOAN COMMITMENT ACCEPTED
STAVATTI AEROSPACE LTD

BY: _____
　　　Christopher Beskar, CEO

　　　_____
　　　Christopher Beskar, Individually and as Guarantor

DATE: _17 January 2025_

AM\com\Savatti.Beskar.Executed.4

CKB