# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov,<br><br>    Plaintiff,<br><br>v.<br><br>Stavatti Aerospace Limited, et al.,<br><br>    Defendants. | No. CV-23-00226-PHX-DJH<br><br>**ORDER SETTING FINAL PRETRIAL CONFERENCE** |

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, a <u>Final Pretrial Conference</u> shall be held on **<u>August 6, 2026</u>** at **<u>2:00 p.m.</u>** in Courtroom 605, Sandra Day O'Connor United States Courthouse, 401 W. Washington St., Phoenix, Arizona, 85003-2151.

In preparation for this Final Pretrial Conference, **IT IS ORDERED** as follows:

1.    <u>Attendance Required</u>.  The attorneys who will be responsible for the trial of the case shall attend the Final Pretrial Conference.  The parties shall bring their calendars so that trial scheduling can be discussed.  Prior to the Final Pretrial Conference, the parties shall meet and confer as to their first and second available trial date availability in the three months following the Final Pretrial Conference.  If the parties have conflicting firm trial dates within that timeframe, they shall include the names and case numbers of those trials.

2.    <u>Joint Pretrial Memorandum</u>.

(a)    <u>Timing.</u>  The parties shall jointly prepare a Joint Proposed Final

Pretrial Order and file it with the Court no later than 4:00 p.m. on July 16, 2026. The parties shall exchange drafts of the Joint Proposed Final Pretrial Order no later than **14 days** before the submission deadline.  The Plaintiff shall have the burden of initiating communications concerning the Joint Proposed Final Pretrial Order.  The parties shall submit a copy of the Joint Proposed Final Pretrial Order to the Court in Word format by email to Humetewa_Chambers@azd.uscourts.gov.

(b)     Contents.  The Joint Proposed Final Pretrial Order shall include the information prescribed in the Joint Proposed Final Pretrial Order form found at www.azd.uscourts.gov under Judges' Information; Orders, Forms and Procedures; and Diane J. Humetewa.  A sample is also attached to this Order.  Preparation and filing of the Joint Proposed Final Pretrial Order in accordance with the requirements of this Order shall be deemed to satisfy the disclosure requirements of Rule 26(a)(3) of the Federal Rules of Civil Procedure.  The Court will not allow the parties to offer any exhibit, witness, or other evidence that was not disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure and listed in the Joint Proposed Final Pretrial Order, except to prevent manifest injustice.

3.     Exhibits.     The parties shall (a) number and mark exhibits in accordance with the instructions found in Exhibit Marking Instructions at www.azd.uscourts.gov under Judges' Information; Orders, Forms and Procedures; and Standard Forms Used by All Phoenix Judges (such numbers shall correspond to exhibits numbers listed in the Joint Proposed Final Pretrial Order); (b) meet in person and exchange marked copies of all exhibits to be used at trial no later than **14 days** before the submission deadline for the Joint Proposed Final Pretrial Order (any exhibit not marked and exchanged at this meeting shall be precluded at trial); and (c) eliminate any duplicate exhibits while meeting to exchange exhibits.

4.     Motions in Limine.  The parties shall file and serve all motions in limine no later than July 16, 2026.  Responses to motions in limine shall be filed on or before July 23, 2026. Each motion in limine shall include proposed language for the order in limine

being sought from the Court, and the proposed language shall state with precision the evidence that is subject to the proposed order and the limitation or exclusion sought to be placed on the evidence.  The motions and responses must be concise and shall not exceed three (3) pages in length.  No opposed motion in limine will be considered or decided unless moving counsel certifies therein that the movant has in good faith conferred or attempted to confer with the opposing party or counsel in an effort to resolve disputed evidentiary issues that are the subject of the motion.  The moving party is not permitted to file a reply in support of its motion in limine.  Counsel shall be prepared to argue the merits of such motions at the Final Pretrial Conference.  LRCiv 7.2(l).

If a motion in limine does not conform in all substantial respects with the requirements of this Order, or if counsel does not timely serve and file the required response, or if counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion in limine, and the Court may dispose of the motion summarily without further notice.

5.    Because this case will be tried to a jury, the parties shall complete the following tasks by the time of the filing of the Joint Proposed Final Pretrial Order:

(a)    Stipulated Joint Statement of the Case.    The parties shall file a stipulated joint statement of the case to be read to the jury.

