**George K. Chebat (034232)**
George@EnaraLaw.com
**Ross P. Meyer (028473)**
Ross@EnaraLaw.com
**Morgan E. Silva (039166)**
Morgan@EnaraLaw.com
**Enara Law PLLC**
2150 E. Highland Ave, Unit 212
Phoenix, AZ 85016
Telephone: (602) 687-2010
Filings@EnaraLaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated;<br><br>*Plaintiff*,<br>vs.<br><br>Stavatti Aerospace, Ltd, a Minnesota corporation; et al.<br><br>*Defendants*. | Case No.: 2:23-CV-00226-PHX-DJH<br><br>**PLAINTIFF'S RESPONSE TO APPLICATION TO WITHDRAW WITH CONSENT AND OBJECTION TO REQUEST FOR STAY OF PROCEEDINGS (DOC. 94)** |

Plaintiff Valentino Dimitrov ("Mr. Dimitrov" or "Plaintiff"), by and through undersigned counsel, respectfully submits this Response to Defendants' Application to Withdraw with Consent and Objection to Request for Stay of Proceedings (the "Application") (Doc. 94) filed August 18, 2026, on behalf of the Stavatti entity defendants and Defendants Christopher Besker, John Simon, William McEwen, and Rudy Chacon (collectively, the "Represented Defendants").

## I. Introduction

Plaintiff takes no position on whether Mr. Dunmire should be relieved as counsel of record. That question implicates the attorney-client relationship and is solely for the Court's discretion. However, Plaintiff does oppose, and opposes strenuously, the second

and far more consequential form of relief buried in the Application- the Represented Defendants request that this Court "stay . . . proceedings to enable [the Represented Defendants] to retain new counsel to represent them going forward." (Doc. 94, at 2:6-9).

The Represented Defendants request for stay is supported by no memorandum, no proposed duration, and no explanation of what steps, if any, the Represented Defendants have taken to secure replacement counsel in the interim. The Application only contains a one-sentence request for an open-ended halt to a case that has been pending since February 2023, made sixteen (16) days before the Joint Proposed Pretrial Order is due on September 3, 2026, and roughly five (5) weeks before the Final Pretrial Conference on September 24, 2026. Granting the Application would vacate both deadlines and return this litigation to the indefinite posture the Represented Defendants have engineered and benefitted from repeatedly over the last three and a half years.

This is the latest in a pattern. Throughout this litigation the Represented Defendants have made repeated assurances that Mr. Dimitrov's funds would be repaid. None has been honored. Each assurance bought time, and each was presented, as this Application is presented, as a circumstance beyond Defendants' control rather than a choice they made. Three and a half years later, Mr. Dimitrov has neither his money nor his day in court. The Court need not accept that framing on the eve of trial.

Plaintiff respectfully requests that this Court decouple the two requests. Whatever the court does with the withdrawal, the case should stay on its current pretrial track, any withdrawal should be conditioned on the appearance of substitute counsel by a date certain, and the matter should be set for trial in the first quarter of 2027.

## II. Relevant Background

Plaintiff filed this action on February 3, 2023. (Doc. 1). The case asserts federal and Arizona RICO claims, fraud, and related claims against fourteen defendants arising from a

scheme centered on a $1,000,000.00 promissory Note. Mr. Dunmire has represented every defendant other than Brian and Corrina Colvin throughout this litigation.

Fact and expert discovery are closed, and dispositive motion practice is concluded. (Doc. 39); (Doc. 48) (extending the fact discovery deadline). The only outstanding item is to set this matter for trial. Under the Court's order, the parties Joint Proposed Pretrial Order is due September 3, 2026, and the Final Pretrial Conference is set for September 24, 2026. (Doc. 92). Plaintiff has assembled and exchanged his exhibits with Defendants[1] and has prepared proposed jury instructions, verdict forms, voir dire question, and a draft Joint Proposed Pretrial Order. Plaintiff has invested substantial resources in getting to this posture.

Against that backdrop, on August 18, 2026, Mr. Dunmire filed the Application, citing unspecified "conflicts effecting the attorney client relationship and professional considerations." (Doc. 94, at 1:28). The Application does not state when those conflicts arose. It attaches consent from Mr. Beskar, individually and for the eight[2] Stavatti entities, Mr. Simon, and Mr. McEwen. No consent is provided for Mr. Chacon, whom counsel reports is deceased. (Doc. 94, at 5:12-19). A hearing on the Application has been set for August 27, 2026.

## III. Argument

### a. Legal Standard

[1] Plaintiff notes that pursuant to the Court's Order, Plaintiff's counsel, Mr. Meyer and Ms. Silva, met with Mr. Dunmire and Mr. Abate at their offices on August 20, 2026, to exchange Plaintiff's marked trial exhibits. However, Mr. Dunmire requested to leave Plaintiff's marked trial exhibits at their office until resolution of his withdrawal. Upon resolution, Plaintiff will tender the exhibits to Mr. Dunmire, substituted counsel, or the Represented Defendants as required.

