**Terrance D. Dunmire, Esq. (9964)**
**Law Offices of Terrance D Dunmire**
**8701 E. Vista Bonita Drive, Suite 220**
**Scottsdale, Arizona 85255**
**Phone (602) 264-1300**
**tdunmire@parkwestpartners.com**
**Attorney for Defendants (except Brian and Corrina Colvin)**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>Stavatti Aerospace. Ltd, a Minnesota corporation; Stavatti Aerospace Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobileare. Ltd. A Wyoming corporation; Stavatti Niagara, Ltd. A New York corporation; Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainien business entity; Stavatti Heavy Industries Ltd. a Hawaii corporation; Christopher Beskar and Maja Beskar, husband and wife; Brian Colvin and Corrina Colvin, husband and wife; John Simon and Jean Simon husband and wife ; William Mcewen and Patricia Mcewen, Husband and wife; Rudy Chacon and Jane Doe Chacon. Husband and wife; and DOES 1-10, inclusive<br><br>Defendants. | Case No. 2:23-CV-00226-DJH<br><br>**REPLY TO PLAINTIFF'S RESPONSE TO APPLICATION TO WITHDRAW AND OBJECTION TO STAY**<br><br>(Assigned to the Honorable Diane Humetewa) |

Defendants Stavatti, Beskar, Simons, Mcewen and Chacon (hereinafter sometimes the "Represented Defendants") by and through undersigned counsel hereby reply to Plaintiff's response to the application to withdraw and objection to stay.

Plaintiff suggests that Rudy Chacon's death should have no bearing on how this matter proceeds at this point. That is not the case. Mr. Chacon's death has created

a situation in which his estate may be substituted into the case within 90 days; the estate should not be prejudiced by ongoing proceedings in this court during that time that will impact its substantive rights. Specifically, completion of the Joint Pretrial Order process and setting the case for trial should not continue until the situation regarding the filing of his probate estate has been resolved.

Mr. Chacon was an important figure in the underlying facts of this case. He was the only person Plaintiff met and communicated with before Plaintiff made his investment into the Company. Plaintiff's investment, and Mr. Chacon's contemporaneous investment on the same terms, were made with the understanding that DelMorgan had entered into a funding agreement with the Company and that funding to the tune of $35 million was imminent. Regardless of the lack of the Company's authorization of the terms of the note and its unauthorized signature, the promissory notes set forth the terms of repayment of the money lent to the Company. The notes specify that additional payments, Profit Participation of $5 million in the case of Plaintiff's note, were to be based upon profits from the project as it progressed and that the start date of the project was to be after commencement of the project launch date. The project never launched because DelMorgan failed to perform. Mr. Chacon was aware of all of this as was Plaintiff yet Plaintiff chose to drum up a Ponze scheme and allege that the profit participation was not what it clearly stated but rather was a guaranteed payment; that is not an honest position to take. The Company has

always assured Plaintiff of its intention to repay the million-dollar investment and has never taken a position to the contrary. This case should have been easy to resolve.

Plaintiff suggests that the Represented Defendants have been somehow disingenuous and dishonest about its efforts to resolve this case. It is important for the Court to know that it has not been the Represented Defendants conduct but rather Plaintiff's lack of cooperation and good faith that has allowed and caused this case to continue as long as it has. From the beginning of this case the Represented Defendants have made it abundantly clear to Plaintiff that his lawsuit has been counterproductive and a huge impediment preventing the Company from securing funding to allow it to pay its debts, including to Plaintiff, and to prosper. The Company has offered time and again to stipulate to a judgment and to secure that judgment with property owned by the Company in Niagara, New York which is valued at approximately $30 million and is essentially free and clear. The Company has that property listed for sale and upon its sale Plaintiff will be made whole. Furthmore, Plaintiff has refused time and again to provide the Company with assurances that upon payment of a specified amount of money, including the sum of money Judge Fine said they would be foolish not to accept, that the lawsuit would be dismissed. The Represented Defendants understand that Plaintiff wants cash and not a promise for it but providing such a letter would likely make all the difference and would help facilitate the Company's funding. There is no good reason for Plaintiff to refuse to work with the Company in this regard which specifically would not prejudice Plaintiff's claims should the matter go to trial.

Going along with the Company's request in this regard will greatly improve the changes that this matter will not have to go to trial; Plaintiff's refusal to cooperate has the opposite effect.

Plaintiff has continued to put out the narrative set forth in the complaint that the Company is a fraud and all those associated with it are conspirators. It is as if we did not go thru extensive discovery and produce reams of information belying those claims. The Company is totally legitimate yet Plaintiff continues to pretend that is not the case. To this point, Mr. Beskar wrote to undersigned counsel this morning after reading Plaintiff's Response to the Application to Withdraw. That correspondence is attached hereto to help the Court better gauge the bone fides of the Company.

Plaintiff suggests that the application for withdrawal was for the purpose of delay which is not the case. The decision to file the application for withdrawal was made by undersigned counsel alone based on the considerations set forth in Ethical Rules 1.7 and 1.16 which mandate withdrawal. The stipulated extensions to the scheduling order timelines were each and every one justified by prospective deals that were pending and which the Company had reasonable expectations would close. In each case the specter of Plaintiff's lawsuit certainly impacted the lender's decision not to fund.

It is the Court's decision regarding what length of stay will be warranted here. All concerned recognize the Courts need to manage its case load and ensure a fair trial to all parties. At the same time, it can hardly be argued that the Represented

Defendants will not suffer unfair hardship if they are not granted a reasonable amount of time to engage new counsel. Undersigned counsel in his Application did not mention any efforts by Represented Defendants have made to retain new counsel for a very good reason; they even now believe funds will become available to enable settlement of this lawsuit and have not until now become fully award of the need to do so. The Company has made it this far against all odds and is on the verge of great success. They pray the Court will consider these factors when deciding on the length of stay to allow.

**Summary and Conclusion:**

Undersigned counsel, resurges his application to withdraw on the basis of factors mandating it set forth in Ethics Rules 1.7 and 1.16. Represented Defendants have consented to the withdrawal and Plaintiff has taken no position on the matter.

With regard to the requested stay of proceedings; three months would avoid prejudicing the estate of Mr. Chacon. To avoid staying the proceedings as to some but not all defendants it is suggested that a stay of three months for all parties would be reasonable.

Respectfully submitted this 26th day of August, 2026.

BY_______/s/ Terry Dunmire_____________
Terrance D. Dunmire
Attorney for Represented Defendants

CERTIFICATE OF SERVICE Terrance Dunmire hereby certifies that on this 26th day of August 2026, he electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

George K. Chebat, Esq.
Enara Law PLLC
7631 East Greenway Road. Suite B-2
Scottsdale, Arizona 85260
george@enaralaw.com
Attorney for Plaintiff

Nino Abate. Esq.
The law Office of Nino Abate. PLC
300 W. Clarendon Ave., Suite 130
Phoenix, Arizona 85013
nino@abatelaw.com
Attorney for Brian and Corrina Colvin

Copy of the forgoing e-mailed this
26th day of August, 2026 to:

HONORABLE DIANE J. HUMETEWA
United States District Court Sandra Day O'Connor US Courthouse. Suite 625
401 West Washington Street, SPC 81
Phoenix, Arizona 85003

By: /s/ Terry Dunmire