**George K. Chebat (034232)**
George@EnaraLaw.com
**Ross P. Meyer (028473)**
Ross@EnaraLaw.com
**Morgan E. Silva (039166)**
Morgan@EnaraLaw.com
**Enara Law PLLC**
2150 E. Highland Ave, Unit 212
Phoenix, AZ 85016
Telephone: (602) 687-2010
Filings@EnaraLaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Valentino Dimitrov, individually, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>Stavatti Aerospace, Ltd, a Minnesota corporation; et al.<br><br>Defendants. | Case No.: 2:23-CV-00226-PHX-DJH<br><br>**PLAINTIFF'S MOTION TO STRIKE THE ENTITY DEFENDANTS' ANSWER, FOR ENTRY OF DEFAULT, AND FOR DEFAULT JUDGMENT** |

Plaintiff Valentino Dimitrov ("Mr. Dimitrov" or "Plaintiff"), by and through undersigned counsel, respectfully moves the Court to (1) strike the Answer (Doc. 37) as to the nine (9) Stavatti Entity Defendants;[1] (2) direct the Clerk to enter their default under Rule 55(a), Fed. R. Civ. P.; and (3) enter default judgment under Rule 55(b)(2), Fed. R. Civ. P. The Court ordered that new counsel for the Entity Defendants file a Notice of

[1] The "Entity Defendants" include: Stavatti Aerospace, Ltd, a Minnesota corporation; Stavatti Aerospace, Ltd, a Wyoming corporation; Stavatti Corporation, a Minnesota corporation; Stavatti Immobiliare, Ltd, a Wyoming corporation; Stavatti Industries, Ltd, a Wyoming corporation; Stavatti Niagara, Ltd, a New York corporation; Stavatti Super Fulcrum, Ltd, a Wyoming corporation; Stavatti Ukraine, a Ukrainian business entity; and Stavatti Heavy Industries Ltd, a Hawaii corporation (Doc. 1, ¶¶ 8-16; Doc. 37, at ¶¶ 8-16 (admitting each entity's identity and state of organization)). This Motion does not seek relief against any individual defendant.

Appearance within twenty-one (21) days of its August 27, 2026 Order (Doc. 103, at 2:14-16; Doc. 101). That deadline has passed. No attorney has appeared for any Entity Defendant, and none may appear except through licensed counsel. This Motion is supported by the following Memorandum of Points and Authorities, the Declaration of Ross P. Meyer, attached hereto as **Exhibit 1**, and the entire record.

## I. Introduction

This is the second time in this case that the Entity Defendants have stopped defending themselves. In 2023, the Clerk entered default after the Entity Defendants failed to answer. (Docs. 9, 12, and 19). The Court set aside the defaults only because the Entity Defendants' first lawyer, who was not licensed in Arizona, had abandoned them. (Doc. 34, at 5:1-6:14). This time, no one else is to blame. On August 27, 2026, this Court conditionally granted Terrance D. Dunmire's ("Mr. Dunmire") request to withdraw from representing the Entity Defendants, Christopher Beskar, Maja Beskar, John Simon, Jean Simon, William McEwen, Patricia McEwen, and Rudy Chacon. (Doc. 103). The withdrawal was conditioned on Mr. Dunmire's filing of Mr. Chacon's death certificate within fourteen (14) days of the Order. (Doc. 103, at 2:9-13). Mr. Dunmire complied with the filing deadline, and on September 8, 2026, this Court terminated Mr. Dunmire as counsel of record and removed him from all distribution lists. (Doc. 105).

At the August 27, 2026, hearing, the Court gave the Moving Defendants[2] twenty-one (21) days, until September 17, 2026, to have new counsel appear and extended the

---

[2] The "Moving Defendants" shall take the same definition as set forth in the August 28, 2026 Order. (Doc. 103). The "Moving Defendants" include "Defendants Christopher Beskar ("Mr. Beskar"), Maja Beskar, Patricia McEwen, William McEwen ("Mr. McEwen"), Jeam Simon, John Simon ("Mr. Simon"), Stavatti Aerospace Limited (a Wyoming corporation), Stavatti Aerospace Limited (a Minnesota corporation), Stavatti Corporation, Stavatti Heavy Industries Limited, Stavatti Immobiliare Limited, Stavatti Industries Limited, and Stavatti Niagara Limited." Plaintiff incorporates this definition and adds Stavatti Ukraine, a Ukranian entity, and Stavatti Super Fulcrum Limited, a Wyoming corporations, Rudy Chacon, and Jane Doe Chacon.