(b)    Joint Proposed Voir Dire.    This Court's proposed set of voir dire questions can be found at http://www.azd.uscourts.gov/judges/judges-orders.    In addition, each party may separately file a proposed set of voir dire questions, not to exceed ten (10) each.    The questions shall be drafted in a neutral manner.    To the extent possible, the parties shall stipulate to the proposed questions.    If the parties have any disagreement about a particular question, they shall state the reason for their objection below the question.    The parties shall also provide, for the purposes of voir dire, a joint master list of the names of every witness who may be called at trial.

(c)    Jury Instructions.    The joint list must contain the following four sections:

(1)    A list—denoted only by section and title—of all applicable Ninth

Circuit Model Civil Instructions, which are at https://www.ce9.uscourts.gov/jury-instructions/model-civil. If a model instruction is requested by both parties, the instruction shall be preceded by "ST" (stipulated-to). If the instruction is requested by only one party, the instruction shall be preceded by either "PL" (Plaintiff) or "DF" (Defendant).

(2)     The full text of any non-model instructions to which the parties have stipulated, with only one instruction per page.

(3)     The full text of any non-model instructions requested by Plaintiff (numbered consecutively), with only one instruction per page. Plaintiff shall include citation to authority to support the requested instruction. Defendant shall state all objections to such instruction immediately following the instruction and Plaintiff's authority. Defendant shall support any objection with citation to authority. If Defendant offers an alternative instruction, such alternative instruction shall immediately follow Defendant's objection.

(4)     The full text of any non-model instructions requested by Defendant (numbered consecutively), with only one instruction per page. Defendant shall include citation to authority to support the requested instruction. Plaintiff shall state all objections to such instruction immediately following the instruction and Defendant's authority. Plaintiff shall support any objection with citation to authority. If Plaintiff offers an alternative instruction, such alternative instruction shall immediately follow Plaintiff's objection.

(d)     <u>Proposed Form of Verdict</u>. Each party shall file a proposed form of verdict, including any proposed special verdict forms or juror interrogatories.

(e)     The joint statement of the case, proposed voir dire questions, proposed jury instructions, and forms of verdict shall be submitted in Microsoft Word® format by email to Humetewa_Chambers@azd.uscourts.gov.

- 4 -

5.      The parties shall be prepared to advise the Court at the Final Pretrial Conference of the status of settlement discussions.  Should settlement be reached at any time, the parties shall promptly file a Notice of Settlement with the Clerk of the Court.

6.      Any party appearing *pro se* shall comply with the Local Rules and the Federal Rules of Civil Procedure.  Such parties are advised of the Free Self-Service Clinic at the Phoenix courthouse.  For information on the clinic and the Handbook for Self-Represented Litigants, visit the Court's internet site at: www.azd.uscourts.gov.  Proceed to the box entitled *Information for Those Proceeding Without an Attorney* and then the link entitled *Federal Court Self-Service Center Phoenix*.

9.      <u>Courtroom Technology</u>.  Should the parties wish to conduct any testing of courtroom technology and equipment or have related questions, they may contact AV Support at av_support@azd.uscourts.gov or 602-322-7160, no later than one week prior to trial.  The parties can find further details on the Court's website at http://www.azd.uscourts.gov/judges/judgesorders at the Electronic/Video Courtroom Equipment Information link.

10.     Full and complete compliance with this Order shall be required by the Court.

Dated this 13th day of April, 2026.


_____
Honorable Diane J. Humetewa
United States District Judge

- 5 -

Following is the Joint Proposed Final Pretrial Order to be considered at the Final Pretrial Conference in this case set for August 6, 2026 at 2:00 p.m. in Courtroom 605, Sandra Day O'Connor U.S. Courthouse, 401 West Washington, Street, Phoenix, Arizona 85003. The attorneys who are responsible for the trial shall attend the Final Pretrial Conference.

**A.    Trial Counsel for the Parties.**

Provide mailing and email addresses, office and cell telephone numbers, and fax numbers of trial counsel.

**B**.    **Statement of Jurisdiction.**

Cite the statute(s) which give this court jurisdiction and venue (e.g., jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332).

**C.    Nature of the Case.**

Provide a concise statement (one page) of the nature of the case, the cause of action and the relief sought.