[2] The Represented Defendants' Application includes consent by Christopher Beskar for only eight (8) of the nine (9) Stavatti entities. Mr. Beskar did not sign consent on behalf of Stavatti Industries, Ltd., a Wyoming corporation.

A stay of proceedings is not granted simply because a party is requesting one. The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigations." *See Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153, 158 (1936). This can best be done when the court "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255. The party seeking a stay bears the burden of establishing that it is warranted, and where a stay "will work damage to some one (sic) else," the movant "must make out a clear case of hardship or inequity in being required to go forward." *Id.* When reviewing a motion for withdrawal, a court should consider (1) the reason why withdrawal is sought; (2) the prejudice withdrawal may impose on the other parties; (3) the harm withdrawal may cause to the administration of justice; and (4) the degree to which withdrawal will delay the case. *See Gagan v. Monroe.*, 2013 U.S. Dist. LEXIS 1339935, at * 4 (D. Ariz. Apr. 1, 2023). Any factors that might support a motion for withdrawal "are outweighed by the Court's responsibility to manages its own case load and ensure a fair trial to all parties." *See Bohnert v. Burke*, 2010 U.S. Dist. LEXIS 145373, at * 5 (D. Ariz. Dec. 7, 2010).

**b. The Represented Defendants Bear the Burden of Justifying a Stay, and the Application Does Not Meet that Requirement**

The Application does not address any reason why a stay should be granted. The Application does not (1) describe any effort to retain replacement counsel, not a single contact, referral, or retainer discussion; (2) explain why the Represented Defendants, who have been on notice of the trial schedule for months, cannot conduct that search while the existing deadlines run; and (3) attempt to try to explain the timing of why an application premised on "conflicts" and "professional considerations" that necessarily developed over some period surfaced only after the pretrial deadlines were upon the parties. A movant who

offers no evidence and no argument on the governing factors has not carried the burden required to substantiate a stay of the proceedings.

**c. A Stay Would Prejudice Plaintiff**

This case is three and a half years old. Mr. Dimitrov's claims sound in fraud and racketeering, and proving them depends on the witnesses recollection of events that are already years in the past. Every month of delay degrades that proof. All of the defendants reside outside of Arizona, and there is no guarantee that the parties and witnesses who are available today will still be available whenever trial is finally reached. Beyond evidentiary decay, a stay of unknown duration in a case alleging the fraudulent procurement and diversion of a $1 million investment leaves the alleged proceeds and the entities that hold them beyond the reach of judgment for that much longer.

Plaintiff has also incurred the very substantial cost of trial preparation, the exhibit compilation, the Joint Proposed Pretrial Order, the jury instructions and verdict form, many of which would have to be refreshed and reworked after an indefinite hiatus. On the other hand, the Represented Defendants identify no hardship at all beyond the inconvenience of retaining new lawyers. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'").

**d. The Timing and History Point to Delay, Not Necessity**

The Court is not obligated to view the Application in isolation. Since Mr. Dimitrov provided the $1 million, the Defendants have continually made promises of impending funding to return the funds, which have all fallen through for one reason or another. Viewed against that history, the Application follows a familiar sequence: a deadline approaches, an obstacle appears, and the requested remedy is always more time.

Plaintiff does not suggest that Mr. Dunmire has acted improperly. The reasons for his withdrawal are his own and Plaintiff, absent court order, does not probe them. However, the Represented Defendants control whether they are represented and they have controlled the timing of this Application. When the parties previously requested an extension in the pre-trial deadlines, there was no mention of withdrawal of counsel. Now that Plaintiff has incurred fees and costs to prepare this case for trial, the Represented Defendants suddenly want to stay the proceedings so they can obtain new counsel. A litigant cannot manufacture the need for a continuance and then invoke that need as good cause. Whatever the reason for the breakdown between counsel and clients, its consequences should not be imposed on Plaintiff in the form of a delay in setting this matter for trial.

**e. The Entity Defendants' Inability to Proceed Pro Se Calls for a Firm Deadline, Not an Open-Ended Stay**

Nine (9) of the Represented Defendants are corporate entities. It has long been held that "a corporation may appear on the federal courts only through licensed counsel." *See Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 721, 121 L.Ed.2d 656, 666 (1993); *see also D-Beam, Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 (9th Cir. 2004). Where an entity fails to obtain new counsel after its lawyer withdraws, the appropriate consequence is entry of default and default judgment, not suspension of the case. *See U.S. v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming denial of motion to intervene and subsequent default judgment); *see also Employee Painters' Trust v. Ethan Enters.*, 480 F.3d 993, 998 (9th Cir. 2007) (finding that the district court did not abuse its discretion by entering a default judgment for failure to retain counsel for a corporation).