Final Pretrial Conference to January 26, 2027, to give new counsel time to prepare for trial. (Doc. 103, at 2:14-17). As of the date of this filing, no notice of appearance has been filed, and no counsel has contacted undersigned counsel to notify them of the representation. *See* Declaration of Ross P. Meyer, attached hereto as **Exhibit 1**, at ¶¶ 5-7 (Sept. 28, 2026).

On the day the deadline expired, Mr. Beskar, the President and CEO of the Entity Defendants, emailed chambers acknowledging that "the Stavatti corporate defendants cannot proceed in this Court without admitted counsel, and that a failure to appear through counsel can expose [the Entity Defendants] to default." *See* Email from Mr. Beskar and Chambers Response, attached hereto as **Exhibit 2** (Sept. 17, 2026). Mr. Beskar then asked for another extension, until October 19, 2026, to finish engaging counsel who had not yet agreed to the representation, and to arrange financing that had not yet closed to pay for that counsel. *Id.*, at 2-3. In response, Chambers told Mr. Beskar that any such request had to be filed on the public docket. *Id.*, at 4. No request has been filed.

The relief sought in this Motion is the ordinary consequence when a business entity does not appear through counsel after being ordered to do so. Therefore, Mr. Dimitrov respectfully requests the Court: (1) strike the Entity Defendants' Answer and enter their default; (2) enter default judgment against the Entity Defendants; (3) award money judgment in the amount of $1 million for the breach of contract claim asserted against the Entity Defendants, plus attorneys' fees and costs; and (4) enter liability against the Entity Defendants on the racketeering claim now, and set damages to be fixed when final judgment is entered after trial of the remaining Defendants.

## II. Relevant Background

### a. The Claims Against the Entity Defendants

Plaintiff filed this action on February 3, 2023. (Doc. 1). The dispute centers on a Promissory Note dated February 27, 2022 (the "Note"). In consideration for the Note, Mr.

Dimitrov gave $1 million to Stavatti Aerospace, Ltd. The Note promised to repay Mr. Dimitrov's $1 million principal "in full on May 1, 2022." (Doc. 1-2). The Complaint defines the Entity Defendants collectively as "Stavatti." (Doc. 1, at ¶¶ 17 and 30). The Complaint also alleges that Stavatti and the individual Defendants operated as an enterprise that induced the investment through misrepresentations, including that Stavatti produced an aircraft when it had never done so. (Doc. 1, at ¶¶ 31, 46-50 and 68-82). The Complaint asserts racketeering claims under A.R.S. § 13-2314.04 and 18 U.S.C. § 1962(c), breach of contract, and related tort claims. (Doc. 1, at ¶¶ 68-174).

In their Answer, the Entity Defendants admitted that "Plaintiff made a $1 million loan to Stavatti Aerospace, LTD" and admitted the allegation that the loan "was received on March 1, 2022 by Stavatti." (Doc. 37, at ¶¶ 30 and 53). The Entity Defendants also admitted that "[t]he funds were entirely used for Company operations" and that "[t]he Company acknowledges an obligation to repay Plaintiff the $1,000,000 it received." (Doc. 37, at ¶¶ 156 and 159, *see also* ¶¶ 91, 109, 116, 156 and 159). On March 30, 2026, the Court denied the parties' cross-motions for summary judgment. (Doc. 78).

**b. The Entity Defendants' 2023 Default**

In early 2023, the Entity Defendants were served with the Complaint and did not answer. Pursuant to Rule 55(a), Fed. R. Civ. P., the Clerk entered default against most of the Entity Defendants. (Docs. 9, 12, and 19). The Court later set the defaults aside for good cause. (Doc. 34). The Entity Defendants then answered through Mr. Dunmire. (Doc. 37).