**D.    Stipulations and Undisputed Facts and Law.**

Provide a concise statement of stipulations and undisputed fact(s) and law in the following format:

1. "The following material facts are admitted by the parties and require no proof:"

2. "The following material facts, although not admitted, will not be contested at trial by evidence to the contrary:"

3. "The following issues of law are uncontested and stipulated to by the parties:"

**E.    Contested Issues of Fact and Law.**

Provide a concise statement of contested Issues of fact(s) and law in the following format:

1. "The following are the material issues of fact to be tried and decided:"

[Each party's contention must be set forth with respect to each and every issue of fact and each issue of fact must be stated separately and in specific terms].

2. "The following are the issues of law to be determined:"

[Each party's contention must be set forth with respect to each and every issue of

law.  Each issue of law must be stated separately and in specific terms].

**F.    Witness List.**

Each party shall separately list the names of witnesses, whether they are fact or expert witnesses and a brief description of the testimony of each witness (except witnesses who may be called for impeachment).  If a witness will appear by deposition only, the party calling the witness will give notice of the page numbers to be read at trial to all other parties on or before the date that the pretrial order is filed.

The parties shall deliver one (1) original and two (2) copies of the witness and exhibit lists, using the forms located on the Court's website at http://www.azd.uscourts.gov/judges/judges-orders, to the Courtroom Deputy no later than 48 hours prior to trial.

**G.    Exhibit List.[1]**

Each party shall submit a list of numbered exhibits with a concise description of each exhibit.  Document admissibility issues should be resolved by stipulation before trial.  Following the below format, the parties shall work with the Courtroom Deputy Clerk to mark all exhibits directly into evidence unless a good faith objection will be raised at trial.

1.  The following exhibits are admissible in evidence and may be marked in evidence by the Courtroom Deputy Clerk:

       a. Plaintiff's Exhibits:

       b. Defendant's Exhibits:

2.  As to the following exhibits, the parties have reached the following stipulations:

       a. Plaintiff's Exhibits:

       b. Defendant's Exhibits:

3.  The party against whom the following exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:

---

[1]  If there are more than 20 exhibits, the parties shall submit their exhibit lists in writing five (5) days before trial by email to Humetewa_Chambers@azd.uscourts.gov or on USB flash drive or CD-ROM.

a.  Plaintiff's Exhibits:

b.  Defendant's Exhibits:

4.  The parties shall include the following text in this section of the Joint Proposed Final Pretrial Order:  "Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that any objections not specifically raised herein are waived."

**H.      Depositions to be Offered.**

The parties shall list the depositions that may be used at trial.  The portions to be read or submitted at trial shall be identified by page and line number.  The offering party shall provide the Court with a copy of the offered deposition testimony, and highlight the portions of the depositions to be offered.  Each party shall highlight (in a separate color) that portion of the deposition it proposes to offer.  Where multiple parties are offering the same deposition, only one copy shall be provided to the Court.

Any party objecting to the admission in evidence of any portion of a deposition shall identify by page and line number the portion to which objection is made and shall state the grounds of objection specifically.

**I.      Motions in Limine.**

Motions in Limine and responses thereto shall be filed as separate pleadings and in accordance with the Court's Order Setting Final Pretrial Conference.

**J.      List All Pending Motions.**

List all pending motions other than Motions in Limine.

**K.       Procedures for Expediting Trial**

The parties shall discuss and report on all available procedures that might be used to expedite trial, including but not limited to (a) presenting stipulated summaries of deposition testimony rather than reading deposition excerpts; (b) editing videotaped depositions to limit the amount of time required for presentation; (c) using summary exhibits in place of voluminous documentary evidence; (d) stipulations on authenticity and foundation; (e) presenting direct expert testimony through summary or written reports; (f) using  the courtroom technology to expedite the presentation of evidence. The parties are invited to contact **AV Support at av_support@azd.uscourts.gov or 602-**

**322-7160**, to arrange a time to visit the courtroom and examine its technology. Information about courtroom technology can also be found at www.azd.uscourts.gov under Judges' Information; Orders, Forms & Procedures; Standard Procedures Used by All Phoenix Judges; Electronic/Video Courtroom Equipment Information – Phoenix.