The individual Represented Defendants, Mr. Beskar, Mr. Simon, and Mr. McEwen have an unqualified statutory right to proceed pro se. *See* 18 U.S.C. § 1654. Therefore, the

individuals need no stay in order to remain in the case, they need only appear. The Application's premise that proceedings must halt until new counsel materializes its simply wrong as to the individuals.

The balanced response is the one this Court and other routinely employ, grant withdrawal, if at all, on the express condition that substitute counsel appear on the record within a short, fixed period with express notice to the entity defendants that failure to do so will result in entry of default, and express notice to the individual defendants of the deadlines they will personally bear if they proceed without counsel. Plaintiff respectfully suggests twenty-one (21) days, or by September 23, 2026, for the substitution of counsel so that new counsel is in place for the Final Pretrial Conference.

**f. The Suspected Death of Defendant Rudy Chacon Does Not Warrant Staying the Case as to Anyone Else**

Counsel reports, on information and belief, that Defendant Rudy Chacon has died, and has filed a Notice of Suspected Death contemporaneously with the Application. (Doc. 95). Under Rule 25(a)(1), a motion for substitution must be made within ninety (90) days after service of a statement noting the death of a party, followed by dismissal as to that decedent only if no such motion is made. Where a party dies and the claim is not extinguished as to the remaining parties, the action does not abate. Fed. R. Civ. P. Rule 25(a)(2). Plaintiff will address Mr. Chacon's status by separate filing as appropriate upon location of a representative of his estate, and currently intend on filing a forthcoming Motion for Substitution pertaining to Mr. Chacon's estate. This has no bearing on the trial-readiness of the claims against the other thirteen (13) defendants.

**IV. Plaintiff's Trial Availability**

Plaintiff raises the following, not as a request for delay, but to assist the Court in setting a firm trial date at the Final Pretrial Conference, and to demonstrate that no stay is necessary to give any substitute counsel a fair opportunity to prepare.

Plaintiff is prepared to address availability in detail with the Court at the Final Pretrial Conference. Subject to that discussion, undersigned counsel identifies the following conflicts for setting a trial date:

- In October 2026:
  - Plaintiff's trial counsel, George K. Chebat, will be traveling internationally due to prior fixed-date commitments related to attendance at a family member's wedding and is unavailable for a trial that month; and
  - Undersigned counsel has a five (5) day jury trial in *American Made Remodeling LLC v. Laird M. Malamed, et al.*, Case No. CV2023-094492, commencing on October 22, 2026, and will be unavailable during that setting and the trial preparation immediately preceding it.
- On December 3, 2026, undersigned counsel is set for a one (1) day trial in *Brandi Lynn Ehnes-Wilder v. Kristine Marie Wilder*, Case No. FN2025-050891. Although set for a single day, this proceeding is the final adjudication of marital property and spousal maintenance and is intertwined with a related civil matter in which undersigned counsel also appears. Since the property and maintenance determinations are final and depend on the record developed in the related civil matter, undersigned counsel must devote substantially all of November 2026 to preparation and is unavailable during that period.

Accordingly, Plaintiff respectfully requests that this matter be set for trial in the first quarter of 2027, no later later than March 2027. A setting in that window leaves any substitute counsel more than five (5) months from the Final Pretrial Conference to prepare

while preserving the pretrial deadlines already in place and giving all parties a date certain to work toward, which a stay would foreclose. An open-ended suspension of proceedings, by contrast, offers no assurance of a trial date at all.

## V. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) deny the Represented Defendants' request for a stay of proceedings; (2) order the current pretrial deadlines remain in effect; and (3) set this matter for trial in the first quarter of 2027, no later than March 2027. If withdrawal is permitted, Plaintiff respectfully requests that the withdrawal be conditioned on (1) the appearance of substitute counsel for the entity defendants on or before September 23, 2026; (b) written notice to each Represented Defendant of all pending deadlines and the Final Pretrial Conference date; and (c) express advisement that the entity defendants cannot appear without counsel and that failure to secure counsel by the deadline will result in entry of default.

**RESPECTFULLY SUBMITTED** this 25th day of August, 2026.

`

**ENARA LAW PLLC**

By: *<u>/s/ Ross. P. Meyer</u>*
George K. Chebat
Ross P. Meyer
Morgan E. Silva
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of August 2026, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record, if any, and any *Pro Se* Parties, via the CM/ECF system.

Terrance D. Dunmire, Esq
**Law Offices Of Terrance D Dunmire**
8701 E. Vista Bonita Drive, Suite 220
Scottsdale, Arizona 85255
Telephone: (602) 264-1300
tdunmire@parkwestpartners.com

Nino Abate, Esq
**Law Offices Of Nino Abate, PLC**
300 W. Clarendon Ave., Suite 130
Phoenix, Arizona 85013
Telephone: (480) 314-3304
nino@abatelaw.com

By: *Leslie Cruz Morales*