**c. The Entity Defendants' Withdrawal of Counsel and the Court's Subsequent Order**

On August 18, 2026, sixteen (16) days before the Joint Proposed Final Pretrial Order was due, Mr. Dunmire filed a Motion to Withdraw with his clients' consent and asked that the case be stayed until new counsel could be retained. (Doc. 94, at 2:6-10). Mr. Dimitrov

did not oppose the withdrawal but opposed an indefinite stay of this case, which has already been pending for over three (3) years. (Doc. 99). This Court set a hearing for August 27, 2026, on Mr. Dunmire's Motion to Withdraw (the "August Hearing"). (Doc. 96). At the August Hearing, Mr. Beskar, on behalf of the Entity Defendants, told the Court that replacement counsel had been identified but "we do need to engage the counsel." (Doc. 106, at 7:17-18). Mr. Beskar also confirmed that he was the responsible party for retaining new counsel on behalf of the Entity Defendants. (Doc. 106, at 6:7-16, 7:3-6 and 7:12-15). The Court told Mr. Beskar, "You're to retain your counsel. And within 21 days, if not sooner, have that new counsel issue their Notice of Appearance with the court." (Doc. 106, at 12:11-13). In conjunction with the August Hearing, the Court's subsequent order confirmed that the Entity Defendants' new counsel "shall file a Notice of Appearance within 21 days of this Order." (Doc. 103, at 2:14-15). On September 8, 2026, the Court officially terminated Mr. Dunmire as counsel of record for the Entity Defendants. (Doc. 105).

#### d. The Court-ordered Deadline Passed Without an Appearance

Twenty-one (21) days from the Court's Order ran to September 17, 2026. (Doc. 101). No Notice of Appearance has been filed for any Entity Defendant. Ex. 1, at ¶ 6. Additionally, no motion to extend the deadline has been filed. Ex. 1, at ¶ 6. In fact, neither Mr. Beskar nor the supposed counsel Mr. Beskar identified has reached out to undersigned counsel as of the date of this filing. Ex. 1, at ¶ 7.

Instead, at about 3:50 p.m. on September 17, Mr. Beskar emailed chambers, copying undersigned counsel, on behalf of himself and the Entity Defendants. Ex. 2. Mr. Beskar wrote that the status of new counsel was unchanged from the August Hearing. Ex. 2, at 2. Mr. Beskar also stated that Stavatti had "contacted Mark E. Ferrario of Greenburg Traurig, LLP," but "[e]ngagement is not complete." *Id.*, at 2. In that same email, Mr. Beskar notified

the Court that the new counsel "will require payment, or security for a retainer, before appearing," and that Stavatti was pursuing "a hard-money or similar short-term loan" secured by its Niagara Falls real property, which he described as "the Company's principal tangible asset," or a loan from a business associate, and that "[n]o such loan has closed." *Id.*, at 2-3. Mr. Beskar finished his communication by requesting an extension until October 19, 2026, to file a Notice of Appearance. *Id.*, at 3. Chambers responded that "[t]he parties cannot communicate with the Court via email" and that "[a]ny request . . . must be done on the public docket." *Id.*, at 4. As of the date of this filing, no one has appeared for the Entity Defendants and no one has moved to extend the time to appear. Ex. 1, at ¶¶ 6.

## III. Legal Argument

### a. Legal Standard

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 721, 121 L. Ed. 2d 656, 666 (1993) (internal citations omitted). In the Ninth Circuit, "corporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd., P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 (9th Cir. 2004) (citing *Licht v. Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994)). In line with established case law, an officer or shareholder cannot represent the entity. *See U.S. v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (denying the entity's President, statutory agent, and only shareholder's Motion to Intervene because the Motion was a means to represent the entity *pro se*). Arizona follows this long-established doctrine of law. *See Ramada Inns v. Lane & Bird Advert.*, 102 Ariz. 127, 128 (Ariz. 1967) ("Absent statutory authority a corporation cannot practice law even in its own behalf. A corporation cannot appear in court by an officer who is not an attorney, and it cannot appear in propria persona.") (internal citations omitted).