**L.   Estimated Length of Trial.**

_____ hours for opening statements and closing arguments.

_____ hours for Plaintiff(s)' case, including cross-examination of other parties' witnesses.

_____ hours for Defendant(s)' case, including cross-examination of other parties' witnesses.

_____ hours for rebuttal.

**M.   Jury Demand.**

State whether a jury trial has or has not been requested.  If a jury trial has been requested, indicate the appropriate selection:

1.  The parties stipulate that the demand for a jury trial was timely;

2.  The Plaintiff(s)/Defendant(s) contend(s) that the demand was untimely because of [provide an explanation including legal citation]; or

3.  The Plaintiff(s)/Defendant(s) contend(s) that although the request for trial by jury was timely, the request is otherwise improper as a matter of law because . . . [provide an explanation including legal citations].

**N.   Proposed Findings of Fact and Conclusions of Law for Bench Trials.**

Proposed Findings of Fact and Conclusions of Law shall be filed by each party as a separate pleading in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

**O.   Proposed Set of Supplemental Voir Dire.**

The Court's proposed voir dire questions are located on the Court's website at www.azd.uscourts.gov under Judges' Information/Orders; Forms and Procedures; and Diane J. Humetewa.  In addition, each party may separately file a proposed set of voir dire questions, not to exceed ten (10) each.  The questions shall be drafted in a neutral

manner.  If the parties disagree about a particular question, the opponent shall state the reason for the objection immediately below the question.

**P.      Joint Proposed Jury Instructions.**

The joint list must contain the following four sections:

(1)     A list—denoted only by section and title—of all applicable Ninth Circuit Model Civil Instructions, which are at https://www.ce9.uscourts.gov/jury-instructions/model-civil.    If a model instruction is requested by both parties, the instruction shall be preceded by "ST" (stipulated-to).  If the instruction is requested by only one party, the instruction shall be preceded by either "PL" (Plaintiff) or "DF" (Defendant).

(2)     The full text of any non-model instructions to which the parties have stipulated, with only one instruction per page.

(3)     The full text of any non-model instructions requested by Plaintiff (numbered consecutively), with only one instruction per page. Plaintiff shall include citation to authority to support the requested instruction.  Defendant shall state all objections to such instruction immediately following the instruction and Plaintiff's authority. Defendant shall support any objection with citation to authority.  If Defendant offers an alternative instruction, such alternative instruction shall immediately follow Defendant's objection.

(4)     The full text of any non-model instructions requested by Defendant (numbered consecutively), with only one instruction per page. Defendant shall include citation to authority to support the requested instruction.  Plaintiff shall state all objections to such instruction immediately following the instruction and Defendant's authority. Plaintiff shall support any objection with citation to authority.  If Plaintiff offers an alternative instruction, such alternative instruction shall immediately follow Plaintiff's objection.

**Q.     Form of Verdict.**

Each party shall filed a proposed from of verdict, including any proposed special verdict forms or juror interrogatories.

**R.     Recording of Proceedings.**

To facilitate the creation of an accurate record, please prepare a "Notice to Court Reporter" one week before the Final Pretrial Conference containing the following information:

     a.     Proper names, including those of witnesses.

     b.     Acronyms.

     c.     Geographic locations.

     d.     Technical (including medical) terms, names, or jargon.

     e.     Case names and citations.

     f.     Pronunciation of unusual or difficult words or names.

This notice need not be filed but must be provided via e-mail to Hilda Lopez at hilda_lopez@azd.uscourts.gov.  Her contact number is 602-322-7256.  Counsel also must advise the court reporter as soon as possible, but no later than two weeks before trial, if they would like to receive a real-time feed or daily turnaround transcript of the proceedings.

**S.     Certifications**.

The parties shall include the following text in this section of the Joint Proposed Final Pretrial Order: "The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1. All discovery has been completed.

2. The identity of each witness has been disclosed to opposing counsel.

3. Each exhibit listed herein: (1) is in existence; (2) is numbered; and (3) has been disclosed and shown to opposing counsel.

4. The parties have complied in all respects with the mandates of the Court's Rule 16 Scheduling Order and Order Setting Final Pretrial Conference.

5. The parties have made all of the disclosures required by the Federal Rules of

Civil Procedure (unless otherwise previously ordered to the contrary).

6. The parties acknowledge that once this Joint Proposed Final Pretrial Order has been signed and lodged by the parties, no amendments to this Order can be made without leave of Court."

**APPROVED AS TO FORM AND CONTENT:**

_____                              _____

Attorney for Plaintiff(s)                                    Attorney for Defendant(s)

- 12 -