In the present action, Mr. Beskar is not a lawyer and cannot act for the Entity Defendants, which he conceded in his email to Chambers. Ex. 2, at 2. Without counsel, the Entity Defendants cannot file anything, cannot take part in preparing the Joint Proposed Final Pretrial Order due January 5, 2027, and cannot appear at trial. Their failure to obtain counsel is therefore a failure to “otherwise defend” under Rule 55(a), Fed. R. Civ. P. Furthermore, the failure to obtain counsel violates the Court’s Order.

Rule 16(f)(1), Fed. R. Civ. P., independently authorizes the Court to impose sanctions against a party that “fails to obey a scheduling or other pretrial order.” Those sanctions include “striking pleadings in whole or in part” and “rendering a default judgment against the disobedient party.” Fed. R. Civ. P. Rule 16(f)(1), 37(b)(2)(a)(iii) and (vi). Before imposing a case-dispositive sanction, the Court considers (1) the public’s interest in expeditious resolution of litigation; (2) the Court’s need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). All five (5) factors support striking the Answer and entering default judgment.

**b. The Factors Support Case-dispositive Sanctions**

**First and second factors.** This case has been pending for more than three (3) years. Discovery closed long ago, and dispositive motions have been ruled on. (Doc. 106). The Court has already moved the Final Pretrial Conference to accommodate the withdrawal of Mr. Dunmire. (Doc. 103, at 2:17-18). Holding the remaining pretrial schedule open for entities that cannot appear *pro se* would disrupt the Court’s docket and the January 2027 schedule for every party.

**Third factor.** Mr. Dimitrov has not been repaid any part of the $1 million he gave to Stavatti more than four (4) years ago. The Entity Defendants now say they intend to

borrow against their "principal tangible asset" to pay a retainer. This is yet another scheme for the Entity Defendants to delay this action. Each month of further delay increases the risk that the assets available to satisfy any judgment will be encumbered or dissipated.

**Fourth factor.** The policy favoring decisions on the merits cannot be served when a party's own failure to appear through counsel makes a merits decision impossible.

**Fifth factor.** The Court has already tried less drastic alternatives. The Court granted the Entity Defendants twenty-one (21) days to retain new counsel, explained the requirement to Mr. Beskar directly on the record, and continued the pretrial schedule by four (4) months. (Doc. 106; Doc. 103). No sanction short of default will make an entity that has no lawyer able to defend itself. The Entity Defendants had express notice of the consequence for failing to obtain counsel, as Mr. Beskar's own email shows. Ex. 2, at 2.

Therefore, the Court should strike the Answer (Doc. 37) as to the Entity Defendants and direct the Clerk to enter their default under Rule 55(a), Fed. R. Civ. P. Striking the Answer and directing entry of default is the necessary first step toward judgment. While the Answer remains on the docket, the Clerk cannot enter default on a ministerial application, as the Clerk did in 2023 when no answer had been filed. (Docs. 9, 12, and 19). The Court may enter default judgment in the same order as a sanction under Rules 16(f) and 37(b)(2)(A)(vi), Fed. R. Civ. P. If the Court would prefer to proceed in two steps, Mr. Dimitrov requests, in the alternative, that the Court strike the Answer and direct entry of default now. Mr. Dimitrov will then proceed to file a renewed motion for default judgment promptly following the Clerk's entry of default.

**c. The Court has Jurisdiction Over the Entity Defendants and the Claims**

Before entering default judgment, the Court must confirm that it has jurisdiction over the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). In the

present case, subject matter jurisdiction exists under 28 U.S.C. §§ 1331 and 1367. (Doc. 1, at ¶¶ 3-4). As to personal jurisdiction, the Entity Defendants appeared, answered, litigated through the close of discovery, and moved for summary judgment on the merits. (Docs. 21, 37 and 63). This is precisely the type of conduct that waives a personal jurisdiction defense. *See Peterson v. Highland Music*, 140 F.3d 1313, 1318 (9th Cir. 1998) (finding that the defense of personal jurisdiction "may be waived as a result of the conduct pursued by a party during litigation.") (internal citations omitted). Additionally, the racketeering statute provides for nationwide service. 18 U.S.C. § 1965(b).

**d. Default Judgment is Warranted under Rule 55(b) and the *Eitel* Factors**

Once there is an entry of default, the Court may enter default judgment pursuant to Rule 55(b)(2), Fed. R. Civ. P. That decision by the Court is discretionary. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (internal citations omitted). In making its decision, the Court considers (1) the possibility of prejudice to the plaintiff; (2) the merits of the substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon entry of default, the well-pleaded factual allegations of the complaint are taken as true, except those relating to damages. *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

**Factor 1.** Without a default judgment, Mr. Dimitrov has no way to obtain relief from parties that cannot appear *pro se*. *See PepsiCo, Inc. v. Cal Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002) (weighing prejudice to the plaintiff factor towards granting default judgment because if not granted, plaintiff would likely be without other recourse

for recovery). This factor is made worse by the Entity Defendants stated plan to encumber their only principal asset, which could otherwise satisfy a judgement. Ex. 2. This factor favors default judgment.

**Factors 2 and 3.** Mr. Dimitrov brings this Motion on two (2) of his claims, breach of contract and racketeering.

For his breach of contract claim, Mr. Dimitrov must show a contract, breach, and resulting damages. *See Graham v. Asbury*, 112 Ariz. 184, 185 (Ariz. 1975). The Complaint alleges that Mr. Dimitrov and Stavatti signed the Note, that Mr. Dimitrov gave $1 million to Stavatti, that repayment was due on May 1, 2022, and that no part has been repaid to Mr. Dimitrov. (Doc. 1, at ¶¶ 30, 33-34, 83-91; Doc. 1-2). Those allegations are now admitted by default. They are also consistent with the Entity Defendants' own Answer, which admits receipt of the funds and "acknowledges an obligation to repay Plaintiff the $1,000,000 it received." (Doc. 37, at ¶¶ 30, 53 and 156). The Entity Defendants' only defense, that Mr. Colvin lacked authority, cannot be litigated by the parties in default. Once the allegation that the Note was made by Stavatti (Doc. 1, at ¶¶ 30 and 85) is deemed admitted, that defense falls away. *See TeleVideo*, 826 F.2d at 917-18.

For his racketeering claim, Mr. Dimitrov must show (1) an act of racketeering; (2) a pattern of racketeering; and (3) a reasonably foreseeable injury proximately caused by that conduct. A.R.S. § 13-2314.04(A); 18 U.S.C. § 1962(c). The Complaint alleges that the Stavatti entities and the individual defendants operated as an association-in-fact enterprise. (Doc. 1, at ¶¶ 76-79). The Complaint also alleges that Stavatti obtained money through an unregistered security sold on false representations about Stavatti's business, its revenue, and its ability to repay. (Doc. 1, at ¶¶ 31-33, 46-50, 54-56 and 68-75). Furthermore, it alleges that the scheme was part of a continuing pattern of soliciting investors and using new investor money to pay earlier debts. (Doc. 1, ¶¶ 54-56, 59-67 and 78-79). Finally, the

Complaint alleges that Mr. Dimitrov lost his $1 million as a direct result of the enterprise. (Doc. 1, at ¶¶ 80-82). Taken as true, those allegations state claims under A.R.S. § 13-2314.04 and 18 U.S.C. §§ 1962(c) and 1964(c) against the Entity Defendants. Factors two (2) and three (3) favor default judgment.

**Factor 4.** The sum at stake on the contract claim is the $1 million principal the Entity Defendants admit they received and owe, plus statutory interest and attorneys' fees and costs (Doc. 37, at ¶ 156). The amount is fixed by the Note and is proportionate to the harm. Factor four (4) favors default judgment.

**Factor 5.** Once default is entered, the well-pleaded allegations are established, and no genuine dispute remains as to the Entity Defendants. *Geddes*, 559 F.2d at 560. The factual disputes the Court identified at summary judgment (Doc. 78) can no longer be pursued by parties that cannot appear *pro se*. On the contract claim, the dispositive facts, namely receipt of the money and nonpayment, were admitted in the Answer (Doc. 37, at ¶¶ 30, 53 and 156).

**Factor 6.** The default is not the result of excusable neglect. The Entity Defendants had notice of the Court's Order, through their CEO, Mr. Beskar, in open court and on the docket. (Doc. 106; Docs. 101 and 103). By Mr. Beskar's own account, he understood that failing to appear through counsel would expose the Entity Defendants to default. Ex. 2, at 2. Unlike in 2023, the Entity Defendants were not abandoned by counsel. (Doc. 34). The Entity Defendants consented to Mr. Dunmire's withdrawal and let the deadline to obtain new counsel pass while they explored financing. Even after Chambers told Mr. Beskar that any request had to be made on the public docket, nothing was filed. Ex. 2, at 4. This factor favors default judgment.

**Factor 7.** The preference for merits decisions "is not dispositive," and it gives way where, as here, a defendant's own conduct makes a merits decision impossible. *PepsiCo.*, 238 F.Supp.2d at 1177. The *Eitel* factors, taken together, favor default judgment.

**e. Judgment Structure**

Where a complaint alleges that defendants are jointly liable and only some default, "judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants," otherwise known as the *Frow* concern. *In re First T.D. & Inv. Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552, 554, 21 L.Ed. 60, 61 (1872)); *see also Garamendi v. Henin*, 683 F.3d 1069, 1082 (9th Cir. 2012).

**Contract claim: money judgment now.** Mr. Dimitrov's contract claim is asserted only against the Entity Defendants, the parties to the Note. (Doc. 1, at ¶¶ 83-92). No defendant still litigating is a party to the Note or faces liability on the contract claim. Therefore, a contract judgment against the Entity Defendants cannot conflict with any later verdict for or against the individual defendants or the Colvins. The *Frow* concern does not apply here. Mr. Dimitrov requests judgment on his breach of contract claim against Stavatti Aerospace, Ltd, a Wyoming corporation, and Stavatti Aerospace, Ltd, a Minnesota corporation, jointly and severally for:

1) Principal of $1,000,000.00, the amount due under the Note on May 1, 2022 (Doc. 1-2; Doc. 37, at ¶ 156);

2) Prejudgment interest at ten percent (10%) per annum under A.R.S. § 44-1201(A) and (F), from May 2, 2022 to the date of judgment, which is approximately $442,187.58 through October 2, 2026, plus $273.97 per day after that date. Ex. 1, at ¶¶ 9.

3) Post-judgment interest under 28 U.S.C. § 1961; and

4) Taxable costs and reasonable attorneys' fees under A.R.S. §§ 12-341 and 12-341.01, in amounts to be set on motion under L.R. Civ. 54.1 and 54.2.

Mr. Dimitrov limits the contract judgment to the two (2) Stavatti Aerospace, Ltd entities because the Note identifies "Stavatti Aerospace Ltd" as the Borrower, and the Entity Defendants have admitted that "Stavatti Aerospace, LTD" accepted the funds. (Doc. 1-2; Doc. 37, at ¶ 30). The Court has treated the two (2) same-named entities together (Doc. 34, at 2, n. 5). The amount requested does not exceed what the Complaint demands. Fed. R. Civ. P. Rule 54(c).

Pursuant to Rule 54(b), Fed. R. Civ. P., there is no just reason to delay entry of the contract judgment. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1, 11 (1980); *see also Wood v. GCC Bend*, LLC, 422 F.3d 873, 878 (9th Cir. 2005). The contract claim runs only against the Entity Defendants, and its resolution will not be affected by the trial of the remaining defendants. The Entity Defendants have also disclosed plans to encumber their own principal asset. Ex. 2, at 2. Delay would only serve to erode Mr. Dimitrov's ability to collect a judgment to which he is entitled now.

**Racketeering claim: liability now, damages at final judgment.**[3] Mr. Dimitrov's racketeering claim alleges joint racketeering conduct by the Entity Defendants and the individual defendants who remain in the case. (Doc. 1, at ¶¶ 76-82). Consistent with *Frow* and *First T.D.*, Mr. Dimitrov asks the Court to enter default as to liability on the racketeering claim against all Entity Defendants. Mr. Dimitrov asks that the damages award, including treble damages and attorneys' fees under A.R.S. § 13-2314.04(A) and 18 U.S.C. § 1964(c) be determined and entered with the final judgment after trial of the claims against the remaining defendants. Any recovery on this claim would then be joint and

[3] Mr. Dimitrov does not seek default judgment against the Entity Defendants on Counts 3 through 13 in this Motion. Mr. Dimitrov reserves the right to pursue all counts against the individual defendants at trial and will address those claims in the Joint Proposed Final Pretrial Order.

several with any defendant found liable at trial and would be credited with any amount collected on the contract judgment so that there is no double recovery.

**IV. Notice Under Rule 55(b)**

Since the Entity Defendants previously appeared, Mr. Dimitrov is serving this Motion on each of them at least seven (7) days before any hearing, by written notice to their President and CEO, Mr. Beskar, at the email he provided to the Court. Mr. Dimitrov is also serving each individual defendant and counsel for the Colvin defendants. None of the Entity Defendants is a minor or an incompetent person. Fed. R. Civ. P. Rule 55(b). Mr. Dimitrov does not object to the Court deciding this Motion on the papers, and is prepared to appear at any hearing the Court sets.

**V. Conclusion**

For the foregoing reasons, Mr. Dimitrov respectfully requests the Court enter an order:

1. Striking the Answer (Doc. 37) as to each Entity Defendants and directing the Clerk to enter their default under Rule 55(a);

2. Entering default judgment on Count 2 against Stavatti Aerospace, Ltd, a Wyoming corporation, and Stavatti Aerospace, Ltd, a Minnesota corporation, jointly and severally, for $1,000,000.00 in principal, plus prejudgment interest as calculated above to the date of judgment, post-judgment interest under 28 U.S.C. § 1961, and taxable costs and attorneys' fees in the amounts to be determined under L.R. Civ. 54.1 and 54.2, and expressly determining under Rule 54(b) that there is no just reason for delay;

3. Entering default as to liability against all Entity Defendants on Count 1, with damages, including treble damages and attorneys' fees, to be determined and entered with the final judgment after trial of the claims against the remaining defendants;

4. Denying any request by the Entity Defendants to extend the deadline set by Doc. 103 that is not filed by licensed counsel; and

5. In the alternative, if the Court prefers to address default and default judgment in sequence, granting the relief in paragraph 1 now and permitting Mr. Dimitrov to file a renewed motion for default judgment within fourteen (14) days after the Clerk enters default.

**RESPECTFULLY SUBMITTED** this 2nd day of October, 2026.

`

**ENARA LAW PLLC**

By: */s/ Ross. P. Meyer*
George K. Chebat
Ross P. Meyer
Morgan E. Silva
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October 2026, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record, if any, and any *Pro Se* Parties, via the CM/ECF system.

**Christopher Beskar**
3670 El Camino Drive
San Bernardino, CA 92404
(651) 238-5369
Chris.beskar@stavatti.com

**William McEwen**
24403 256th Avenue SE
Ravensdale, WA 98051
(206) 658-7310

**John Simon**
384 Tonawanda Creek Road
East Amherst, NY 14051
(716) 864-6984

**Stavatti Entity Defendants**
c/o Christopher Beskar
3670 El Camino Drive
San Bernardino, CA 92404
(651) 238-5369
Chris.beskar@stavatti.com

Nino Abate, Esq
**Law Offices Of Nino Abate, PLC**
300 W. Clarendon Ave., Suite 130
Phoenix, Arizona 85013
Telephone: (480) 314-3304
nino@abatelaw.com
*Attorney for Defendants Brian and Corrina Colvin*

By: *Leslie Cruz Morales*

**CERTIFICATE ON COMPLIANCE WITH ARTIFICIAL INTELLIGENCE DISCLOSURE REQUIREMENTS**

Consistent with the Court's Preliminary Order and Artificial Intelligence Disclosure Requirements, undersigned counsel states, that Anthropic's Claude was utilized in preparing the foregoing filing. I certify that all representations and citations in the AI-assisted filing have been verified for accuracy.

By: *Morgan E. Silva*